Michael R. O'Donnell, Esq.
**RIKER DANZIG LLP**
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962-1981
(973) 538-0800
*Attorneys for Defendant,*
*Fidelity National Title Insurance Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN H. STIER, ESQ., AS WIND DOWN TRUSTEE FOR MLS BERKOWITZ INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>vs**.**<br><br>DIEGO POSSEBON; DIEGO POSSEBON - ME; LARISSA CARVALHO POSSEBON; MATHEUS POSSEBON; LUCAS GIACOMOLLI; HITS ENTERTAINMENT INTERNATIONAL LLC; HITS ENTRETENIMIENTO, LTDA; OPUS ASSESSORIA E PROMOCOES ARTISTICAS LTDA. D/B/A OPUS ENTRETENIMENTO; EGR CONCEPTS INC.; MP CAPITAL AND INVESTMENTS LLC; CHRISTIAN COSTA DOS SANTOS; C. COSTA DOS SANTOS LTDA.; RODRIGO MARTINS DE MELLO; WALTER CORDEIRO NETTO; WALTER CORDEIRO FILHO; DAKAR INDUSTRIA DE COMPONENTES INDUSTRIAIS LTDA; TW BRASIL LTDA. F/KJA TW DISTRIBUIDORA DE BEBIDA LTDA.; ADUKARGO TRANSPORTES E LOGISTICA E SERVICOS DE ARMAZENAGENS LTDA.; BR MULTISERVICOS LTDA.; BANCO MASTER S.A.; BANCO RENDIMENTO S.A.; TREVISO CORRETORA DE CAMBIO S.A.; BANCO BRADESCO S.A.; BANCO BTG PACTUAL S.A.; BANCO SAFRA S.A.; ITAU UNIBANCO S.A.; EXPOBRAZ EXPORT IMPORT E AGROPECUARIA | CIVIL ACTION NO. 3:24-CV-04647<br><br>Hon. Zahid N. Quraishi, U.S.D.J<br>Hon. Sharon A. King, U.S.M.J.<br><br><br>**VERIFIED ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, AND COUNTERCLAIM/CROSS-CLAIM FOR INTERPLEADER** |

LTDA.; FERNANDA ALVES DE SOUZA; EMPIRE STRONG INTERNATIONAL BUSINESS INTERMEDIATION, LLC A/K/A STRONG EMPIRE INTERNATIONAL BUSINESS INTERMEDIATION, LLC; EMPIRE STRONG INTERNATIONAL BUSINESS INTERMEDIATION ONE, LLC; EMPIRE STRONG NEGOCIOS LTDA.; IARA GALDINO DA SILVA; METALSUR INDUSTRIA E COMERCIO DE ACOS LTDA.; ANTONIO CARLOS FLORES MENDES; MARCELO DE MESQUITA DUARTE; CESALON - CENTRO DE SERVICOS EM ACOS LONGOS LTDA.; VINICUS OLIVEIRA MENDES; MATHEUS DUTRA SILVA; BELOVIX COMERCIO IMPORTACAO E EXPORTACAO LTDA.; GLOBAL SOLUCOES INTEGRADAS LTDA.; A.P.N. SERVICOS LTDA.; A.R.M. DANTAS LTDA.; A.S.R. ASSESSORIA EMPRESARIAL LTDA.; ADRIAN() DA SILVA AMORIM; ALEXANDRE SCHUTZ RIBAS; AYALLA MIGUEL DE CARVALHO; CELAVI INVESTIMENTOS E PARTICIPACOES LTDA.; CLOVIS S. AMORIM; DANIEL POSSEBON BARGAS; DK ASSESSORIA E INTERMEDIACAO DE NEGOCIOS LTDA.; JOUBERT DONINELI KONRATH; EAGLE MAN COMERCIO DE ARTIGOS DE VESTUARIO LTDA.; EDINEIA PIABA ARAUJO LTDA.; ELVIS HENRIQUE F. SILVA; ENERGISOM SERVICOS E SONORIZACAO LTDA.; FRANCINE POSSEBON; GABRIEL MARIA D. CENTENO; J. CESAR JACOBSEN; JULIO CESAR JACOBSEN; JACQUELINE FERREIRA SIQUEIRA; JOSE HENRIQUE MAIA GIACOMOLLI LTDA.; LAKOCRED CONSULTORIA E SOLUCOES LTDA.; LIDIANE LEITE MELO; M.B. ALMEIDA; NEW SEGURA ADMINIS IRACAO DE IMOVEIS LTDA. D/B/A T&F ONSULTORIA E GESTAO DE IMOVEIS; NILO COUNTRY EMPREENDIMENTOS IMOBILARIOS SPA LTDA.; RAYNARA G.S. AMORIM; WHESLEY SOUZA SENA; SCHUTZ ASSESSORIA EMPRESARIAL LTDA.;

