UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN H. STIER, ESQ., AS WIND DOWN TRUSTEE FOR MLS BERKOWITZ INVESTMENTS, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>DIEGO POSSEBON, *et al.*<br><br>　　　Defendants. | Case No.: 3:24-cv-04647-GC-RLS |

**DECLARATION IN SUPPORT OF SUBSTITUTE
SERVICE ON FLORIDA SECRETARY OF STATE**

　　　I, ADAM J. STOLZ, pursuant to 28 U.S.C. § 1746 do hereby declare:

　　　1.　　I am an attorney with the law firm of Lash Goldberg in Miami, Florida. I serve as advisory counsel to Plaintiff Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC (the "**Trustee**") in connection with the above-captioned action.

　　　2.　　This declaration is submitted in connection with the service of process on the Florida Secretary of State as an agent of defendants Quick Auto Providers, Inc. ("**Quick Auto**"), Wave Tech Corp. ("**Wave Tech**"), Hits Entertainment International LLC ("**Hits**"), and MP Capital and Investments LLC ("**MP Capital**") (collectively, the "**Defendants**"), pursuant to Federal Rule of Civil Procedure 4(e) and Florida Statutes §§ 48.062(4)(b), 48.081(4)(b), and 48.161.

　　　3.　　A true and correct copy of the documentation confirming receipt of service by the Florida Secretary of State on behalf of the Defendants is attached hereto as **Composite Exhibit A.**

　　　4.　　As detailed in the Complaint [ECF No. 1], this case involves a massive fraud perpetrated against MLS Berkowitz, LLC, a company that trades raw metals, and its principal

creditor, Gerald Metals. The fallout from the fraud has left MLS Berkowitz LLC bankrupt. This action seeks to hold the perpetrators accountable and recover the stolen funds.

5. As set forth in the Complaint, the scheme involved elaborate deception, including falsifying documents, using decoy shipments, and laundering money through intermediaries.

6. The four Defendants referenced in paragraph two of this declaration are entities that are alleged to have received a portion of the stolen funds between March and May 2023, and/or otherwise participated in the scheme as a co-conspirator.

7. To date, the Trustee has spent many months attempting to diligently identify, track, and serve the defendants named in the Complaint. While such efforts remain ongoing, it appears that several defendants are concealing, or have taken elaborate steps to conceal, their whereabouts to evade service and avoid the consequences of their involvement in the scheme.

## QUICK AUTO

8. Attached hereto as **Exhibit B** is a true and correct copy of Quick Auto's official profile on the website for the Florida Department of State's Division of Corporations.

9. Per the Florida Division of Corporations, Quick Auto is a Florida corporation with its principal business address at 1820 SW 100th Avenue, Miramar, Florida 33025. *See* Ex. B.

10. Upon information and belief, the principal address for Quick Auto currently listed with the Florida Division of Corporations appears to be a storage unit. Attached hereto as **Exhibit C** is a true and correct copy of a screenshot of the address using Google Maps on or about the date of this declaration.

11. Per the Florida Division of Corporations, Quick Auto's registered agent for service of process is Edmilson Jose Costa, at 495 NW 165th Ave., Pembroke Pines, Florida, 33028. *See* Ex. B.

12. The Trustee retained a company to assist with serving a summons and copy of the Complaint on Quick Auto. Attached hereto as **Exhibit D** is a true and correct copy of the process server's Affidavit of Non-Service and the summons for Quick Auto. As detailed therein, the process server attempted to serve Quick Auto on *four* separate occasions—during the morning, afternoon, and evening—to no avail.

13. Attached hereto as **Exhibit E** is a true and correct copy of Quick Auto's most recent Annual Report, which does not reflect any other addresses, agents, members or officers of Quick Auto (besides Edmilson Jose Costa).

14. I am currently unable to find any additional information on the internet that would be useful in effectuating service on Quick Auto or its registered agent.

15. Based on the foregoing, and upon information and belief, Quick Auto appears to be concealing its whereabouts and is not reasonably susceptible to personal service despite the Trustee's diligent efforts under the circumstances.

16. Accordingly, substitute service to the Florida Secretary of State as an agent of Quick Auto was successfully effectuated on or about May 31, 2024. *See* Ex. A.

## WAVE TECH

17. Attached hereto as **Exhibit F** is a true and correct copy of Wave Tech's official profile on the website for the Florida Department of State's Division of Corporations.

18. Per the Florida Division of Corporations, Wave Tech is a Florida corporation with a principal business address at 17570 Atlantic Blvd., Unit 119, Sunny Isles Beach, Florida 33160; it also lists Heber Bemfica as the registered agent, Stella S. Nunes Henrique as President, and Valdinei Sousa Mendes Castro as Vice President—all at the same address as the principal address. *See* Ex. F.

19. The Trustee retained a company to assist with serving a summons and copy of the Complaint on Wave Tech. Attached hereto as **Exhibit G** is a true and correct copy of the process server's Affidavit of Non-Service and the summons for Wave Tech. As detailed therein, the process server made multiple attempts to serve Wave Tech at the sole available address. On the second attempt, an individual advised the process server that he moved to the property in early March 2023 and does not know Wave Tech or recognize the registered agent's name.

20. Attached hereto as **Exhibit H** is a true and correct copy of Wave Tech's most recent Annual Report, which also does not reflect any other addresses, agents, members or officers of Wave Tech.

21. I am currently unable to find any additional information on the internet that would be useful in effectuating service on Wave Tech or its registered agent.

