GENOVA BURNS LLC
Angelo Genova, Esq.
Daniel M. Stolz, Esq.
440 Broad Street
Newark, NJ 07102
(973) 533-0777
DStolz@genovaburns.com

CALCAGNI & KANEFSKY LLP
Eric T. Kanefsky, Esq.
One Newark Center
1085 Raymond Blvd., 14th Floor
Newark, NJ 07102
(862) 397-1796
Eric@ck-litigation.com

*Attorneys for Plaintiff*
*Edwin H. Stier, Esq., as Wind Down*
*Trustee for MLS Berkowitz Investments, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN H. STIER, ESQ., AS WIND DOWN TRUSTEE FOR MLS BERKOWITZ INVESTMENTS, LLC,<br><br>     *Plaintiff/Counterclaim-Defendants*,<br><br>v.<br><br>FIDELITY NATIONAL TITLE INSURANCE COMPANY, *et al.*<br><br>     *Defendants/Counterclaim-Plaintiff*. | Case No. 3:24-cv-04647-GC-RLS |

## <u>ANSWER TO COUNTERCLAIM</u>

Plaintiff/Counterclaim-Defendant Edwin H. Stier, Esq., as Wind Down Trustee for MLS

Berkowitz Investments, LLC ("Plaintiff"), by and through his attorneys, Genova Burns LLC and

Calcagni & Kanefsky, LLP, by way of his answer to the counterclaim of Defendant/Counterclaim

Plaintiff Fidelity National Title Insurance Company ("Fidelity"), states as follows:

1. Upon information and belief, Plaintiff admits the allegations in this paragraph.

2. Plaintiff admits the allegations in this paragraph.

3. Upon information and belief, Plaintiff admits the allegations in this paragraph.

4. Upon information and belief, Plaintiff admits the allegations in this paragraph.

5. Upon information and belief, Plaintiff admits the allegations in this paragraph.

6. Upon information and belief, Plaintiff admits the allegations in this paragraph.

7. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff admits the allegations in this paragraph.

9. Plaintiff admits the allegations in this paragraph.

10. Plaintiff admits the allegations in this paragraph.

11. As this paragraph refers to a document, no response is necessary as the document speaks for itself. To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

12. As this paragraph refers to a document and sets forth legal conclusions, no response is necessary. To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

13. As this paragraph refers to a document and sets forth legal conclusions, no response is necessary. To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

14. As this paragraph refers to a document and sets forth legal conclusions, no response is necessary. To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

15. Plaintiff admits the allegations in this paragraph.

16. As this paragraph refers to a document, no response is necessary as the document

speaks for itself.  To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

17.    As this paragraph refers to a document and sets forth legal conclusions, no response is necessary.  To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

18.    As this paragraph refers to a document and sets forth legal conclusions, no response is necessary.  To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

19.    As this paragraph refers to a document and sets forth legal conclusions, no response is necessary.  To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

20.    As this paragraph refers to a document and sets forth legal conclusions, no response is necessary.  To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

21.    As this paragraph refers to a document and sets forth legal conclusions, no response is necessary.  To the extent that a response is necessary, Plaintiff leaves Fidelity to its proofs.

22.    Plaintiff admits the allegations in this paragraph.

23.    Plaintiff admits the allegations in this paragraph.

24.    Plaintiff admits the allegations in this paragraph.

25.    Plaintiff admits the allegations in this paragraph.

26.    Plaintiff admits the allegations in this paragraph.

27.    Plaintiff admits the allegations in this paragraph.

28.    Plaintiff lacks sufficient information to admit or deny the allegations in this paragraph and thus leaves Fidelity to its proofs.

29.    Plaintiff lacks sufficient information to admit or deny the allegations in this paragraph and thus leaves Fidelity to its proofs.

30.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent that a response is necessary, Plaintiff lacks sufficient information to admit

or deny the allegations in this paragraph and thus leaves Fidelity to its proofs.

31.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is necessary, Plaintiff lacks sufficient information to admit or deny the allegations in this paragraph and thus leaves Fidelity to its proofs.

32.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is necessary, Plaintiff lacks sufficient information to admit or deny the allegations in this paragraph and thus leaves Fidelity to its proofs.

33.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is necessary, Plaintiff lacks sufficient information to admit or deny the allegations in this paragraph and thus leaves Fidelity to its proofs.

34.     As the allegations in this paragraph are not directed to Plaintiff, no response is required. To the extent that a response is required, Plaintiff leaves Fidelity to its proofs.

35.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent that a response is necessary, Plaintiff lacks sufficient information to admit or deny the allegations in this paragraph and thus leaves Fidelity to its proofs.

## COUNT I
### (Interpleader)

36.     Plaintiff repeats each and every response set forth in the preceding paragraphs as if fully set forth herein.

37.     Plaintiff admits the allegations in this paragraph.

38.     Plaintiff denies that Levy claims ownership to the Escrow Funds and denies that Levy has any legitimate claim to ownership of the Escrow Funds.

39.     Plaintiff admits, upon information and belief, that Empire Strong has claimed ownership to some or all of the Escrow Funds but denies that Empire Strong has any legitimate

claim to ownership of the Escrow Funds.

40.     Plaintiff admits, upon information and belief, that the Developer has claimed ownership to some or all of the Escrow Funds but denies that the Developer has any legitimate claim to ownership of the Escrow Funds.

41.     Plaintiff admits, upon information and belief, that Mrs. Possebon has claimed ownership to some or all of the Escrow Funds but denies that Mrs. Poessebon has any legitimate claim to ownership of the Escrow Funds.

42.     As the allegations in this paragraph are not directed to Plaintiff, no response is required.  To the extent that a response is required, Plaintiff admits that he is claiming entitlement to the Escrow Funds.

43.     As the allegations in this paragraph are not directed to Plaintiff, no response is required.  To the extent that a response is required, Plaintiff admits that he is claiming entitlement to the Escrow Funds.

44.     As the allegations in this paragraph are not directed to Plaintiff, no response is required.  To the extent that a response is required, Plaintiff admits that he is claiming entitlement to the Escrow Funds.

45.     As the allegations in this paragraph are not directed to Plaintiff, no response is required.  To the extent that a response is required, Plaintiff does not oppose Fidelity depositing the Escrow Funds with the Court but opposes awarding any other relief requested by Fidelity, including attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor as follows:

A.     Adjudging that the Escrow Funds should be recovered by the bankruptcy estate of

MLS Berkowitz Investments, LLC;

B.       Granting Plaintiff the relief requested in the Complaint;

C.       Awarding Plaintiff the reasonable attorneys' fees and costs incurred in this action; and

D.       Awarding Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury for all claims on which a jury trial is available as a matter of law.

Dated: July 22, 2024                    Respectfully submitted,

Daniel M. Stolz, Esq.                    Eric T. Kanefsky, Esq.
**GENOVA BURNS LLC**                    **CALCAGNI & KANEFSKY LLP**
440 Broad Street                         One Newark Center
Newark, NJ 07102                         1085 Raymond Blvd., 14th Floor
DStolz@genovaburns.com                   Newark, New Jersey 07102
(973) 533-0777                           Eric@ck-litigation.com
                                         (862) 397-1797

                                         *Attorneys for Plaintiff*