

Brookfield Place, 200 Vesey Street
20th Floor
New York, NY 10281-2101
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Andrew Braunstein
Direct Telephone: 646-217-7879
Direct Fax: 212-812-8368
andrew.braunstein@lockelord.com

July 31, 2024

**VIA ECF**

The Honorable Georgette Castner
United States District Judge
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

      Re:    *Edwin H. Stier, Esq, as Wind Down Trustee for MLS Berkowitz Investments, LLC v. Diego Possebon, et al.*; Case No. 24-cv-04647-GC-RLS

Dear Judge Castner:

      We represent defendant Banco BTG Pactual S.A. ("BTG"). Pursuant to Your Honor's individual rules of practice, we write to request a pre-motion conference on BTG's anticipated motion to dismiss for lack of personal jurisdiction and failure to state a claim.

      Plaintiff has filed a 104-page Complaint that sues approximately 200 defendants. BTG is referenced in only four paragraphs of the Complaint:

1. Paragraph 102, which alleges that BTG is a business entity with its principal business address in Brazil;

2. Paragraph 333, which alleges: "Upon information and belief, the initial destination for some or all the funds is an account held by [codefendant] Metalsur at BTG Pactual;"

3. Paragraph 390, which defines the "Aiding and Abetting Defendants" to include BTG and two dozen other defendants; and

4. Paragraph 391(k), which alleges that BTG "substantially assisted the scheme by holding, concealing, and facilitating the transfer of the illicit proceeds."

July 31, 2024
Page 2

These allegations are neither sufficient to state a prima facie case of personal jurisdiction over BTG, nor are they sufficient to state a plausible claim against BTG.

**Personal Jurisdiction**

BTG is a Brazilian bank with its principal place of business in Brazil. It does not have any branches or offices in New Jersey or any other US state. It was served with process in Brazil under the Hague Convention. BTG is not "at home" in the US, and thus, is not subject to general jurisdiction here. *See Daimler AG v. Brauman*, 571 U.S. 117, 127 (2014) (holding that a defendant is subject to general personal jurisdiction only where it is "at home").

Nor is BTG subject to specific jurisdiction in New Jersey or any other US state. Plaintiff has not alleged, nor can he prove, any relevant conduct that BTG purposefully directed at New Jersey (or any other US state) such as to establish sufficient "minimum contacts" here or that his claims "arise out of or relate to" those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). The accounts in question were not opened by the underlying debtor or anybody else from the US. They were opened by codefendant Metalsur, which is a Brazilian company located in Brazil. *See* Complaint ¶¶ 40, 333.

Metalsur opened the accounts in Brazil; the accounts were denominated in Brazilian currency; they were governed by Brazilian law; and they were wholly maintained and administered by BTG in Brazil. All the funds deposited into the accounts were drawn on Brazilian banks, and all payments from the accounts were initiated by Metalsur and paid to accounts at other Brazilian banks.

The Supreme Court has made clear that the focus of personal jurisdiction is on the conduct of the defendant in question—not the location of the plaintiff, the location of the injury, or the conduct of other defendants. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014). Here, there are simply no allegations (and certainly no proof) of any conduct *by BTG* relating to these accounts that occurred in or was purposefully directed at New Jersey or any other US state.

**Failure to State a Claim**

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court should assume the truth of factual allegations that are "well-pleaded," it should not accept as true any "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678-79.

Here, Plaintiff is suing BTG for allegedly aiding and abetting fraud committed by other defendants. To state such a claim, Plaintiff must allege facts sufficient to show, among other things, that BTG both (1) knew of the fraud, and (2) substantially assisted the fraud. *See, e.g.*, *In re Norvergence, Inc.*, 405 B.R. 709, 746 (Bankr. D.N.J. 2009); *In re Agape Litig. ("Agape II")*, 773 F. Supp. 2d 298, 307 (E.D.N.Y. 2011). Moreover, because this claim sounds in fraud, the factual

July 31, 2024
Page 3

allegations must be made "with particularity." Fed. R. Civ. P. 9(b). Plaintiff's Complaint fails to adequately allege either element.

*No Actual Knowledge of the Fraud*. "[P]leading knowledge for purposes of an aiding and abetting claim requires allegations of facts that give rise to a 'strong inference' of actual knowledge." *Agape II,* 773 F. Supp 2d at 308 (citation omitted). Plaintiff's Complaint is devoid of such allegations with respect to BTG.

None of the Complaint's four allegations that mention BTG allege anything about BTG's knowledge of the fraud, let alone allow for a "strong inference" of actual knowledge. Although the Complaint does contain an allegation that "[t]he Aiding and Abetting Defendants" as a group had knowledge of the fraud based on "indicial of illegal conduct," Complaint ¶ 392, such conclusory group pleading allegations are insufficient to satisfy Plaintiff's pleading requirements. *See, e.g.*, *In re Norvergence, Inc.*, 405 B.R. at 726-27.

Moreover, these allegations suggest at most that somebody in the defendant group ***should have known*** of the fraud, which is insufficient to state an aiding and abetting claim. *Wiand v. Wells Fargo Bank, N.A.,* 938 F. Supp. 2d 1238, 1244-45 (M.D. Fla. 2013) (red flags "are insufficient to establish a claim for aiding and abetting because ... [they] do not create a strong inference of actual knowledge of wrongdoing"); *Agape II,* 773 F. Supp. 2d at 310 ("[E]ven alleged ignorance of obvious warning signs of fraud will not suffice to adequately allege actual knowledge.") (quotations omitted).

*No Substantial Assistance*. As noted earlier, Plaintiff alleges that BTG "substantially assisted the scheme by holding, concealing, and facilitating the transfer of the illicit proceeds." Complaint ¶ 391(k). These allegations of substantial assistance are insufficient as a matter of law.

The Complaint is clear that BTG's role was nothing more than providing routine banking services. Banks process trillions of dollars per day in deposits and payments into and out of customer accounts, allowing commerce to flourish. In performing this function, banks are neither insurers of their customers' behavior nor responsible for their customers' misconduct.

Recognizing this principle, "[t]he caselaw is clear that opening accounts and approving transfers, even where there is suspicion of fraudulent activity, does not amount to substantial assistance." *In re Agape Litig*, 681 F. Supp. 2d 352, 365 (E.D.N.Y. 2010); *see also Bane v. Sigmundr Expl. Corp.,* 848 F.2d 579, 582 (5th Cir. 1988) ("We are unable to find, as suggested by the plaintiffs-appellants, anything in these documents that goes beyond routine or typical banking practices to support an allegation of knowing substantial assistance.").

BTG respectfully requests the opportunity to discuss these issues at a pre-motion conference.[1]

---

[1] To the extent that Plaintiff contends that BTG is also one of the 150-plus "Recipient Defendants," BTG will also move for dismissal of such allegation for failure to state a claim and improper group pleading.

July 31, 2024
Page 4

Respectfully,

*/s/ Andrew Braunstein*

Andrew Braunstein
*Counsel for Banco BTG Pactual S.A.*

cc: Roger B. Cowie (*pro hac vice*) (via ECF)

   All parties entitled to notice (via ECF)

AB:tdw