

1

**Julieta Gomez de Mello, Esq.**
**jgomez@b2b.legal**

**August 6, 2024**

**VIA ECF**

The Honorable Georgette Castner
United States District Judge
Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

Re: *Edwin H. Stier, Esq, as Wind Down Trustee for MLS Berkowitz Investments, LLC v. Diego Possebon, et al.*; Case No. 24-cv-04647-GC-RLS

Dear Judge Castner:

    We represent Defendant REAG USA, LLC ("REAG") in the above-referenced matter. Pursuant to Your Honor's individual rules of practice, we write to join Co-Defendant Banco BTG Pactual S.A.'s ("BTG") July 31, 2024 correspondence requesting a pre-motion conference on an anticipated motion to dismiss for lack of personal jurisdiction and failure to state claims for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *See* D.E. 154. Plaintiff has filed a 104-page Complaint that sues approximately 200 defendants. *See* D.E. 7. REAG is referenced in only **three (3) paragraphs** of the Complaint:

1. Paragraph 87, which alleges that REAG "is a is a Florida limited liability company with its principal business address at 5401 S Kirkman Road, Suite 135, Orlando, Florida 32819";

2. Paragraph 376, which alleges that: "[b]etween March and May of 2023, Empire Strong [a now defaulted Co-Defendant[1]] issued wire transfers in the total amounts reflected [in a table] below to the identified recipients who or which provided no services or benefit to Gerald or MLS. Upon information and belief, these wires were for the direct or indirect benefit of Possebon and his co-conspirators.";

    a. Pursuant to a chart contained in this paragraph, Plaintiff alleges that REAG received a wire transfer in the amount of $83,061.00; and

3. Paragraph 435, which alleges that REAG, along with approximately 110 other Defendants "received funds or proceeds associated with the fraudulent scheme".

    These allegations are neither sufficient to state a prima facie case of personal jurisdiction over REAG, nor are they sufficient to state plausible claims against REAG. Moreover, the Complaint fails to allege sufficient ultimate facts establishing that jurisdiction and venue are proper in the District Court for the District of New Jersey, versus Bankruptcy Court, pursuant to the doctrine set forth in *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 59 S.

---

[1] On May 21, 2024, a Clerk's Entry of Default was entered as to Empire Strong International Business Intermediation One, LLC, ("Empire One") and Empire Strong International Business Intermediation, LLC, ("Empire Strong") for failure to plead or otherwise defend.

BARAKAT + BOSSA

2701 Ponce de Leon Blvd #202
Coral Gables, FL 33134
(305) 444-3114

Ct. 275, 83 L. Ed. 285 (1939). It is also apparent from the face of the Complaint that Plaintiff has failed to conduct the required due diligence in order to state plausible claims for relief based on allegations of ultimate facts, and has instead plead allegations based upon mere speculation and conjecture.

**Lack of Personal Jurisdiction**

REAG is a Foreign Limited Liability Company based in Brazil and incorporated in the state of Delaware. It is registered in the state of Florida as a Foreign Company due to its headquarters being in Delaware. It does not have any branches or offices in New Jersey. It was served with process pursuant to its registered agent's address in Florida. REAG is therefore not "at home" in New Jersey, and thus, is not subject to general jurisdiction here. *See Daimler AG v. Brauman*, 571 U.S. 117, 127 (2014) (holding that a defendant is subject to general personal jurisdiction only where it is "at home").

Nor is REAG subject to specific jurisdiction in New Jersey. Plaintiff has not alleged, nor can he prove, any relevant conduct that REAG purposefully directed at New Jersey such as to establish sufficient "minimum contacts" here or that his claims "arise out of or relate to" those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). There are no allegations that the wire transfers in question were made to or from New Jersey or that REAG participated in any "fraudulent scheme" perpetrated in New Jersey. The Supreme Court has made clear that the focus of personal jurisdiction is on the conduct of the defendant in question—not the location of the plaintiff, the location of the injury, or the conduct of other defendants. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014). Here, there are simply no allegations (and certainly no proof) of any conduct *by REAG* relating to these accounts that occurred in or was purposefully directed at New Jersey.

