

Eric T. Kanefsky, Senior Partner
862.772.8149   eric@ck-litigation.com

August 13, 2024

**VIA ECF**
Honorable Georgette Castner, United States District Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, N.J. 08608

      Re:    ***Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC v. Diego Possebon, et al.***, Case No. 3:24-cv-04647-GC-RLS

Dear Judge Castner:

      This law firm is co-counsel to Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC (the "Trustee"). We write in response to the August 6, 2024 letter from Defendant Reag USA, LLC ("Reag") requesting a pre-motion conference. *See* (ECF Doc. 155) (the "Reag Letter"). For the reasons explained below, neither of the grounds upon which Reag intends to move to dismiss the Trustee's complaint are viable and meritorious.

**I.    RELEVANT BACKGROUND**

      This case stems from a massive fraud perpetrated against MLS Berkowitz, LLC ("MLS"), a company trading raw metals, and its principal creditor, Gerald Metals SARL ("Gerald"). MLS and Gerald were victimized by a sophisticated conspiracy involving over 100 individuals and entities, resulting in the loss of nearly $50 million. *See* Complaint, ¶ 1.

      The Trustee was appointed pursuant to a September 9, 2023 Order of the Bankruptcy Court, and his powers under that Order include the authority to seek recovery of the money that was stolen as a result of the fraud. *See id.*, ¶ 10.

      As alleged in the Complaint, the Court has jurisdiction over the case under 28 U.S.C. § 1334 because the matter arises from the related bankruptcy action for MLS Berkowitz Investments LLC. *See* Complaint, ¶¶ 219-20; *see also* 28 U.S.C. § 1334(b) (district courts shall have original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11"). The Third Circuit has explained that the scope of "related to" jurisdiction under 28 U.S.C. § 1334(b) is "extremely broad, extending to any action the outcome of which 'could conceivably have any effect on the estate being administered in bankruptcy.'" *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997) (internal citation omitted).

      Fed. R. Bankr. P. 7004(d) authorizes nationwide service of process. Fed. R. Bankr. P. 7004(f) governs personal jurisdiction and states:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Here, the Trustee served Reag's registered agent in Florida with the Summons and Complaint. *See* (ECF Doc. 25); *see also* Reag Letter at 2 (Reag "was served with process pursuant to its registered agent's address in Florida"). Reag does not dispute the sufficiency of that service.

As alleged in the Complaint, Empire Strong International Business Intermediation, LLC ("Empire Strong US I") and Empire Strong International Business Intermediation One, LLC ("Empire Strong US II," and, with Empire Strong US I, "Empire Strong"), both of which are Delaware limited liability companies, played a critical role in the fraud against MLS and Gerald, including by receiving structured wire payments from the United States, generating false documents, and laundering the transfer of nearly $50 million to recipients at the direction of Diego Possebon ("Possebon"), the mastermind of the scheme, and his co-conspirators. *See* Complaint, ¶¶ 35-36, 38, 42, 46, 324, 337, 343-44, 347-58, 360, 364-78. Through wire transfers, Reag received $83,061 from Empire Strong, which the Trustee alleges was for the benefit of Possebon and his co-conspirators and in exchange for which Reag provided no services or benefit to MLS or Gerald. *See id.*, ¶¶ 87, 376, 435-36. The Trustee seeks to recover the transfer of funds to Reag pursuant to 11 U.S.C. § 550(a), which entitles the Trustee to recover avoided transfers from "the initial transferee of such transfer or the entity for whose benefit such transfer was made" or "any immediate or mediate transferee of such initial transferee."

## II. REAG'S PERSONAL JURISDICTION ARGUMENT IS UNAVAILING

Reag's arguments that personal jurisdiction is lacking because Reag is not "at home" in New Jersey and lacks sufficient "minimum contacts" with New Jersey, *see* Reag Letter at 2, fail.[1]

