

**Driving progress**
**through partnership**

**John C. Scalzo**
Direct Phone:  +1 212 549 0219
Email:  jscalzo@reedsmith.com

599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

August 14, 2024

<u>**VIA ECF**</u>

Hon. Georgette Castner
United States District Judge for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

Re:     ***Edward H. Stier, Esq. v. Diego Possebon***, et al., No. 3:24-cv-04647-GC-RLS (D.N.J.)

Dear Judge Castner:

We represent defendant Itaú Unibanco S.A. ("Itau") in the above-referenced action.  We write, pursuant to Your Honor's Judicial Preferences, to request a premotion conference on Itau's anticipated motion to dismiss the Complaint [ECF 7] pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction and failure to state a claim.

In his 530-paragraph Complaint, Plaintiff Edwin H. Stier, Esq. ("Plaintiff"), as Wind Down Trustee for MLS Berkowitz Investments ("MLS"), asserts a total of sixteen causes of action against more than 150 defendants.  Plaintiff claims that MLS was the victim of a fraudulent scheme perpetrated by defendant Diego Possebon and numerous other co-conspirators.  In addition to suing the alleged perpetrators of the fraud (defined as the "Fraud Defendants" or "Aiding and Abetting Defendants" in the Complaint), Plaintiff also asserts four causes of action for fraudulent transfer, aiding and abetting, unjust enrichment, and conversion (Sixth through Ninth Counts) against more than 100 so-called "Recipient Defendants" who are alleged to have received funds associated with the purported fraudulent scheme.

Although Itau is named as a defendant in the caption of the Complaint and is lumped into the defined term "Recipient Defendants" (Compl. ¶ 46), the Complaint does not contain a single allegation against Itau other than the "[u]pon information and belief" allegation that Itau "is a business entity with its principal business address at Praca Alfredo Egydio de Souza Aranha, 100, Torre Olavo Setubal, Pargue Jabaqiara, Sao Paulo/SP, CEP 04334-902 in Brazil."  (*Id.* ¶ 109.)  Itau anticipates moving to dismiss the Complaint because (1) Plaintiff has not satisfied its burden of establishing a prima facie case that Itau is subject to personal jurisdiction in New Jersey; and (2) Plaintiff has not pled any facts (let alone sufficient facts) to establish the required elements of any of the causes of action asserted against Itau.

**A.      <u>Itau Is Not Subject To Personal Jurisdiction In New Jersey</u>**

Itau is plainly not subject to general, all-purpose personal jurisdiction in New Jersey.  For corporate entities like Itau, general jurisdiction is limited to locations where the entity is "at home"—*i.e.*, the entity's principal place of business or place of incorporation—absent exceptional circumstances.  *BNSF Ry. v.*

Hon. Georgette Castner
Page 2



*Tyrrell*, 581 U.S. 402, 413 (2017) (collecting cases).  As the sole allegation directed at Itau makes clear, Itau is "at home" only in Brazil.  (Compl. ¶ 46 (alleging Itau is a Brazilian bank with its principal place of business in São Paulo, Brazil.))  Plaintiff also does not allege the existence of exceptional circumstances sufficient to support general jurisdiction.  Nor could he.  Itau has no physical locations in New Jersey, and is not registered to do business in New Jersey.  *See Basse v. Bank of Am., N.A.,* 2023 U.S. Dist. LEXIS 54434 (D.N.J. Mar. 29, 2023) (Castner, J) (General jurisdiction outside of a foreign defendant's place of incorporation and principal place of business is available only in an exceptional case, where the defendant's contacts are "so continuous and systematic" as to render it essentially at home in the forum).

Itau is likewise not subject to specific jurisdiction, which, unlike general jurisdiction, is limited to claims arising from a foreign defendant's contacts with the forum state or activities directed towards the forum state.  *See Bristol-Myers Squibb Co. v. Superior Court,* 582 U.S. 255, 262 (2017).  Plaintiff does not allege—as he must for specific jurisdiction to apply in cases involving intentional torts like this one—that Itau committed an intentional tort, expressly aimed at New Jersey, causing harm that Itau knew was likely to be suffered in the forum state.  *IMO Indus. V. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998) (failure to establish any one of these three elements is fatal to a plaintiff's attempt to show specific jurisdiction).  In fact, the Complaint does not allege Itau purposefully directed *any* activities at New Jersey, much less activities that gave rise to Plaintiff's claims.  The mere fact that MLS is a New Jersey company is an insufficient predicate for the assertion of specific jurisdiction over a foreign defendant.  *See Walden v. Fiore*, 571 U.S. 277, 285 (2014).  Indeed, even setting New Jersey aside, the Complaint does not allege a single contact between Itau and the United States.

