

Eric T. Kanefsky, Senior Partner
862.772.8149    eric@ck-litigation.com

August 21, 2024

**VIA ECF**

Honorable Georgette Castner, United States District Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    *Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC v. Diego Possebon, et al.*, Case No. 3:24-cv-04647-GC-RLS

Dear Judge Castner:

      This law firm is co-counsel to Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC (the "Trustee"). We write in response to the August 14, 2024 letter from Defendant Itáu Unibanco S.A. ("Itau") requesting a conference with the Court regarding an anticipated motion to dismiss arguing lack of personal jurisdiction and failure to state a claim. *See* (ECF Doc. 173) (the "Itau Letter").

**I.    RELEVANT BACKGROUND**

      This case stems from a massive fraud perpetrated against MLS Berkowitz, LLC ("MLS"), a company trading raw metals, and its principal creditor, Gerald Metals SARL ("Gerald"). MLS and Gerald were victimized by a sophisticated conspiracy masterminded by Defendant Diego Possebon ("Possebon"), which involved over 100 individuals and entities and resulted in the loss of nearly $50 million. *See* Complaint, ¶ 1. A substantial portion of the proceeds from the fraud was disbursed via wire transfers to Possebon's family and friends, including more than $1 million sent to Possebon's uncle, Joubert Donineli Konrath ("Konrath") and Konrath's company, DK Assessoria e Intermediação de Negócios Ltda ("DK Assessoria"). *See id.*, ¶¶ 348-49. Those funds were transferred to accounts maintained by Konrath and DK Assessiora at Itau.

      The Trustee was appointed pursuant to a September 9, 2023 Order of the Bankruptcy Court, and his powers under that Order include the authority to seek recovery of the money that was stolen as a result of the fraud. *See id.*, ¶ 10.

      As alleged in the Complaint, the Court has jurisdiction over the case under 28 U.S.C. § 1334 because the matter arises from the related bankruptcy action for MLS Berkowitz Investments LLC. *See id.*, ¶¶ 219-20; *see also* 28 U.S.C. § 1334(b) (district courts shall have original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11"). The Third Circuit has explained that the scope of "related to" jurisdiction under 28 U.S.C. § 1334(b) is "extremely broad, extending to any action the outcome of which 'could conceivably have any effect on the estate being administered in bankruptcy.'" *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997) (internal citation omitted).

ck-litigation.com    862.397.1796    One Newark Center    85 Broad Street
                        862.902.5458    1085 Raymond Blvd., 14th Floor    Suite 17031
                                          Newark, NJ 07102    New York, NY 10004
                                          *Preferred Mailing Address*

Letter to Honorable Georgette Castner, U.S.D.J., Wednesday, August 21, 2024
Page 2 of 3

Fed. R. Bankr. P. 7004(f) governs personal jurisdiction and states:

If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Under F.R.C.P. 4(f)(1), service is permitted "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]" Here, the Trustee has commenced the process of serving Itau via the Hague Convention, and the Itau Letter does not indicate that Itau intends to challenge the adequacy of that service.

## II.   PERSONAL JURISDICTION

As explained above: (i) the Trustee properly commenced this action in the District Court based on "related to" jurisdiction under 28 U.S.C. § 1334(b), and (ii) service under the Hague Convention is a manner in accordance with the subdivisions of F.R.C.P. 4. *See* Fed. R. Bankr. P. 7004(f). The relevant inquiry is therefore whether exercise of personal jurisdiction over Itau is consistent with the Constitution and laws of the United States. *See* Fed. R. Bankr. P. 7004(f); *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002) ("hold[ing] that a federal court's personal jurisdiction may be assessed on the basis of the defendant's national contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process"); *In re Celotex Corp.*, 124 F.3d 619, 630 (4th Cir. 1997) (whether the defendant had "minimum contacts" with the state in which the district court sits is "irrelevant" because the "sovereign exercising authority is the United States, not the individual state where the federal court is sitting"); *Application to Enforce Admin. Subpoenas Duces Tecum of S.E.C. v. Knowles*, 87 F.3d 413, 417 (10th Cir. 1996) ("When the personal jurisdiction of a federal court is invoked based upon a federal statute providing for nationwide or worldwide service, the relevant inquiry is whether the respondent has had sufficient minimum contacts with the United States.").

Based on the above, Itau's extensive discussion of its purported lack of contacts with New Jersey, *see* Itau Letter at 1-2, misses the point. The relevant inquiry is Itau's contacts with the United States. According to publicly available information, including its own 2023 Integrated Annual Report, Itau is a "universal bank, present in 18 countries," including the United States.[1] And, in the event that Itau does move to dismiss on personal jurisdiction grounds, the Trustee should be permitted to engage in appropriate jurisdictional discovery concerning the full extent of Itau's contacts with the United States. *See, e.g., Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d

---

[1] *See* Itau Integrated Annual Report 2023 at p.11, available at https://www.itau.com.br/download-file/v2/d/42787847-4cf6-4461-94a5-40ed237dca33/2dc98607-f0d4-0fd7-04b1-d2030644a071?origin=2

446, 456 (3d Cir. 2003) (noting that courts are "to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'") (internal citation omitted); *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) ("we have found jurisdictional discovery particularly appropriate where the defendant is a corporation").

**III.  CONCERNS ABOUT THE SUFFICIENCY OF THE CLAIM AGAINST ITAU CAN BE ADDRESSED BY AN AMENDMENT.**

In the event Itau is granted to leave tomove to dismiss on Rule 12(b)(6) grounds, the Trustee intends to amend its pleading to remedy the inadvertent failure to identify Itau as one of the defendants responsible for aiding and abetting the fraud, as alleged in the Second Count of the Complaint. The Trustee's amended pleading will also include additional details and allegations regarding Konrath and DK Assessoria's use of Itau accounts to receive and transfer proceeds from the fraudulent scheme, and Itau's actual and/or constructive knowledge of the suspicious and fraudulent activities by Konrath and DK Assessoria. *See, e.g.*, *Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C.*, 331 F.3d 406, 415 (3d Cir. 2003) (identifying elements of an aiding and abetting claim); *In re TelexFree Sec. Litig.*, 626 F. Supp. 3d 253, 272 (D. Mass. 2022) ("when a bank has actual knowledge that its routine services are assisting a customer in committing a specific tort, the provision of those services may constitute substantial assistance").

We thank the Court for its attention and consideration to this matter.

Respectfully submitted,

*/s/ Eric T. Kanefsky*

Eric T. Kanefsky, Esq., Senior Partner
Calcagni & Kanefsky LLP

cc (via ECF):  all counsel of record