James L. Brochin
212 378 7503
jbrochin@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

**Steptoe**

September 6, 2024

**VIA ECF**

The Honorable Georgette Castner
United States District Judge
Clarkson S. Fisher Bldg. & Courthouse
402 E. State Street
Trenton, NJ 08608

Re:   *Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC v. Diego Possebon et al.*, Case No. 24-cv-04647-GC-RLS

Dear Judge Castner:

We represent Defendant Banco Safra S.A. ("Safra") in the above-referenced action. Without waiver to any objections to jurisdiction or service of process[1], we write pursuant to Your Honor's individual rules to join in the requests of co-Defendants Banco BTG Pactual S.A. (ECF Doc. No. 154), REAG USA, LLC (ECF Doc. No. 155) and Itau Unibanco S.A. (ECF Doc. No. 173) for a pre-motion conference regarding Safra's anticipated motion to dismiss for lack of personal jurisdiction and failure to state a claim.

As set forth in the three prior pre-motion letters, Plaintiff's 104-page Complaint names nearly 200 Defendants and contains 530 paragraphs. Safra is referenced by name in *one single paragraph* of the Complaint, paragraph 108, which simply alleges that Safra is a business entity with its principal place of business in Sao Paulo, Brazil. Aside from this paragraph, the Complaint groups Safra with over 160 "Recipient Defendants," who are alleged to have received funds paid by MLS that they "knew, or should have known" were "the product of an unlawful scheme." (Complaint ¶ 46). Yet none of the tables set forth in the Complaint itemizing the alleged unlawful transfers received by the so-called "Recipient Defendants" identify Safra as having received any such funds. The only substantive factual allegations asserted against Safra are the boilerplate, group pleading allegations asserted against hundreds of Defendants in paragraphs 46 and 381(d) of the Complaint. These allegations are wholly insufficient to assert a *prima facie* case of personal jurisdiction over Safra, a foreign bank not doing business in New Jersey, nor are they sufficient withstand a motion to dismiss for failure to state a claim.

**Personal Jurisdiction**

Safra is a Brazilian bank with its principal place of business in Brazil. It does not have any branches or offices in New Jersey nor any other state in the United States. It was purportedly served

---

[1] Safra continues to investigate whether service pursuant to the Hague Convention has been lawfully completed. By filing this letter and making a special appearance in this proceeding, Safra does not waive any applicable defenses to service and reserves all rights to challenge its propriety in the contemplated motion to dismiss.

September 6, 2024
Page 2

**Steptoe**

with process in Brazil under the Hague Convention. Safra, a corporate entity, is not "at home" in the United States and under rudimentary principles of federal law, is not subject to general jurisdiction here. *See Daimler AG v. Brauman*, 571 U.S. 117, 127 (2014); *see also Malik v. Cabot Oil & Gas Corporation*, 710 Fed. Appx. 561, 564 (3d Cir. 2017) (general jurisdiction only arises when a corporation's "affiliation with the State are so continuous and systematic as to render [it] essentially at home in the form State" and it is "incredibly difficult" to establish general jurisdiction in a forum other than the place of incorporation or principal place of business).[2]

Nor is Safra subject to specific jurisdiction in New Jersey. To establish specific jurisdiction, precedent requires a finding that a defendant "purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *See Corgliano v. Classic Motor, Inc.*, 611 Fed. Appx. 77 (3d Cir. 2015). Here, Plaintiff has not alleged any relevant conduct that Safra purposefully directed at New Jersey sufficient to establish "minimum contacts," or that the claims alleged arise out of or relate to these contacts. Any Safra bank account alleged to have improperly received funds – and, again, no such account is identified in the Complaint – would have been wholly maintained and administered in Brazil. Nothing described in the Complaint ties Defendant Safra or its conduct to New Jersey. Nor should Plaintiff be permitted to take jurisdictional discovery in a hopeless effort to create such a connection. Jurisdictional discovery is only countenanced when a plaintiff presents factual allegations, "with reasonable particularity," that suggest possible contacts between a defendant and the forum state. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). That plainly has not been done here.

**Failure to State a Claim**

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain "sufficient factual mater, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must provide the underlying grounds of his entitlement to relief, which requires "more than labels and conclusions and a formulaic recitation of the elements of the cause of action." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Dibattista v. Buckalew, Frizell & Crevina*, LLP, 574 Fed. Appx. 107 (3d Cir. 2014). Here, Plaintiff has alleged claims for aiding and abetting fraud, fraudulent transfer, unjust enrichment and conversion against Safra (and scores of other Defendants), but has only done so with conclusory labels and a formulaic recitation of *some* elements of each of the causes of action, nothing more.