2

ARTS GESTORA E ADMINISTRADORA; YIWU PRIMULA IMPORT AND EXPORT CO. LTD.; YIWU ACORN IMPORT AND EXPORT CO. LTD.; REAG USA LLC; ARLEN SOOKIAS; STAR SILVER BY PRINCESS; ASTRONAUTO ENTERPRISE INC.; YIWU SUNTING INTERNATIONAL TRADE CO. LTD.; YIWU ZONGHENG IMPORT AND EXPORT CO.; TOP SILVER; COINBASE INC; MORNING GLORY EVERGREEN CO. LTD.; FOSHAN WINNER FURNITURE CO. LTD.; WENZHOU FATO MECHANICAL ELECTRICAL; JEANNE RODRIGUES; GLOBAL EMPIRE LTD.; MIX ENTERPRISES LLC; NANZO HOLDINGS, INC.; NANZO LLC; GIL KAPLAN; ERIK KAPLAN; BRAZ CENTER SERVICES INC.; BRAZJET EXPRESS INC.; PAULA MARIANA PEREIRA DA SILVA; JEAN DAVIDSON ARAUJO; WAVE TECH CO.; FIDELITY NATIONAL TITLE INSURANCE CO.; MIAMI VENTURES LLC; EXPOBRAZ USA LLC.; MDS LOGISTICA; MAERLON DUARTE DE SOUZA; FRANCISCO BONATES; MONIQUE LEVY; GUILHERME RAMAO; SCHUNCK ADVOGADOS; HEBEI JIUYE COOKWARE CO., LTD.; QUICK AUTOPROVIDERS, INC.; NINGBO GENERAL UNION CO., LTD.; GETWELL TRADING LIMITED; YIWU SUN FLOWER IMP. AND EXP. CO.; YIWU LOTUS IMP. AND EXP. CO. LIMITED; HK NAGA IMPORT & EXPORT LIMITED; RITEK CORPORATION; JIAXING EPONT IMPORT & EXPORT CO. LTD.; FFORWARD LLC; ASIA YARN GROUP LIMITED; RAINBOW SILVER CO. LTD.; PLAYFUN GAMES CO. LTD.; SAMMI NS TRADE LIMITED; UNITECH USA-SCIENTIFIC SOLUTIONS, CORP.; BRAGA EXPORTS INC.; ZHANGZHOU DONGRONG MOTOR TECHNOLOGY; AMERICA THAI JOYAS CO. LTD.; MICHAEL PANZERI; KILOMAX INTERNATIONAL LIMITED; HENGSHUI GUANGXING SCREENS CO. LTD.; CHINA BASE NINGBO FOREIGN TRADE; QINGDAO QIXIANG INTERNATIONAL;

3

JINAN JINBAO; LORD KRISHNA OVERSEAS; ZHEJIANG ZHONGYU INDUSTRY; YIWU XIAWEI IMPORT AND EXPORT CO. LTD.; FOSHAN BESTHOUSE CERAMICS CO., LTD.; CHAN SHUN MING; LUCKY GLOBAL IMPORT AND EXPORT CO. LTD.; ELEGANT SILVER JEWELLERY; BETTER SILVER SPA; MOMENT KIWYQA ERP KUYUMCULUK DIS; YUYAO FOREVER STAR SPRAYER; FOSHAN WINCHAIN IMPORT AND EXPORT; K13 SISTEM DANISMANLIK LTD. STI; C.D.I.S.P.A.; INNOVISION MULTIMEDIA LIMITED; YIWU SHENG COMMODITY PURCHASE; TIANJIN CUTPRINT CNC TECHNOLOGY; NICE MATCH INTERNATIONAL CO., LTD.; YIWU NAJIA IMPORT AND EXPORT CO. LTD.; CHRYSOS SPA; F&B AUTOPECAS E ACESSORIOS PARA; SILVER LAND; PARAG DIAMONDS INC., D/B/A PARAMOUNT; DENVER SPA; UNVIR CO. LIMITED; WEB7 DIGITAL; YIWU PARADISE IMP. AND EXP. CO., LIMITED; NINGBO JUMSON INTERNATIONAL TRADE; HAINING MINGSHUAI TECHNOLOGY; ANHUI SHENGJIUDING AUTO PARTS CO.; P&P SILVER FACTORY; QINGDAO SHINING ROAD TYRE CO. LTD.; DREAM WATCH BR LLC; SHASNXI DURSAFETY MATERIALS CO. LTD.; ZHUJI WEIWEI IMPORT & EXPORT CO. LTD.; LIGO PRODUCT LIMITED; ZHEJIANG LIYA VEHICLE CO. LTD.; XIAMEN HONGJING INUDSTRY & TRADE; NINGBO TOPWIN CO. LTD.; SPK INTERNATIONAL INLIMITED; BUBBLEGUM SHOES, INC.; CONTINENTAL ADVANTAGE SERVICES, INC.; MACK SCIENCE, INC.; LINGLONG TYRE CO. LTD.; HEFEI DAYU FITNESS; SHANGHAI NAR INDUSTRIAL CO. LTD.; XIAMEN CAREFUL IMP. AND EXP. CO. LTD.; CHI LONG ELECTRONIC CO. LIMI1ED; NINGBO J1N MAO IMPORT AND EXPORT CO.; CHANGZHOU NANTAI GAS SPRING CO. LTD.; WENLING JIAFENG

MACHINERY CO. LTD.; SHAOXING
KEQIAO; ZHUZHOU OBT CARBIDE
TOOLS CO. LTD.; NINGBO DINGJIA AUTO
PARTS; HUI SHENG SILVER JEWELRY
CO. LTD.; L&D FLORIDA INVESTMENTS
CORP.; CHANG YUK KING; KOEHLER
INSTRUMENT; BEACH HOUSE &
CONDOMINIUM; CORSAIR MEMORY
INC.; BRIGHT CELCOM WHOLESALE
LLC; ALBEMO TRADING AND FINANCE
UK LTD.; ELITE ELECTRIC APPLIANCE
MANUFACTURE; AIR PLUS POWER
CORPORATION; XIAMEN SUNROY
IMPORT AND EXPORT; UP AND EIGHT
CORP.; NINGBO FREE TRADE ZONE
YOUNGCOM INT.; TAIZHOU KELE HSE
INDUSTRY CO. LTD.;
WENZHOUZHONGLONG TRADING CO.
LTD.; INTCO; 1st SPORTS CORP.; "JOHN
DOES" 1-10 (names fictitious); and "ABC
COMPANIES" 1-10 (names fictitious),

Defendants.