22. Based on the foregoing, and upon information and belief, Wave Tech appears to be concealing its whereabouts and is not reasonably susceptible to personal service despite the Trustee's diligent efforts under the circumstances.

23. Accordingly, substitute service to the Florida Secretary of State as an agent of Wave Tech Corp. was successfully effectuated on or about May 31, 2024. *See* Ex. A.

## HITS

24. Attached hereto as **Exhibit I** is a true and correct copy of Hits' official profile on the website for the Florida Department of State's Division of Corporations.

25. Per the Florida Division of Corporations, Hits is a Florida limited liability company with a principal business address at 17301 Biscayne Blvd., Unit 806, North Miami Beach, Florida 33160. *See* Ex. I. Upon information and belief, the principal address for the company appears to be a residential address.

26. Per the Florida Division of Corporations, the registered agent for Hits is Miami Accounting & Tax Services LLC at 13899 Biscayne Blvd, Penthouse 9, North Miami Beach, Florida 33181. *See* Ex. I.

27. The Trustee retained a company to assist with serving a summons and copy of the Complaint on Hits. Attached hereto as **Exhibit J** are true and correct copies of the process server's Affidavits of Non-Service and the summons for Hits. As detailed therein, the process server made multiple attempts to serve Hits' registered agent at the listed address, to no avail. The process server observed on the first attempt that the building at the address of Hits' registered agent appeared to be demolished.

28. Upon further due diligence, an updated address for Hits' registered agent (Miami Accounting & Tax Services LLC) was discovered and the process server attempted service at 4000 Hollywood Blvd., Suite 555-S, Hollywood, FL 33021. *See* Ex. J. Attached hereto as **Exhibit K** is a true and correct copy of the official profile for Miami Accounting & Tax Services LLC from the website of the Florida Department of State's Division of Corporations. On the second attempt, the process server learned the location was a workspace provider called International Workplace Group. *See* Ex. J. The process server was further advised the subject was not in the office and does not come in regularly. *Id.*

29. Diego Possebon and his brother, Matheus Possebon, are listed as ambassadors of the company and are both named as individual defendants in the pending litigation. *See* Ex. I. Upon information and belief, the Possebon brothers have been evading service and are not reasonably available for service on behalf of Hits at this time.

30. Attached hereto as **Exhibit L** is a true and correct copy of Hits' most recent corporate filing, which also does not reflect any other addresses, agents, members, ambassadors or officers of Hits who could potentially accept service on its behalf.

31. I am currently unable to find any additional information about Hits or its registered agent based on internet searches.

32. Based on the foregoing, and upon information and belief, Hits appears to be concealing its whereabouts and is not reasonably susceptible to personal service despite the Trustee's diligent efforts under the circumstances.

33. Accordingly, substitute service to the Florida Secretary of State as an agent of Hits was successfully effectuated on or about May 31, 2024. *See* Ex. A.

## MP CAPITAL

34. Attached hereto as **Exhibit M** is a true and correct copy of MP Capital's official profile on the website for the Florida Department of State's Division of Corporations.

35. The principal address for MP Capital is the same as the principal address for Hits. Per the Florida Division of Corporations, MP Capital is a Florida limited liability company with a principal business address at 17301 Biscayne Blvd., Unit 806, North Miami Beach, Florida 33160. *See* Ex. M.  Upon information and belief, the address appears to be a residential address.

36. The registered agent for MP Capital is the same as the registered agent for Hits. Per the Florida Division of Corporations, the registered agent for MP Capital is Miami Accounting & Tax Services LLC at 13899 Biscayne Blvd, Penthouse 9, North Miami Beach, Florida 33181. *See* Ex. M.

37. The Trustee retained a company to assist with serving a summons and copy of the Complaint on MP Capital. Attached hereto as **Exhibit N** are true and correct copies of the process

server's Affidavits of Non-Service and the summons for MP Capital. As detailed therein, the process server made multiple attempts to serve MP Capital's registered agent at the listed address to no avail. The process server observed on the first attempt that the building at the address of the registered agent appeared to be demolished.

38. Upon further due diligence, an updated address for MP Capital's registered agent (Miami Accounting & Tax Services LLC) was discovered and the process server attempted service at 4000 Hollywood Blvd., Suite 555-S, Hollywood, FL 33021. *See* Exs. J-K. On the second attempt, the process server learned the location was a workspace provider called International Workplace Group. *See* Ex. N. The process server was further advised the subject was not in the office and does not come in regularly. *Id.*

39. Diego Possebon is listed as an ambassador of the company. *See* Ex. N. Upon information and belief, he has been evading service as a co-defendant in this action and is not reasonably available for service on behalf of MP Capital at this time.

40. Attached hereto as **Exhibit O** is a true and correct copy of MP Capital's most recent Annual Report, which does not reflect any other addresses, agents, members, ambassadors or officers of MP Capital who could potentially accept service on its behalf.

41. I am currently unable to find any additional information about MP Capital or its registered agent based on internet searches.

42. Based on the foregoing, and upon information and belief, MP Capital appears to be concealing its whereabouts and is not reasonably susceptible to personal service despite the Trustee's diligent efforts under the circumstances.

43. Accordingly, substitute service to the Florida Secretary of State as an agent of MP Capital was successfully effectuated on or about May 31, 2024. *See* Ex. A.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 10th day of July, 2024.

/s/ Adam J. Stolz<br>**ADAM J. STOLZ**