Additionally, the undersigned has become aware that MLS Berkowitz Investments, LLC ("MLS"), the entity represented by the wind down Trustee in this matter initiated a separate, related lawsuit in Brazil in March of 2023 against several of the Defendants in this matter, titled "Motion of Anticipated Evidence Production" under Case No. 1166978-38.2023.8.26.0100, (the "related lawsuit") in which MLS has proposed an action for the anticipated production of evidence against, *inter alia*, Diego Possebon, Larissa Carvalho Possebon, Metalsur Industria E Comercio De Acos LTDA; and Empire Strong Negocios LTDA.

The filing of this related lawsuit in Brazil, which predates the instant lawsuit, against multiple parties who are also Defendants in this lawsuit, supports REAG's position that jurisdiction and venue for Plaintiffs claims are in a foreign jurisdiction, namely Brazil, and not in New Jersey. Moreover, Plaintiff's pursuit of relief for the same or similar claims in multiple different jurisdictions against the same or similar parties is inappropriate to the extent that Plaintiff is seeking the same damages in these lawsuits. Moreover, the prosecution of multiple lawsuits proceeding simultaneously may lead to inconsistent verdicts. As such, transfer of this lawsuit to the foreign jurisdiction, i.e. Brazil, may be appropriate or at the very least, a stay should be imposed until the resolution of the related lawsuit.

**Failure to State a Claim**



3

To survive a motion to dismiss for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although a court should assume the truth of factual allegations that are "well pleaded," it should not accept as true any "legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678-79.

Plaintiff is suing REAG along with hundreds of other "Recipient Defendants" for allegedly receiving wire transfer funds which were "the product of an unlawful scheme". *See* Complaint, ¶ 435. To state a claim for the Recovery of Fraudulent Transfers pursuant to 11 U.S.C. § 550(a)) the trustee must first establish that a transfer is "avoidable" under sections 544, 545, 547, 548, 549, 553(b), or 724(a) of the Bankruptcy Code. Once the transfer is deemed avoidable, the trustee may recover the property transferred or its value from the initial transferee or the entity for whose benefit the transfer was made, or from any immediate or mediate transferee of such initial transferee such a claim. However, the trustee may not recover from a transferee that took for value, in good faith, and **without knowledge of the voidability of the transfer avoided**, or from any immediate or mediate good faith transferee of such transferee.

Here, the Complaint is devoid of any allegations establishing that the alleged transactions and/or transfers between Co-Defendant, Empire Strong, and REAG constitute "voidable transfers," or that REAG had any knowledge that these alleged transfers were fraudulent and/or not for the benefit of MLS. Indeed, the Complaint fails to allege any facts whatsoever that differentiates the actions or inactions of any of the individual "Receiving Defendants" with respect to the alleged wire transfers in a way that puts each Defendant on notice as the of what the basis of the claim is and the grounds upon which it rests, as required by Federal Rule of Civil Procedure 8(a)(2). Moreover, none of the Complaint's three allegations that mention REAG allege anything about REAG's knowledge of the fraud, let alone allow for a "strong inference" of actual knowledge as compared to the "Aiding and Abetting Defendants". Such conclusory group pleading allegations are insufficient to satisfy Plaintiff's pleading requirements. *See, e.g.*, *In re Norvergence, Inc.*, 405 B.R. at 726-27.

REAG therefore respectfully requests the opportunity to discuss these issues at a pre-motion conference.[2]

Sincerely,

Barakat + Bossa

/s/ *Julieta Gomez de Mello*
For the Firm

cc: Roger B. Cowie (*pro hac vice*) (via ECF)
All parties entitled to notice (via ECF)

---

[2] To the extent that Plaintiff contends that REAG is also one of the 150-plus "Recipient Defendants," REAG will also move for dismissal of such allegation for failure to state a claim and improper commingling of claims against multiple Defendants.



2701 Ponce de Leon Blvd #202
Coral Gables, FL 33134
(305) 444-3114