As explained above: (i) the Trustee properly commenced this action in the District Court based on "related to" jurisdiction under 28 U.S.C. § 1334(b), and (ii) the Summons and Complaint was served on Reag's registered agent in Florida pursuant to Fed. R. Bankr. P. 7004(d). The relevant inquiry is therefore whether exercise of personal jurisdiction over Reag is consistent with the Constitution and laws of the United States. *See* Fed. R. Bankr. P. 7004(f). Whether the defendant had "minimum contacts" with the state in which the district court sits is "irrelevant" because the "sovereign exercising authority is the United States, not the individual state where the federal court is sitting." *In re Celotex Corp.*, 124 F.3d 619, 630 (4th Cir. 1997); *see also Diamond Mortg. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1244 (7th Cir. 1990) ("whether there exist sufficient minimum contacts between the attorneys and the State of Illinois has no bearing upon

---

[1] What Reag characterizes as a "related lawsuit" in Brazil, *see* Reag Letter at 2, has no bearing on the jurisdictional analysis. The action filed in Brazil, which was dismissed by MLS, sought information from some of the defendants in this case and did not name Reag as a party or otherwise involve Reag.

whether the United States may exercise its power over the attorneys pursuant to its federal question jurisdiction"); *Adams v. Silar Advisors, LP*, 2012 WL 505860, at *3 (D. Nev. Feb. 15, 2012) ("there is personal jurisdiction over all Defendants via the nationwide service of process rules applicable in bankruptcy jurisdiction cases, see Fed. R. Bankr.P. 7004(f), and there is related-to bankruptcy jurisdiction in this case under 28 U.S.C. § 1334(b)"); *In re Trib. Co.*, 418 B.R. 116, 123 (Bankr. D. Del. 2009) ("State minimum contacts are not dispositive; instead, the sufficiency of the defendant's contacts with the United States are reviewed to determine the fairness of a court's exercise of personal jurisdiction in a bankruptcy related proceeding").

Reag states on page 2 of its letter that it is incorporated in Delaware, headquartered in Delaware, and is registered in Florida, indicating sufficient contacts with the United States such that the Court's exercise of personal jurisdiction over Reag would not offend the Constitution. *See, e.g., In re Celotex,* 124 F.3d at 630 ("no doubt" as to the minimum contacts with the United States of "a Delaware corporation with its principal place of business in New York").

### III.   THE COMPLAINT MORE THAN SUFFICIENTLY STATES A CLAIM

Reag argues that the Complaint fails to state a claim because the Trustee "may not recover from a transferee that took for value, in good faith, and without knowledge of the voidability of the transfer avoided," and the Complaint does not allege that Reag "had any knowledge that the transfers" from Empire Strong to Reag were fraudulent. *See* Reag Letter at 3. Reag's position is without merit.

Reag's argument relies upon 11 USC § 550(b), which prohibits a trustee from recovering a transfer pursuant to 11 USC § 550(a)(2) from "a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided." However, a transferee's good faith under Section 550(b) of the Bankruptcy Code is an affirmative defense, and the transferee bears the burden to show that it took for value, in good faith, and without knowledge of the voidability of the transfer. *See In re Bernard L. Madoff Inv. Sec. LLC*, 12 F.4th 171, 199 (2d Cir. 2021). And, as the Second Circuit explained, "the other circuits that have addressed the issue have uniformly concluded that '§ 550(b) offers an affirmative defense.'" *Id. at* 198 (quoting *In re Smith*, 811 F.3d 228, 246 (7th Cir. 2016)). As such, the Trustee was not required to plead Reag's lack of good faith in the Complaint. *See In re Kossoff PLLC*, 2024 WL 1715011, at *4 (Bankr. S.D.N.Y. Apr. 19, 2024). Moreover, determining what a transferee knew when accepting a payment is a fact-intensive inquiry that is inappropriate on a pre-discovery motion. *See id.* at *5; *see also In re Madoff*, 12 F.4th at 195 ("The adequacy of an investigation is, of course, a fact-intensive inquiry to be determined on a case-by-case basis, which naturally takes into account the disparate circumstances of differently-situated transferees"). The same is true of good faith, which is a "fact-intensive inquiry that almost always requires a trial." *In re Kosoff*, 2024 WL 1715011, at *4 (quoting *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 654 B.R. 653, 679 (Bankr. S.D.N.Y. 2023)).

We look forward to further discussing these issues with Your Honor if necessary.

Respectfully submitted,

Eric T. Kanefsky, Esq., Senior Partner
Calcagni & Kanefsky LLP


cc (via ECF):  all counsel of record