Simply put, Plaintiff does not, and cannot, allege sufficient facts to establish that Itau is subject to personal jurisdiction in New Jersey.  That alone warrants dismissal of Plaintiff's claims against Itau.

**B.    <u>Plaintiff Has Not Stated A Viable Claim Against Itau</u>**

The Complaint's utter lack of allegations against Itau also necessitates dismissal under Rule 12(b)(6) for failure to state a claim.

### *Plaintiff relies on impermissible group pleading*

Although referred to as a so-called "Recipient Defendant," the Complaint does not identify what proceeds of the purported fraud Itau is alleged to have actually received.  In fact, Itau is not even included in the chart in Paragraph 435 of the Complaint, which lists each alleged "[r]ecipient" of "funds or proceeds associated with the fraudulent scheme" and the total amount each recipient is alleged to have received.  (*Id.* ¶ 435.)  The Complaint contains no allegations explaining why Itau is considered a "Recipient Defendant" or distinguishing Itau's conduct from the hundred plus other Recipient Defendants.  Itau is simply lumped in with the other Recipient Defendants.

This type of group pleading, where a plaintiff fails to specify the conduct it attributes to a specific defendant, but instead "lumps" defendants together and claims they all engaged in the same conduct, fails to satisfy FED. R. CIV. P. 8's basic pleading requirements.  Although Rule 8 does not require detailed factual allegations, it does demand "enough well-pleaded facts to show that the claim is facially plausible." *Sheeran v. Blyth Shipholding S.A.,* 2015 U.S. Dist. LEXIS 168019, at *6 (D.N.J. Dec. 16, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  New Jersey federal courts "generally agree" that grouping



Hon. Georgette Castner
Page 3

defendants together and failing to specifically allege what each is claimed to have done violates Rule 8 and subjects a complaint to dismissal. *See id.* at *8; *Mills v. Ethicon,* 406 F. Supp. 3d 363, 386-87 (D.N.J. 2019) (collecting cases).

### *Plaintiff's claims against Itau are not plausibly alleged*

Plaintiff's claims against all of the Recipient Defendants are premised on their alleged receipt of funds tainted by the other defendants' fraudulent scheme. (*See* Compl. at ¶¶ 436-38, 440, 445-46, 450, 452.) But, because the Complaint does not allege that Itau specifically (as opposed to all "Recipient Defendants" generally) ever received *any* funds from the alleged fraud, none of the claims against Itau satisfy *Iqbal*'s plausibility standard. To meet that standard, Plaintiff must plead *facts* that would allow this Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S at 678. As discussed above, Plaintiff has not done so with respect to Itau.

Moreover, to the extent Plaintiff's claims sound in fraud, the Complaint's inadequacy is even more apparent. Under FED. R. CIV. P. 9(b), Plaintiff's claims against Itau for fraudulent transfer (Sixth Count) and aiding and abetting (Seventh Count), at a minimum, must be pled with particularity. The Complaint does not come close to meeting this standard. *See, e.g.*, *Lawrence v. Bank of America, N.A.*, 455 Fed. App'x 904, 906-07 (11th Cir. 2012) (dismissing aiding and abetting claims against bank despite the bank's alleged knowledge of highly atypical and suspicious activity within the fraudster's bank accounts because the bank lacked actual knowledge of the fraud); *In re Agape Litig.*, 773 F. Supp. 2d 298, 307 (E.D.N.Y. 2011) (same) (collecting cases). The bare-bones allegation, made on information and belief, that all Recipient Defendants knew or should have known that the funds they received were tainted (Compl. ¶ 436) does not meet Rule 9(b)'s heightened pleading requirements, and, in any event, constructive knowledge is not enough to support a claim for *actual* fraudulent transfer or aiding and abetting fraud. Nor does Plaintiff allege any facts from which the Court could reasonably infer Itau provided "substantial assistance" in the achievement of the alleged fraud.[1] These deficiencies provide a further basis for dismissal of Plaintiff's fraud-based claims.

** *** **

I contacted Plaintiff's counsel multiple times to discuss these issues, as well as a proposed briefing schedule of Itau's anticipated motion to dismiss if Plaintiff refused to dismiss Itau from the case. I received no substantive response to my request to confer or the factual basis for Plaintiff's claims. Accordingly, Itau respectfully requests the opportunity to discuss these issues at a premotion conference.

Respectfully,

*/s/ John C. Scalzo*

John C. Scalzo

---

[1] *See also* Dkt. 154, p. 3 (citing case law holding the mere opening of a bank account and approving of transfers to or from that account cannot satisfy the "substantial assistance" element of an aiding and abetting claim.).