Because the claims alleged against Safra sound in fraud, the allegations must not only be plausible, they must also be stated "with particularity." Fed. R. Civ. P. 9(b). Rule 9(b)'s demand for specificity requires plaintiffs to plead the particular the circumstances of the alleged fraud –

---

[2] In prior submissions, Plaintiff suggests that "relating to" subject-matter jurisdiction broadens the traditional jurisdictional test. Even assuming "related to" jurisdiction and a broader "nationwide contacts" test applies, Plaintiff does not (and cannot) allege that the US is the domicile, place of incorporation or principal place of business for Safra, nor any facts establishing contacts with the US sufficiently continuous and systematic to confer personal jurisdiction.

September 6, 2024
Page 3

Steptoe

"the who, what, when where and how of the events at issue" – and the precise misconduct with which they are charged. *In re Rockefeller Ctr. Props, Inc. Sec. Litig.,* 311 F.3d 198, 217 (3d Cir. 2002); *In re Novergence, Inc.*, 405 B.R. 709 (Bankr. D. N.J. 2009). There are no particular circumstances or precise allegations of misconduct concerning Safra in the Complaint.

Among other deficiencies, the Complaint fails to allege the required elements of aiding and abetting fraud – (1) actual knowledge of fraud and (2) substantial assistance. With scant details, the Complaint does not allege facts regarding any knowledge or assistance on the part of Safra. Conclusory group allegations that the 160 Recipient Defendants "had knowledge of the fraudulent scheme" (Complaint ¶ 441) or that the scheme "could not have been perpetrated" without their "substantial assistance" (Complaint ¶ 442) are wholly insufficient to meet Rule 9(b).[3]

The other causes of action are similarly inadequately pled. Count Six for fraudulent transfer, for example, contains a table of names of alleged recipients of funds that does not include Safra (Complaint ¶ 435), and the Complaint is devoid of any factual allegations that any transfers to or from Safra constituted "voidable transfers" under the Bankruptcy Code. 11 U.S.C. § 550(a). There is no allegation that Safra has been unjustly enriched, converted funds or that the retention of a benefit to Safra without payment would be inequitable. *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539 (N.J. 1994). Indeed, the Complaint contains no allegations explaining why Safra is even considered a "Recipient Defendant" at all.

It merits emphasizing that the Complaint not only fails to state a claim under the Rule 9(b) standard, its impermissible group pleading approach fails to meet even the basic requirements of Rule 8. Mere "conclusory allegations against defendants as a group" that "fail to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss. *Shaikh v. Germadnig*, Civ. No. 22-2053, 2023 WL 4534127, at *14 (D.N.J. July 13, 2023). A plaintiff must allege facts that "establish each individual defendant's liability for the misconduct alleged," and cannot refer to all defendants who occupy different positions and roles without specifying which defendants engaged in what wrongful conduct. *Id.*

The Complaint here fails to allege any facts that differentiates the actions or inactions of the individual Recipient Defendants in way that puts each Defendant on notice as to the basis of each claim. This type of "vague group pleading," standing alone, warrants dismissal. *Falat v. Cnty. of Hunterdon,* No. 12-6804, 2013 WL 1163751, at *3 (D.N.J Mar. 19, 2013).

Safra respectfully requests the opportunity to discuss these issues at a pre-motion conference before the Court.

---

[3] Plaintiff should not be permitted to amend the Complaint, as argued in prior letters, because any such amendment would be futile. Safra's routine banking services, "opening accounts and approving transfers, even where there is suspicion of fraudulent activity does not amount to 'substantial assistance.'" *In re Agape Litig.*, 681 F. Supp. 2d 352, 365 (E.D.N.Y. 2010); *see also Wiand v. Wells Fargo Bank*, N.A., 938 F. Supp. 2d 1238, 1244-45 (M.D. Fla. 2013) (red flags in banking are insufficient to establish a claim for aiding and abetting because they do not create the required strong inference of actual knowledge).

September 6, 2024
Page 4

**Steptoe**

                                      Respectfully submitted,

                                      /s/ *James L. Brochin*

                                      James L. Brochin
                                      *Counsel for Banco Safra S.A.*

cc:     All Counsel of Record (via ECF)
        Michael Scavelli, Esq. (via email) (*pro hac vice* pending)
        David Kahne, Esq. (via email) (*pro hac vice* pending)