Defendant Fidelity National Title Insurance Company ("Fidelity"), via its attorneys Riker Danzig LLP, by way of Answer, Affirmative Defenses, Counterclaim, and Cross-claim to the Complaint (the "Complaint") brought by plaintiff Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC ("Plaintiff"), states as follows:

## **INTRODUCTION**

1-9.    The allegations contained in Paragraphs 1 to 9 of Plaintiff's Complaint are not directed at Fidelity and consist of legal conclusions, and as such, no response is required. To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1 to 9 of Plaintiff's Complaint.

## THE APPOINTMENT OF TRUSTEE

10-13.    The allegations contained in Paragraphs 10 to 13 of Plaintiff's Complaint are not directed at Fidelity and consist of legal conclusions, and as such, no response is required. To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 10 to 13 of Plaintiff's Complaint.

## THE PARTIES

**A.    The Victims**

14-17.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 14 to 17 of Plaintiff's Complaint.

**B.    The Perpetrators of the Fraud and Their Co-Conspirators**

18-45.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 18 to 45 of Plaintiff's Complaint.

**C.    The Other Recipients of the Fraudulent Transfers**

46.    Fidelity denies receiving any funds from MLS Berkowitz Investments, LLC ("MLS"), that it knew, or should have known, were the product of an unlawful scheme. Fidelity further denies that it did not provide, or knew for certain that it did not provide, any goods, services, or other forms of remuneration in exchange for the funds it received.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47-75.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 47 to 75 of Plaintiff's Complaint.

76.    Admitted.

77-208.        Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 77 to 208 of Plaintiff's Complaint.

**D.    Additional Defendants**

209-218.        Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 209 to 218 of Plaintiff's Complaint.

<u>**JURISDICTION & VENUE**</u>

219-221.        The allegations contained in Paragraphs 219 to 221 of Plaintiff's Complaint are not directed at Fidelity and consist of legal conclusions, and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 219 to 221 of Plaintiff's Complaint.

<u>**FACTS COMMON TO ALL COUNTS**</u>

**A.    The 2022 Transaction**

222-236.        The allegations contained in Paragraphs 222 to 236 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 222 to 236 of Plaintiff's Complaint.

**B.    Possebon and his Co-Conspirators Induce MLS and Gerald to Engage in the Fraudulent Transaction and Issue Nearly $50 Million in Payments**

237-262.        The allegations contained in Paragraphs 237 to 262 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 237 to 262 of Plaintiff's Complaint.

(1)    **The Multiservicos Inspection Report**

263-264.    The allegations contained in Paragraphs 263 to 264 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 263 to 264 of Plaintiff's Complaint.

(2)    **The Dakar/TW Brasil Packing List**

265.    The allegations contained in Paragraph 265 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265 of Plaintiff's Complaint.

(3)    **The Bill of Lading**

266.    The allegations contained in Paragraph 266 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 266 of Plaintiff's Complaint.

(4)    **The International Road Cargo Manifest**

267.    The allegations contained in Paragraph 267 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 267 of Plaintiff's Complaint.

(5)    **The ICTS Inspection Report**

268.    The allegations contained in Paragraph 268 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required,

Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 268 of Plaintiff's Complaint.

### (6)    *The Certificate of Origin*

269.    The allegations contained in Paragraph 269 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 269 of Plaintiff's Complaint.

### (7)    *The Road Way—Bill of Lading*

270-281.    The allegations contained in Paragraphs 270 to 281 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 270 to 281 of Plaintiff's Complaint.

### C.    The Discovery of the Fraud

282-287.    The allegations contained in Paragraphs 282 to 287 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 282 to 287 of Plaintiff's Complaint.

### D.    The Key Components of the Scheme

288.    The allegations contained in Paragraph 288 of Plaintiff's Complaint are not directed at Fidelity and consist of legal conclusions, and as such, no response is required. To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 288 of Plaintiff's Complaint.

### 1. The Set Up

289-292.    The allegations contained in Paragraphs 289 to 292 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 289 to 292 of Plaintiff's Complaint.

### 2. The False Documentation

293-297.    The allegations contained in Paragraphs 293 to 297 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 293 to 297 of Plaintiff's Complaint.

### 3. The False Warehousing and Active Concealment

298-310.    The allegations contained in Paragraphs 298 to 310 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 298 to 310 of Plaintiff's Complaint.

### 4. The False Inspections and Reports

311.    The allegations contained in Paragraph 311 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 311 of Plaintiff's Complaint.

#### a. The Inspection Reports

312-313.    The allegations contained in Paragraphs 312 to 313 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraphs 312 to 313 of Plaintiff's Complaint.

### b.    The Testing Reports

314-316.    The allegations contained in Paragraphs 314 to 316 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 314 to 316 of Plaintiff's Complaint.

### 5.    The False Exporting

317-320.    The allegations contained in Paragraphs 317 to 320 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 317 to 320 of Plaintiff's Complaint.

### E.    The Laundering and Fraudulent Transfer of the Illicit Proceeds

321-324.    The allegations contained in Paragraphs 321 to 324 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 321 to 324 of Plaintiff's Complaint.

### 1.    Metalsur

325-336.    The allegations contained in Paragraphs 325 to 336 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 325 to 336 of Plaintiff's Complaint.

### 2.    Empire Strong

337-347.    The allegations contained in Paragraphs 337 to 347 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a

response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 337 to 347 of Plaintiff's Complaint.

### *Payments to Possebon's Friends, Families, and Businesses*

348-349.    The allegations contained in Paragraphs 348 to 349 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 348 to 349 of Plaintiff's Complaint.

### *Wire for Possebon's Mother's 70th Birthday Cruise*

350-351.    The allegations contained in Paragraphs 350 to 351 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 350 to 351 of Plaintiff's Complaint.

### *Payments for the Possebon's Luxury Condominium*

352.    Fidelity admits only that it served as escrow agent pursuant to the Florida Condominium Act (F.S. §718.202) in connection with a Purchase Agreement, dated March 1, 2023, between Miami Waterfront Ventures, LLC (the "Developer") and Larissa Carvalho Possebon for the purchase of a pre-construction condominium (the "Purchase Agreement") and pursuant to a January 31, 2018 Escrow Agreement between Fidelity and the Developer (the "Escrow Agreement").  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 352 of Plaintiff's Complaint.

353.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 353 of Plaintiff's Complaint.

354.    Fidelity admits only that the Purchase Agreement identified the total purchase price of $5,875,000.00 and that the Buyer under the Purchase Agreement agreed to make the following payments: an initial deposit of $350,000.00, an additional deposit of $350,000.00 on or before March 15, 2023, an additional deposit of $700,000.00 on or before June 15, 2023, and additional deposit of $1,000,000.00 on or before May 15, 2024, with these deposits totaling $2,400,000.00.

355.    The allegations contained in Paragraph 434 set legal conclusions, and as such, no response is required. To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 355 of Plaintiff's Complaint.

356.    Fidelity admits only that it served as escrow agent in connection with the Purchase Agreement, and pursuant to the Escrow Agreement and the Florida Condominium Act (F.S. §718.202).  The remaining allegations contained in Paragraph 356 of Plaintiff's Complaint are denied.

357.    Fidelity admits only that it received wires of $1,250,000.00 and $1,000,000.00 on May 4, 2023 and a wire of $500,000.00 on May 12, 2023 from Empire Strong International Business Intermediation One LLC ("Empire Strong") in connection with the Purchase Agreement and pursuant to the Escrow Agreement and the Florida Condominium Act (F.S. §718.202).  Fidelity denies that it received any funds from MLS.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 357 of Plaintiff's Complaint.

358.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 357 of Plaintiff's Complaint.

359.    Fidelity admits only that it received a wire of $350,000.00 on February 24, 2023, a wire of $350,000.00 on March 10, 2023, a wire of $700,000.00 on April 13, 2023, and a wire $100,000 on April 27, 2023 from Monique Levy in connection with the Purchase Agreement and pursuant to the Escrow Agreement and the Florida Condominium Act (F.S. §718.202).

360.    Fidelity admits only that it received a wires of $1,250,000.00 and $1,000,000.00 on May 4, 2023 and a wire of $500,000.00 on May 12, 2023 from Empire Strong in connection with the Purchase Agreement and pursuant to the Escrow Agreement and the Florida Condominium Act (F.S. §718.202).  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 360 of Plaintiff's Complaint.

361.    Fidelity admits only that, upon receipt of construction draw requests from the Developer, it disbursed $112,500.00 on May 22, 2023 and $800,000.00 on June 7, 2023 to the Developer pursuant to the Purchase Agreement, Escrow Agreement and the Florida Condominium Act (F.S. §718.202).

362.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 362 of Plaintiff's Complaint.

363.    Fidelity denies that is holding $3,662,500.00 "in proceeds from the scheme in bank accounts in the United States."  Fidelity admits only that it is holding $3,337,500.00 in escrow accounts located in the United States in connection with the Purchase Agreement and pursuant to the Escrow Agreement and the Florida Condominium Act (F.S. §718.202). Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 363 of Plaintiff's Complaint.

14

***Cash to Possebon's Personal Driver***

364.    The allegations contained in Paragraph 364 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 364 of Plaintiff's Complaint.

***Payments to Co-Conspirators***

365-375.    The allegations contained in Paragraph 365 to 375 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 365 to 375 of Plaintiff's Complaint.

***Payments to Other Recipients***

376.    Fidelity admits that it received a wires of $1,250,000.00 and $1,000,000.00 on May 4, 2023 and a wire of $500,000.00 on May 12, 2023 from Empire Strong in connection with the Purchase Agreement and pursuant to the Escrow Agreement and the Florida Condominium Act (F.S. §718.202).  Fidelity admits that it provided no services or benefit to MLS or Gerald Metals SARL ("Gerald"), but Fidelity denies that it knew, or should have known, that any funds it received were the product of an unlawful scheme or belonged to MLS or Gerald and further denies that it did not provide any goods, services, or other forms of remuneration in exchange for the funds it received.  All funds received by Fidelity were received, held, and/or disbursed pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202), and any funds disbursed were disbursed upon receipt of construction draw requests from the Developer.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 376 of Plaintiff's Complaint.

377-378.        The allegations contained in Paragraphs 377 to 378 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 377 to 378 of Plaintiff's Complaint.

**FIRST COUNT**
**(Fraud)**
**(Against Possebon, Costa, Costa Company, Dakar, Filho, TW Brasil, Netto, Adukargo, Bonates, Multiservicos, Empire Strong, Fernanda, Iara, Metalsur, Mendes, Schunck Advogados, Ramao, and Julio Cesar Jacobsen)**

379.        Fidelity repeats and realleges all prior responses as if fully set forth herein.

380-388.        The allegations contained in Paragraphs 380 to 388 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 380 to 388 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

**<u>SECOND COUNT</u>**
**(Aiding and Abetting Fraud)**
**(Against Costa, Costa Company, Dakar, Filho, TW Brasil, Netto, Adukargo, Bonates, Multiservicos, Expobraz, MDS, Maerlon Duarte de Souza, Empire Strong, Fernanda, Iara, Metalsur, Mendes, Banco Redimento, Treviso Corretora de Cambio, Banco Mater, BTG Pactual, Belovix Comercio Importacao e Exportacao Ltda., Empire Strong Negocios Ltda., Global Solucoes Integradas Ltda., Schunck Advogados, Ramao, and Julio Cesar Jacobsen)**

389.        Fidelity repeats and realleges all prior responses as if fully set forth herein.

390-394.        The allegations contained in Paragraphs 390 to 394 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 390 to 394 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## THIRD COUNT
### (Federal RICO, 18 U.S.C. §1962(c))
**(Against Possebon, Costa, Costa Company, Dakar, Filho, TW Brasil, Netto, Adukargo, Bonates, Multiservicos, Empire Strong, Fernanda, Iara, Metalsur, and Mendes)**

395.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

396-405.    The allegations contained in Paragraphs 396 to 405 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 396 to 405 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## FOURTH
### (Conspiracy to Violate Federal Rico, 18 U.S.C. §1962(d))
**(Against Possebon, Costa, Costa Company, Dakar, Filho, TW Brasil, Netto, Adukargo, Bonates, Multiservicos, Empire Strong, Fernanda, Iara, Metalsur, and Mendes)**

406.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

407-416.    The allegations contained in Paragraphs 407 to 416 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 407 to 416 of Plaintiff's Complaint.

## FIFTH COUNT
### (New Jersey RICO, N.J.S.A. 2C:41-1, *et seq.*)
**(Against Possebon, Costa, Costa Company, Dakar, Filho, TW Brasil, Netto, Adukargo, Bonates, Multiservicos, Empire Strong, Fernanda, Iara, Metalsur, and Mendes)**

417.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

417-432.    The allegations contained in Paragraphs 417 to 432 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 417 to 432 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## SIXTH COUNT
### (Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §550(a))
### (Against the Recipient Defendants)

433    Fidelity repeats and realleges all prior responses as if fully set forth herein.

434.    The allegations contained in Paragraph 434 set forth legal conclusions, and as such, no response is required. To the extent a response is required, Fidelity leaves Plaintiff to its proofs.

435.    Fidelity admits only that it received a wire of $350,000.00 on February 24, 2023, $350,000.00 on March 10, 2023, $700,000.00 on April 13, 2023, and $100,000 on April 27, 2023 from Monique Levy and wires of $1,250,000.00 and $1,000,000.00 on May 4, 2023 and $500,000.00 on May 12, 2023 from Empire Strong, totaling $4,250,000.00, which funds were received pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202).  Fidelity denies that it knew, or should have known, that any funds it received were the product of an unlawful/fraudulent scheme or belonged to MLS Berkowitz or Gerald and further denies that it did not provide any goods, services, or other forms of remuneration in exchange for the funds it received.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 435 of Plaintiff's Complaint.

436.    Denied as to Fidelity. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 436 of Plaintiff's Complaint.

437.    Fidelity admits only that it provided no services or benefit to MLS or Gerald, but Fidelity denies that it knew, or should have known, that any funds it received were the product of an unlawful scheme or belonged to MLS or Gerald and further denies that it did not provide any goods, services, or other forms of remuneration in exchange for the funds it received.  Any funds received by Fidelity were received pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202).  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 437 of Plaintiff's Complaint.

438.    The allegations contained in Paragraph 438 set forth legal conclusions, and as such, no response is required. To the extent a response is required, Fidelity leaves Plaintiff to its proofs.  Fidelity does not claim rights, title, and/or ownership of the $3,337,500.00 transferred to and which it continues to hold in escrow pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202) and will seek to have those funds deposited with the Court and dismissal of this action as against Fidelity and other related relief.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 438 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## SEVENTH COUNT
### (Aiding and Abetting Fraud)
### (Against the Recipient Defendants)

439.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

440.    Denied as to Fidelity.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 440 of Plaintiff's Complaint.

441.    Denied as to Fidelity.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 441 of Plaintiff's Complaint.

442.    Denied as to Fidelity.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 442 of Plaintiff's Complaint.

443.    Denied as to Fidelity.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 443 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## EIGHTH COUNT
### (Unjust Enrichment)
### (Against the Recipient Defendants)

444.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

445.    Fidelity denies that it received any funds from MLS, that it knew, or should have known, that any funds it received were wrongfully obtained and/or the product of an unlawful/fraudulent scheme or belonged to MLS or Gerald and further denies that it did not

provide any goods, services, or other forms of remuneration in exchange for the funds it received. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 445 of Plaintiff's Complaint.

446. Fidelity admits only that it provided no services or benefit to MLS or Gerald. Fidelity denies that it received any funds from MLS, that it knew, or should have known were wrongfully obtained and/or the product of an unlawful/fraudulent scheme or belonged to MLS or Gerald and further denies that it did not provide any goods, services, or other forms of remuneration in exchange for the funds it received. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 446 of Plaintiff's Complaint.

447. The allegations contained in Paragraph 447 set forth legal conclusions, and as such, no response is required. To the extent a response is required, Fidelity leaves Plaintiff to its proofs. Fidelity does not claim rights, title, and/or ownership of the $3,337,500.00 transferred to and which it continues to hold in escrow pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202) and will seek to have those funds deposited with the Court and dismissal of this action as against Fidelity and other related relief. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 447 of Plaintiff's Complaint.

448. The allegations contained in Paragraph 448 set forth legal conclusions, and as such, no response is required. To the extent a response is required, Fidelity leaves Plaintiff to its proofs. Fidelity does not claim rights, title, and/or ownership of the $3,337,500.00 transferred to and which it continues to hold in escrow pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202) and will seek to

have those funds deposited with the Court and dismissal of this action as against Fidelity and other related relief.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 448 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

### NINTH COUNT
**(Conversion)**
**(Against the Recipient Defendants)**

449.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

450.    Denied as to Fidelity.  Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 450 of Plaintiff's Complaint.

451.    The allegations contained in Paragraph 451 set forth legal conclusions, and as such, no response is required. To the extent a response is required, Fidelity leaves Plaintiff to its proofs and denies that it received any funds from MLS that it knew, or should have known, were wrongfully obtained and/or the product of an unlawful/fraudulent scheme or belonged to MLS or Gerald and further denies that it did not provide any goods, services, or other forms of remuneration in exchange for the funds it received.  Fidelity does not claim rights, title, and/or ownership of the $3,337,500.00 transferred to and which it continues to hold in escrow pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202) and will seek to have those funds deposited with the Court and dismissal of this action as against Fidelity and other related relief.  Fidelity is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 451 of Plaintiff's Complaint.

452.    The allegations contained in Paragraph 452 set forth legal conclusions, and as such, no response is required. To the extent a response is required, Fidelity leaves Plaintiff to its proofs and denies that it received any funds from MLS that it knew, or should have known, were wrongfully obtained and/or the product of an unlawful/fraudulent scheme or belonged to MLS or Gerald and further denies that it did not provide any goods, services, or other forms of remuneration in exchange for the funds it received.  Fidelity does not claim rights, title, and/or ownership of the $3,337,500.00 transferred to and which it continues to hold in escrow pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202) and will seek to have those funds deposited with the Court and dismissal of this action as against Fidelity and other related relief. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 452 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

### FACTS COMMON TO THE TENTH, ELEVENTH, AND TWELFTH COUNTS

453-461.  The allegations contained in Paragraphs 453 to 461 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 453 to 461 of Plaintiff's Complaint.

## TENTH COUNT
### (Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §550(a))

462.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

463-467.    The allegations contained in Paragraphs 463 to 467 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 463 to 467 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## ELEVENTH COUNT
### (Breach of the JVA)
### (Against Nanzo Holdings, Inc. and Nanzo LLC)

468.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

469-471.    The allegations contained in Paragraphs 469 to 471 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 469 to 471 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## TWELFTH COUNT
### (Violation of New York Civil and Criminal Usury Statutes)
### (Against Nanzo Holdings, Inc., Nanzo LLC,

### Gill Kaplan, and Erik Kaplan)

472.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

472-475.    The allegations contained in Paragraphs 472 to 475 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 472 to 475 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

**THIRTEENTH COUNT**
**(Unjust Enrichment)**
**(Against Nanzo Holdings, Inc., Nanzo LLC,**
**Gill Kaplan, and Erik Kaplan)**

476.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

477-480.    The allegations contained in Paragraphs 477 to 480 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 477 to 480 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

**FACTS COMMON TO THE FOURTEENTH,**
**FIFTEENTH, SIXTEENTH, AND SEVENTEENTH COUNTS**

481.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

482-500.    The allegations contained in Paragraphs 482 to 500 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 482 to 500 of Plaintiff's Complaint.

## FOURTEENTH COUNT
### (Breach of 2016 "Investor Financing Agreement")
### (Against Hits Entertainment and Opus)

501.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

502-506.    The allegations contained in Paragraphs 502 to 506 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 502 to 506 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## FIFTEENTH COUNT
### (Breach of the Revenue Loan Agreements/Promissory Notes)
### (Against Hits Entertainment and Opus)

507.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

508-512.    The allegations contained in Paragraphs 508 to 512 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 508 to 512 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## SIXTEENTH COUNT
### (Fraud)
### (Against M. Possebon, Giacomilli, and Hits Entertainment)

513.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

514-521.    The allegations contained in Paragraphs 514 to 521 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 514 to 521 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## SEVENTEENTH COUNT
### (Aiding and Abetting Fraud)
### (Against Opus and MP Capital)

522.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

523-526.    The allegations contained in Paragraphs 523 to 526 of Plaintiff's Complaint are not directed at Fidelity and as such, no response is required.  To the extent a response is required, Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 523 to 526 of Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## EIGHTEENTH COUNT
### (Accounting)

527.    Fidelity repeats and realleges all prior responses as if fully set forth herein.

528.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 528 of Plaintiff's Complaint.

529.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 529 of Plaintiff's Complaint.

530.    The allegations contained in Paragraph 530 of Plaintiff's Complaint consist of legal conclusions, and as such, no response is required.  To the extent a response is required, the allegations contained in Paragraph 530 are denied as to Fidelity.

To the extent necessary, Fidelity denies all the allegations contained in any heading, title, or exhibit in and/or attached to Plaintiff's Complaint.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Fidelity asserts the following Affirmative Defenses as to each and every claim raised against it:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Fidelity received, disbursed, and/or is in possession of funds that may be related to this matter pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202), ), and any funds disbursed were disbursed pursuant to and upon receipt of construction draw requests from the Developer.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Fidelity did not know and could not have known that any funds it received, disbursed or is possession of were the product of an unlawful and/or fraudulent scheme and/or belonged to MLS.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Fidelity does not claim rights, title, and/or ownership of any funds received, disbursed, and/or held by it that are related to this matter, and will seek to have the funds it continues to hold in escrow deposited with the Court and dismissal of this action as against Fidelity and other related relief.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Fidelity received, disbursed, and/or is in possession of funds that may be related to this matter pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202) as escrow agent only for the benefit of the Developer and/or Larissa Carvalho Possebon, as Buyer, which Fidelity provided value in exchange for the funds in good faith without knowledge of any unlawful and/or fraudulent scheme.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Fidelity had no knowledge of, involvement in, and/or did not participate or assist in any alleged wrongful and/or fraudulent acts.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Fidelity did not benefit from any funds received, disbursed, and/or in its possession that may be related to this matter.

## EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Fidelity does not exercise any dominion or control over any funds received, disbursed, and/or in its possession that may be related to this matter as it only received, disbursed, and/or is in possession of the same as

escrow agent pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Act (F.S. §718.202).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any funds that it received, disbursed, and/or is in possession of are not specific, identifiable funds belonging to Plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by contributory and/or comparative negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the damages, if any, sustained by Plaintiff were the result of acts or omissions of third parties, including MLS,  who were not under the direction, control or supervision of Fidelity, and for which Fidelity is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any damages were the proximate result of the acts or omissions of a third-party(ies), including MLS,  over which Fidelity had and has no control or were not proximately caused by Fidelity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because its alleged damages were the result of intervening or superseding events, factors, occurrences or conditions, which were not caused by Fidelity, and for which Fidelity is not responsible.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any loss suffered by Plaintiff is not as a result of any action or inaction on the part of Fidelity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Fidelity did not breach any duty or obligation of any kind, whether arising from statute, contract, tort, common law or otherwise, that caused or contributed to Plaintiff's damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Fidelity acted in all respects in accordance with, and fulfilled, performed, complied and discharged any and all duties or obligations that may be owed, whether arising from statute, contract, tort, common law or otherwise.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Fidelity owed no duty or obligation to Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of release, waiver, ratification, mistake, estoppel, promissory estoppel, detrimental reliance, and/or unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

Fidelity incorporates by reference any and all Affirmative Defenses of any other parties in this matter that are applicable to the claims asserted against Fidelity.

**WHEREFORE,** Fidelity demands judgment in its favor dismissing Plaintiff's Complaint with prejudice as against it, together with an award of counsel fees, costs of suit, and all such other relief as the Court deems just and appropriate.

## COUNTERCLAIM AND CROSS-CLAIM

Fidelity sets for the following Counterclaim and Cross-claim against plaintiff Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC ("Plaintiff"), defendant Monique Levy ("Levy"), defendant Empire Strong International Business Intermediation One LLC ("Empire Strong"), defendant Miami Waterfront Ventures, LLC (the "Developer"), and defendant Larissa Carvalho Possebon ("Mrs. Possebon" and, collectively with Plaintiff, Levy, Empire Strong, and the Developer, as the "Interpleader Defendants").

## PARTIES AND JURISDICTION

1.    Fidelity is a Florida Corporation with a principal place of business located at 601 Riverside Avenue, Jacksonville, Florida.

2.    Upon information and belief, Plaintiff is the Wind Down Trustee of MLS Berkowitz Investment, LLC in connection with the matter styled <u>In re: MLS Berkowitz Investments, LLC</u>, Case No. 23-15334, United Stated Bankruptcy Court for the District of New Jersey.

3.    Upon information and belief, Levy is an individual residing at 2831 South Bayshore Drive, Unit 701, Miami Florida.

4.    Upon information and belief, Empire Strong is a Delaware limited liability company with a principal place of business at 7950 NW 53rd Street, #337, Miami, Florida.

5.    Upon information and belief, the Developer is a Florida limited liability company with a principal place of business at 2525 Ponce De Leon Boulevard, Fourth Floor, Coral Gables, Florida.

6.    Upon information and belief, Mrs. Possebon is an individual residing at Rua Germano Petersen Junior 433, Apt. 1001, Barrio Auxiliadora, Porto Alegre, Brazil 90540-140.

7.      This Court has jurisdiction over this matter pursuant to, among others, 28 U.S.C. §1335.

## ALLEGATIONS COMMON TO ALL COUNTS

8.      The Developer proposed to construct and develop a condominium in Miami-Dade County, Florida located in the Brickell neighborhood at approximately 175 SE 25th Road, Miami, Florida, known as Una Condominium (the "Condominium").

9.      The Developer anticipated entering into contracts for the sale of units in the condominium.

10.     On or about January 31, 2018, Fidelity and the Developer entered into an Escrow Agreement.

11.     The Escrow Agreement provided, among other things, that Fidelity would hold all the deposits provided by prospective buyers of condominium units in accordance with the terms thereof and the Florida Condominium Act (F.S. §718.202).

12.     The Escrow Agreement and the Florida Condominium Act (F.S. §718.202) provide that deposits for a purchase of a condominium unit representing ten percent of the total purchase price shall be held in a separate escrow account (the "Ten Percent Escrow Account").

13.     The Escrow Agreement and the Florida Condominium Act (F.S. §718.202) provide that deposits exceeding ten percent of the total purchase price of a condominium unit shall be held in a separate escrow account (the "Special Escrow Account").

14.     Pursuant to the Escrow Agreement and the Florida Condominium Act (F.S. §718.202), the Developer may withdraw escrow funds in excess of 10 percent of the purchase price from the Special Escrow Account when the construction of improvements has begun and the Developer may use the funds for the actual costs incurred by the Developer in the

construction and development of the condominium property in which the unit to be sold is located.

15.    Upon information and belief, on or about March 1, 2023, Mrs. Possebon, as Buyer, entered into a Purchase Agreement with the Developer to purchase proposed Unit 2601 in the Condominium for a total purchase price of $5,875,000.00 (the "Purchase Agreement").

16.    The Purchase Agreement is subject to and/or incorporates the Escrow Agreement and the Florida Condominium Statute (F.S. §718.202).

17.    Upon execution of the Purchase Agreement, Mrs. Possebon was required to make an initial deposit of $350,000.00.

18.    Pursuant to the Purchase Agreement, Mrs. Possebon was required to tender an additional deposit totaling $350,000.00 by March 15, 2023.

19.    Pursuant to the Purchase Agreement, Mrs. Possebon was required to tender an additional deposit totaling $700,000.00 by June 15, 2023.

20.    Pursuant to the Purchase Agreement, Mrs. Possebon was required to tender an additional deposit totaling $1,000,000.00 by May 15, 2024.

21.    Pursuant to the Purchase Agreement, Mrs. Possebon was required to tender the remaining consideration due thereunder at the time of closing of the sale of Unit 2601 in the Condominium.

22.    Fidelity received a wire of $350,000.00 on February 24, 2023 from Levy in connection with the Purchase Agreement.

23.    Fidelity received a wire of $350,000.00 on March 10, 2023 from Levy in connection with the Purchase Agreement.

24.    Fidelity received a wire of $700,000.00 on April 13, 2023 from Levy in connection with the Purchase Agreement.

25.    Fidelity received a wire of $100,000 on April 27, 2023 from Levy in connection with the Purchase Agreement.

26.    Fidelity received wires of $1,250,000.00 and $1,000,000.00 on May 4, 2023 from Empire Strong in connection with the Purchase Agreement.

27.    Fidelity received a wire of $500,000.00 on May 12, 2023 from Empire Strong in connection with the Purchase Agreement.

28.    Fidelity deposited $587,500.00 of the $4,250,000.00 in the Ten Percent Escrow Account pursuant to the Purchase Agreement, the Escrow Agreement, and the Florida Condominium Statute .

29.    Fidelity deposited the remaining $3,662,500.00 of the $4,250,000.00 in the Special Escrow Account.

30.    Pursuant to the Purchase Agreement, the Escrow Agreement, and Florida Condominium Statute (F.S. §718.202), on May 22, 2023, Fidelity disbursed $112,500.00 to the Developer for the construction of Unit 2601 in the Condominium, in response to a construction draw request received from the Developer.

31.    Pursuant to the Purchase Agreement, the Escrow Agreement, and Florida Condominium Statute (F.S. §718.202), on June 7, 2023, Fidelity disbursed $800,000.00 to the Developer for the construction of Unit 2601 in the Condominium, in response to a construction draw request received from the Developer.

32.    Fidelity continues to hold $587,500.00 in the Ten Percent Escrow Account as escrow agent pursuant to the Purchase Agreement, the Escrow Agreement, and Florida Condominium Statute (F.S. §718.202).

33.     Fidelity continues to hold $2,750,000.00 in the Special Escrow Account as escrow agent pursuant to the Purchase Agreement, the Escrow Agreement, and Florida Condominium Statute (F.S. §718.202).

34.     Fidelity does not claim rights, title, and/or ownership of the $3,337,500.00 collectively held in the Ten Percent Escrow Account and the Special Escrow Account (collectively as the "Escrow Funds").

35.     Fidelity only holds the Escrow Funds as escrow agent and pursuant to the Purchase Agreement, the Escrow Agreement, and Florida Condominium Statute (F.S. §718.202).

## **COUNT I**
### **(Interpleader)**

36.     Fidelity repeats and realleges all prior allegations as if fully set forth herein.

37.     Based on the Complaint, Plaintiff claims ownership of the Escrow Funds.

38.     Upon information and belief, Levy claims ownership of some or all of the Escrow Funds.

39.     Upon information and belief, Empire Strong claims ownership of some or all of the Escrow Funds.

40.     Upon information and belief, the Developer claims ownership of some of all of the Escrow Funds.

41.     Upon information and belief, Mrs. Possebon claims ownership of some or all of the Escrow Funds.

42.     Based on its own records and the facts as alleged by Plaintiff, Fidelity reasonably believes that the Escrow Funds are subject to competing claims by the Interpleader Defendants.

43.    Fidelity is reasonably apprehensive that it may be subject to additional lawsuits, judicial process, and/or claims by the Interpleader Defendants for the Escrow Funds.

44.    Based upon competing claims to the Escrow Funds, Fidelity is unable to determine which party is the true owner of the Escrow Funds.

45.    In light of the foregoing and pursuant to 28 U.S.C. §1335, Fidelity requests to deposit the Escrow Funds payable to the Clerk of Court in the amount of $3,337,500.00 and an award of its reasonable costs and reasonable attorneys' fees to be paid from the Escrow Funds for bringing this interpleader claim, or such other amount which the court may deem proper.

**WHEREFORE**, Fidelity Demands Judgment as follows:

A.      Restraining each of the Interpleader Defendants from instituting or prosecuting any action against Fidelity relating in any way to the Escrow Funds;

B.      Requiring the Interpleader Defendants to interplead and settle among themselves their rights to the Escrow Funds and that Fidelity be discharged from all liability;

C.      Awarding Fidelity its costs and reasonable attorneys' fees;

D.      Adjudging that Fidelity be discharged of all liability to the Interpleader Defendants and each of them with respect to the matters herein set forth upon payment of the money into Court or posting of a bond of equivalent amount;

E.      Granting any further relief as may be just and proper under the circumstances of this case.

                                   **RIKER DANZIG LLP**
                                   *Attorneys for Defendant,*
                                   *Fidelity National Title Insurance*
                                   *Company*

                                   By: */s/ Michael R. O'Donnell*

DATED: June 17, 2024                    Michael R. O'Donnell, Esq.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certifies upon information and belief, and excluding the matter captioned <u>Strong Empire International Business Intermediation, LLC v. Rodrigues, et al.</u>, Case No.: 2023-019146-CA-01, Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (which, upon information and belief, has been dismissed), that this matter in controversy is not related to any other matters that are currently pending.

## <u>CERTIFICATION OF SERVICE</u>

The undersigned hereby certifies that on the below date, the above Answer and Affirmative Defenses to Complaint, and Counterclaim/Cross-claim for Interpleader was filed and served on all counsel of record via ECF filing.

**RIKER DANZIG LLP**
*Attorneys for Defendant,*
*Fidelity National Title Insurance*
*Company*

By: _/s/ Michael R. O'Donnell_
Michael R. O'Donnell, Esq.

DATED: June 17, 2024

4869-2912-1722, v. 5

## <u>VERIFICATION</u>

I, Philip Magen, am Vice President, Major Claims Counsel for Fidelity National Title Insurance Company and am authorized to execute this Verification on its behalf. I have reviewed the Verified Answer and Affirmative Defenses, and Counterclaim/Cross-claim for Interpleader and to the best of my knowledge, information and belief, the facts and matters set forth therein are true and accurate.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me a willfully false, I am subject to punishment.

**FIDELITY NATIONAL TITLE INSURANCE COMPANY**

By: _____
        Philip Magen

Dated: _____6/17/24_____