

Eric T. Kanefsky, Senior Partner
862.772.8149   eric@ck-litigation.com

September 12, 2024

**VIA ECF**

Honorable Georgette Castner, United States District Judge
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re: ***Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC v. Diego Possebon, et al.*, Case No. 3:24-cv-04647-GC-RLS**

Dear Judge Castner:

  This law firm is co-counsel to the plaintiff, Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC (the "Trustee"). We write in response to the Court's August 29, 2024 Text Order (ECF No. 186) (the "Order"), directing the Trustee to advise the Court: "(1) which Defendants, if any, have yet to be served; (2) as to any unserved Defendants, whether the time limits under Federal Rules of Civil Procedure [the "Rules"] 4(m), 4(f), or any internationally agreed means of service have expired; and (3) good cause, if any, for failure to serve any Defendants within the applicable time limits."

  As detailed in the Complaint, *see* (ECF Nos. 1 and 7), this case involves a fraud perpetrated against MLS Berkowitz, LLC ("MLS"), a company trading raw metals, and its principal creditor, Gerald Metals SARL ("Gerald"). MLS and Gerald were victimized by a sophisticated conspiracy involving over 100 individuals and entities, resulting in the loss of nearly $50 million. *See* Complaint, ¶ 1. Consistent with the massive scale of the fraud perpetrated against MLS and the scores of people and entities who have received proceeds from that fraud, the Complaint names upwards of 200 defendants, the vast majority of which are located overseas. Below is an overview of the applicable law and information addressing the issues in the Order with respect to (i) Defendants known or believed to be in the United States, and (ii) Defendants known or believed to be overseas.

**I.  The Governing Law**

  **A.  Service on the Domestic Defendants**

  Rule 4(e) governs service of an individual in the United States and allows service to be made by methods including delivering the summons and complaint to the induvial personally or "following state law for service in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Rule 4(h) allows service of an entity by delivering the summons and complaint to the entity's registered agent.

  Rule 4(m), which provides a time limit of 90 days for service of the summons and

ck-litigation.com   862.397.1796   One Newark Center   85 Broad Street
  862.902.5458   1085 Raymond Blvd., 14th Floor   Suite 17031
   Newark, NJ 07102   New York, NY 10004
   *Preferred Mailing Address*

complaint, applies only to service in the United States and "does not apply to service in a foreign country under Rule 4(f), h(2)[.]"  Where Rule 4(m) applies, the district court must, if good cause exists, extend the time to complete service.  *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998).  In this context, courts consider the following factors to determine whether good cause exists: (1) the reasonableness of the plaintiff's efforts to serve the defendant, (2) whether the defendant has been prejudiced by a lack of timely service, and (3) whether the plaintiff moved for an enlargement of time to serve.  *See MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995); *Jumpp v. Jerkins*, No. CIV 08 6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010).  If the district court concludes that the plaintiff has not shown good cause, the court can still grant an extension of time to complete service "in the sound exercise of its discretion."  *McCurdy*, 157 F.3d at 196.

      **B.**      **Service on the Foreign Defendants**

Rule 4(f) authorizes service upon individuals in foreign countries in three ways: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the [Hague Convention];[1] (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice ...; or (3) by other means not prohibited by international agreement, as the court orders."  *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 340 (E.D.N.Y. 2021) (citing Rule 4(f)).  Under Rule 4(h)(2), a corporation, partnership, or association not within the United States must be served in any manner "prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

Service through a country's Central Authority is the "primary vehicle" for Hague Convention service on defendants residing in that country.  *See Unite Nat'l Ret. Fund v. Ariela, Inc.*, 643 F. Supp. 2d 328, 333 (S.D.N.Y. 2008).  "Under this method, an applicant must send a request for service directly to the Central Authority designated by the government of the receiving country, who then serves the document or arranges to have it served by the appropriate agency."  *Id.*  As such, after making the request to the Central Authority, the party seeking service must wait for the Central Authority to effectuate service.  However, if a country's central authority does not respond within six months to the person who requested service, Article 15 of the Hague Convention provides that methods of alternative service may be used.  *See In re Bulk (Extruded) Graphite Prod. Antitrust Litig.*, No. CIV. 02-6030 (WHW), 2006 WL 1084093, at *3 (D.N.J. Apr. 24, 2006).

Article 6 of the Hague Convention states that a country's Central Authority "'or any authority which it may have designated for that purpose,' shall provide a written certificate of service which states 'that the document has been served' and includes 'the method, the place and the date of service and the person to whom the document was delivered.'"  *Zurich Am. Ins. Co. v. Paura & Assocs. Inc.*, No. CV 22-10058-PBS, 2023 WL 5941959, at *3 (D. Mass. July 31, 2023), *rpt. and rec. adopted* (Aug. 22, 2023) (quoting Hague Convention, Article 6).

---

[1] *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.

The time limit in Rule 4(m) does not apply to service under Rule 4(f), and service on a foreign defendant is "appropriately subject to a 'flexible due diligence standard.'" *Idingo LLC v. Cohen*, No. CV 16-6525, 2017 WL 59204, at *3 (D.N.J. Jan. 5, 2017) (quoting *In re Bulk [Extended] Graphite Prod. Antitrust Litig.*, 2006 WL 1084093 at *3). "Courts within the Third Circuit typically grant 'Plaintiffs multiple months to serve Defendants in a foreign country under the Hague Convention.'" *In re Metformin Mktg. & Sales Pracs. Litig.*, No. CV202324MCAMAH, 2022 WL 18912498, at *3 (D.N.J. Sept. 26, 2022) (quoting *Idingo LLC*, 2017 WL 59204 at *3) (collecting cases).

## II. The Trustee Has Completed Service of All the Domestic Defendants

The Trustee has completed service upon all defendants believed or known to be in the United States with the exception of Jeanne Rodrigues ("Rodrigues"), *see* Complaint, ¶ 99, and Beach House & Condominium ("Beach House"), *see id.*, ¶194.[2] The Trustee, however, has filed a Notice of Voluntary Dismissal as to Rodrigues, *see* (ECF No. 217) and has already engaged process servers to effectuate service of process upon Beach House. Beach House's address was unknown at the time the Complaint was filed. However, through an investigation of information received after the Complaint was filed, the Trustee discovered that Beach House is located in the United States.

Although the Complaint alleges that Defendant Fernanda Alves De Souza ("De Souza") "principally resides" in Miami, Florida, *see* Complaint, ¶ 38, the Trustee now has reason to believe that De Souza principally resides in Brazil. As such, Rule 4(f) should apply to the Trustee's efforts to serve De Souza, and the Trustee has exercised due diligence in attempting to serve De Souza in accordance with that Rule. Even if the Court concludes that Rule 4(m) governs service of De Souza, there is good cause for the Court to extend the 90-day deadline, or, alternatively, exercise its discretion to allow completion of service under the Hague Convention.

De Souza is the principal of two unlicensed money transmitting companies—Empire Strong International Business Intermediation, LLC ("Empire Strong US I") and Empire Strong International Business Intermediation One, LLC ("Empire Strong US II," and, with Empire Strong US I, "Empire Strong")—both of which are Delaware limited liability companies. *See* Complaint, ¶¶ 35-36, 38, 337. Empire Strong played a critical role in the fraud against MLS and Gerald, including by receiving structured wire payments from the United States, generating false documents, and laundering the transfer of nearly $50 million to recipients at the direction of Diego Possebon ("Possebon"), the mastermind of the scheme, and his co-conspirators. *See id.*, ¶¶ 42, 46, 324, 343-44, 347-58, 360, 364-78.

Prior to commencing this action, the Trustee served subpoenas in the underlying Bankruptcy action on De Souza and financial institutions where De Souza and Empire Strong were

---

[2] With respect to the Domestic Defendants, the Trustee respectfully submits that it would be appropriate at this juncture for the Court to issue a scheduling order pursuant to Rule 16(b). *See* Rule 16(b)(2) (unless the judge "finds good cause for delay, the judge must issue [the scheduling order] within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared.").

believed to have accounts. De Souza engaged the law firm of Boies Schiller Flexner LLP ("Boies") to move to quash the Trustee's subpoenas. Subsequently, when counsel for the Trustee asked De Souza's attorney from Boies if he would accept service of the anticipated complaint in this action, De Souza's attorney declined and said he was not authorized to accept service on De Souza's behalf.

When efforts to effectuate service upon De Souza through her counsel of record failed, counsel for the Trustee engaged a process server, which made four unsuccessful attempts (on April 17, April 24, April 27, and May 1) to personally serve De Souza at her Miami apartment. *See* Exhibit A (affidavit of non-service). The process server reported that despite visiting the apartment in the morning, in the evening, and on the weekend, nobody answered the knocks on the door and no noise could be heard in the apartment. *See id.* In addition, the security guard working at the apartment building in Miami was unable to provide any information as to De Souza's whereabouts. *See id.*

Private investigators engaged by the Trustee have since uncovered information indicating that De Souza is now living at an apartment in São Paulo, Brazil. It is the Trustee's belief that De Souza left the United States and has remained outside of the country to avoid service of process and impede the Trustee's efforts to recover the proceeds of the fraud at issue in this case. Accordingly, the Trustee has commenced the process of serving De Souza under the Hague Convention and has filed a formal request, including all the required documentation, with the Central Authority in Brazil asking it to serve De Souza with the Summons and Complaint.

Because Rule 4(m) "does not apply to service of process upon foreign defendants," *In re Bulk (Extruded) Graphite Prod. Antitrust Litig.*, 2006 WL 1084093 at *4 n.2, the time limit in this Rule should not be applied. Instead, Rule 4(f) and the associated flexible due diligence standard should govern. *See Idingo LLC*, 2017 WL 59204 at *3 ("Due to Amir Cohen's foreign residence in Israel, Fed.R.Civ.P 4(f) applies to Plaintiffs' service of the complaint on him.").

The Trustee's efforts to serve De Souza—four attempts at personal service, a request to counsel to accept service, engaging a private investigator to locate De Souza, and sending a formal service request to the Brazilian Central Authority—clearly show the necessary due diligence.

In the event the Court were to conclude that Rule 4(m) applies to De Souza, the Court should nevertheless find that the Trustee has demonstrated good cause for his inability to effectuate service within Rule 4(m)'s time limit. *See MCI Telecommunications Corp.*, 71 F.3d at 1097 ("good cause" inquiry considers (1) the reasonableness of the plaintiff's efforts to serve the defendant, (2) whether the defendant has been prejudiced by a lack of timely service, and (3) whether the plaintiff moved for an enlargement of time to serve).

*First*, the Trustee has made reasonable efforts to serve De Souza by (i) initially attempting to serve her personally with the Summons and Complaint at the apartment in Miami, and (ii) formally requesting, on September 4, 2024, that the Brazilian Central Authority serve De Souza under the Hague Convention after learning that De Souza was likely living in São Paulo, Brazil. In addition, De Souza's American counsel in the Bankruptcy action declined to accept service of this Complaint. Courts in this District have found similar efforts at service to have been

reasonable. *See, e.g., Indagro, S.A. v. Nilva*, No. 07-CV-03742 SDW MCA, 2014 WL 1515587, at *3 (D.N.J. Apr. 17, 2014) (finding that the plaintiff "has made reasonable efforts" to serve the defendant based on four attempts at personal service and a rejected request to accept service made to the defendant's counsel).

*Second*, it is inconceivable that De Souza was prejudiced by not being served with the Summons and Complaint within 90 days. De Souza is undoubtedly aware of this action. Counsel for the Trustee told De Souza's lawyer that the Trustee would be commencing this case and naming her as a defendant. Moreover, De Souza is the principal of Empire Strong US I and Empire Strong US II, both of which Plaintiff served through their Delaware registered agent on April 22, 2024. *See* (ECF Nos. 11 and 12). It is reasonable to believe that De Souza would have been among the people to have received a copy of the Complaint from Empire Strong's registered agent, or that, at the very least, she was made aware of the lawsuit. That De Souza had notice of this case indicates that she has not been prejudiced by not being served within the Rule 4(m) time limit. *See, e.g.*, *Emmanouil v. Mita Mgmt., LLC*, No. CIV.A. 11-5575 JAP, 2012 WL 2277721, at *4 (D.N.J. June 15, 2012) (finding no prejudice where it was "simply implausible that Defendants had no knowledge of these papers or the proceedings before the Court").

*Third*, the Trustee did not move for an enlargement of time to serve De Souza because he reasonably believes that Rule 4(f) is the applicable rule. *See Idingo LLC,* 2017 WL 59204 at *3. Furthermore, the Trustee's decision not to seek an enlargement is "not dispositive of the good cause analysis," *Indagro*, 2014 WL 1515587 at *3, especially given his "diligence in attempting service." *See Emmanouil*, 2012 WL 2277721 at *5.

Based on the above, the Trustee submits that if the Court determines that Rule 4(m) applies to service on De Souza, good cause exists to grant an extension of time to allow completion of service pursuant to the Hague Convention. Indeed, "[t]his case is not one in which the plaintiff was derelict in attempting to serve the defendant." *Emmanouil*, 2012 WL 2277721 at *5.

In the alternative, the Court should exercise its discretion and extend the time for the Trustee to serve De Souza, particularly as the Trustee has made a formal request for service to the Brazilian Central Authority. In considering whether a "discretionary" extension of time to serve is appropriate, the district court "may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant." *See Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009). The factors that apply here point in the Trustee's favor. As discussed, it is virtually certain that De Souza has notice of this action, and, therefore cannot plausibly claim any prejudice from not having been served. In addition, while De Souza owns an apartment in Miami, she has relocated to Brazil, which, in the Trustee's belief, was intended to thwart the Trustee's recovery efforts and avoid service of process. Granting a discretionary extension would also be in keeping with "the Third Circuit's 'preference that cases be disposed of on the merits whenever practicable.'" *See Emmanouil*, 2012 WL 2277721 at *5 (*Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)).

### III. The Trustee Has Been Diligently Working to Serve the Foreign Defendants.

The Complaint includes causes of action against approximately 156 defendants located, or believed by the Trustee to be located, in the following countries: Brazil, China, Hong Kong, Thailand, Turkey, Taiwan, the United Kingdom, the United Arab Emirates, the Bahamas, India, Italy, San Marino, and Singapore (collectively the "Foreign Defendants"). Approximately three-quarters of the Foreign Defendants are in Brazil and China.

Of the countries that are home to the Foreign Defendants, Brazil, China, India, Italy, Singapore, Turkey, the United Kingdom, the Bahamas, and San Marino are signatories to the Hague Convention. *See* Hague Conference on Private International Law, Hague Convention Status Table, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited September 9, 2024). Hong Kong, too, is a signatory to the Hague Convention. *See Monument Peak Ventures, LLC v. TCL Elecs. Holdings Ltd.*, No. 5:24CV11-RWS-JBB, 2024 WL 3426771, at *4 (E.D. Tex. June 11, 2024). The remaining countries are Taiwan, Thailand, and the United Arab Emirates, which are not signatories to the Hague Convention.

As noted above, service on the Foreign Defendants is not subject to a time limit but is instead measured by a due diligence standard, which the Trustee has undoubtedly satisfied. The Trustee has engaged legal professionals, including ABC Legal Services ("ABC"), a professional process server specializing in international service of process, to assist with service of process on the Foreign Defendants. In addition, the Trustee has engaged other professionals to translate the Summons and Complaint into the national language(s) of the countries in which the Foreign Defendants are to be served. Working with these professionals, the Trustee has issued formal service requests to the Central Authorities in Brazil, China, and elsewhere. And the Trustee is engaged in ongoing investigative efforts to identify addresses for some of the Foreign Defendants to facilitate service through the appropriate Central Authority.

#### A. The Trustee Has Sent Formal Service Requests to the Brazilian Central Authority for Almost All the Defendants in Brazil.

As noted above, a significant percentage of the Foreign Defendants are in Brazil, and the Trustee has made significant progress towards serving a number of those defendants through the Central Authority in Brazil. The table below identifies the defendants for whom the Trustee has made a formal request for service to the Central Authority in Brazil and the date on which the request was made. To date, however, the Brazilian Central Authority has not returned proof of service for any of these defendants to the Trustee.

| Service Status | Defendant(s) |
|---|---|
| Formal Service Request Sent to Brazil's Central Authority on May 17, 2024 | - Diego Possebon<br>- C. Costa Dos Santos Ltda.<br>- Matheus Possebon<br>- Metalsur Industria E Comercio de Acos Ltda. |

| | |
|---|---|
| Formal Service Request Sent to Brazil's Central Authority on June 5, 2024 | • Larissa Carvalho Possebon[3] |
| Formal Service Request Sent to Brazil's Central Authority on June 21, 2024 | • A.P.N. Servicos Ltda.<br>• A.R.M. Dantas Ltda.<br>• Antonio Carlos Flores Mendes<br>• Ayalla Miguel de Carvalho<br>• Banco Bradesco S.A.<br>• Banco BTG Pactual S.A.<br>• Banco Master S.A.<br>• Banco Safra S.A.<br>• Belovix Comercio Importacao e Exportacao Ltda.<br>• Celavi Investimentos e Participacoes Ltda.<br>• Cesalon – Centro de Servicos em Acos Longos Ltda.<br>• Christian Costa Dos Santos<br>• Dakar Industria De Componentes Industriais Ltda.<br>• Daniel Possebon Bargas<br>• Diego Possebon – ME<br>• DK Assessoria e Intermediacao de Negocios Ltda.<br>• Eagle Man Comercio de Artigos do Vestuario Ltda.<br>• Edineia Piaba Araujo Ltda.<br>• Empire Strong Negocios Ltda.<br>• Energisom Servicos e Sonorizacao Ltda.<br>• Expobraz Export Import e Agropecuaria Ltda.<br>• Francine Possebon<br>• Global Solucoes Integradas Ltda.<br>• Itau Unibanco S.A.<br>• J. Cesar Jacobsen<br>• Jose Henrique Maia Giacomollit Ltda.<br>• Joubert Donineli Konrath<br>• Julio Cesar Jacobsen<br>• Lidiane Leite Melo<br>• M.B. Almeida<br>• Marcelo de Mesquita Duarte<br>• New Segura Administracao de Imoveis |

---

[3] On June 10, 2024, the Trustee filed a motion for an order allowing service by alternative means on Larissa Carvalho Possebon. *See* (ECF No. 88). That motion has been fully briefed and is currently pending.

|  | |
|---|---|
|  | • Ltda., d/b/a T&F Consultoria e Gestao de Imoveis<br>• Treviso Corretora de Cambio S.A.<br>• TW Brasil Ltda. f/k/a TW Distribuidora de Bebida Ltda.<br>• Walter Cordeiro Filho<br>• Web7 Digital |
| Formal Service Request Sent to Brazil's Central Authority on August 8, 2024 | • Lucas Giacomolli<br>• Matheus Dutra Silva<br>• Opus Assessoria e Promocoes Artisticas Ltda. d/b/a Opus Entretenimento |
| Formal Service Request Sent to Brazil's Central Authority on August 21, 2024 | • Banco Rendimento S.A.<br>• Hits Entretenimento, Ltda.<br>• Iara Galdino da Silva<br>• Nilo Country Empreendimentos Imobilario SPE Ltda. |
| Formal Service Request Sent to Brazil's Central Authority on September 4, 2024 | • Fernanda Alves De Souza |
| Formal Service Request Sent to Brazil's Central Authority on September 10, 2024 | • Altavista Romão Sociedade Individual de Advocacia f/k/a Schunck Advogados<br>• Marlon Duarte de Souza, a/k/a MDS Trade Solutions |

The Trustee has not made a formal service request to the Central Authority in Brazil with respect to the following defendants because the Trustee lacks information about the defendant's address sufficient for the Central Authority to effectuate service in Brazil: Multiservicos Ltda., Adriano Da Silva Amorim, Arts Gestora e Administradora, Clovis S. Amorim, Elvis Henrique F. Silva, Francisco Bonates, Gabriel Maria D. Centeno, Guilherme Ramao, Jacqueline Ferreira Siqueira, Maerlon Duarte De Souza, Raynara G.S. Amorim, Rodrigo Martins de Mello, Vinicius Oliveira Mendes, and Whesley Souza. As previously noted, however, the Trustee continues to work with private investigators and counsel in Brazil to identify addresses for these individuals and entities so that formal requests for service can be issued to the Brazilian Central Authority.

**B. The Trustee Has Sent Formal Service Requests to the Chinese Central Authority for Almost All of the Defendants in China.**

China is home to the second largest proportion of the Foreign Defendants, and the Trustee has made significant progress towards serving most of those defendants through the Central Authority in China. The table below identifies the defendants for whom the Trustee has made formal requests for service to the Central Authority in China and the date on which the request was made. To date, the Chinese Central Authority has not returned proof of service for any of these defendants to the Trustee.

| Service Status | Defendants |
|---|---|
| Formal Service Request Sent to China's | • Anhui Shengjiuding Auto Parts Co. |

| | |
|---|---|
| Central Authority on August 30, 2024 | • Changzhou Nantai Gas Spring Co. Ltd.<br>• Foshan Besthouse Ceramics Co. Ltd.<br>• Foshan Winchain Import and Export<br>• Haining Mingshuai Technology<br>• Hebei Jiuye Cookware Co., Ltd.<br>• Hefei Dayu Fitness<br>• Hengshui Guangxing Screens Co. Ltd<br>• Jiaxing Epont Import & Export Co. Ltd.<br>• Kilomax International Limited<br>• Ningbo Dingjia Auto Parts<br>• Ningbo General Union Co. Ltd.<br>• Ningbo Jin Mao Import and Export Co.<br>• Ningbo Jumson International Trade<br>• Ningbo Topwin Co., Ltd.<br>• Shasnxi Dursafety Materials Co., Ltd.<br>• Shanghai Nar Industrial Co. Ltd.<br>• Shaoxing Keqiao<br>• Taizhou Kele Hse Industry Co. Ltd<br>• Tianjin Cutprint CNC Technology<br>• Wenling Jiafeng Machinery Co. Ltd.<br>• Wenzhou Fato Mechanical Electrical<br>• Wenzhouzhonglong Trading Co. Ltd.<br>• Xiamen Careful Imp. and Exp. Co. Ltd<br>• Xiamen Hongjing Industry & Trade<br>• Xiamen Sunroy Import and Export<br>• Yiwu Acorn Import and Export Co. Ltd.<br>• Yiwu Najia Import and Export Co., Ltd.<br>• Yiwu Primula Import and Export Co., Ltd.<br>• Yiwu Sheng Commodity Purchase<br>• Yiwu Sunflower Imp and Exp. Co. Ltd.<br>• Yiwu Xiawei Import and Export Co. Ltd.<br>• Yuyao Forever Star Sprayer<br>• Zhangzhou Dongrong Motor Technology<br>• Zhejiang Liya Vehicle Co. Ltd.<br>• Zhejiang Zhongyu Industry<br>• Zhuzhou OBT Carbide Tools Co. Ltd. |
| Formal Service Request Sent to China's Central Authority on September 6, 2024 | • Ningbo Free Trade Zone Youngcom Int.<br>• Taizhou Kele Hse Industry Co. Ltd.<br>• Yiwu Lotus Imp. And Exp. Co., Ltd.<br>• Yiwu Paradise Imp and Exp. Co., Limited.<br>• Yiwu Sunting International Trade Co., Ltd. |
| Formal Service Request Sent to China's Central Authority on September 10, 2024 | • China Base Ningbo Foreign Trade<br>• Qingdao Qixiang International<br>• Qingdao Shining Road Tyre Co. Ltd. |

The Trustee has not made a formal service request to the Central Authority in China with respect to the following defendants because the Trustee lacks information about the defendant's address sufficient for the Central Authority to effectuate service in China: Unvir Co. Limited; Zhuji Weiwei Import and Export Co., Ltd.; Jiang Epont Import and Export Co, Ltd; and Jinan Jinbao. Professionals working on behalf of the Trustee are searching for addresses for these individuals and entities so that formal requests for service can be issued to the Chinese Central Authority.

### 3. Status of Service on Other Defendants in Hague Convention Countries.

The Complaint names approximately 29 defendants in the following other countries which are signatories/parties to the Hague Convention: the Bahamas, Hong Kong, India, Italy, San Marino, Singapore, Turkey, and the United Kingdom. The service status for each of those defendants is reflected in the table below.

| Country | Defendants | Service Status |
|---|---|---|
| Bahamas | • Global Empire Ltd.<br>• Global Empire Holding Ltd. | Formal request for service made to Bahamian Central Authority on 9/10/24. |
| Hong Kong | • Asia Yarn Group Limited<br>• Chi Long Electronic Co., Limited<br>• Elite Electric Appliance Manufacture<br>• Getwell Trading Limited<br>• HK Naga Import & Export Limited<br>• Hui Sheng Silver Jewelry Co. Ltd.<br>• Innovision Multimedia Limited<br>• INTCO<br>• Ligo Product Limited<br>• Sammi NS Trade Limited<br>• SPK International Inlimited<br>• Yiwu Zongheng Import and Export Co. | Formal request for service made to Hong Kong Central Authority on 9/10/24. |
|  | • Chan Shun Ming<br>• Chang Yuk King | Investigation ongoing to identify the defendant's address for service. |
| India | • Elegant Silver Jewellery | Formal request for service made to Indian Central Authority on 9/10/24. |
|  | • Lord Krishna Overseas | Investigation ongoing to |

|  |  |  | identify the defendant's address for service. |
|---|---|---|---|
| Italy | | Better Silver Spa | Formal request for service made to Italian Central Authority on 9/10/24. |
| | | C.D.I.S.P.A<br>Chrysos Spa | Investigation ongoing to identify the defendant's address for service. |
| San Marino | | Denver Spa | Formal request for service made to San Marino Central Authority on 9/10/24. |
| Singapore | | Foshan Winner Furniture Co. Ltd. | Formal request for service made to Singapore Central Authority on 9/10/24. |
| Turkey | | Moment Kiwyqa Erp Kuyumculuk Dis | Formal request for service made to Turkish Central Authority on 9/10/24. |
| | | K13 Sistem Danismanlik Ltd. Sti | Investigation ongoing to identify the defendant's address for service. |
| The United Kingdom | | Albemo Trading and Finance U.K. Ltd. | Formal request for service made to United Kingdom Central Authority on 9/10/24. |

### 4. Countries Not Party to the Hague Convention

Finally, the Complaint names approximately 14 defendants in countries that are not parties to the Hague Convention—five in Taiwan (1st Sports Corp, Air Plus Power Corporation, Kilomax International Limited, Nice Match International Co., Ltd., and Ritek Corporation), eight in Thailand (America Thai Joyas Co., Ltd., Lucky Global Import and Export Co., Ltd., Morning Glory Evergreen Co., Ltd., P&P Silver Factory, Rainbow Silver Co., Ltd., Silver Land, Star Silver By Princess, and Top Silver), and one in the United Arab Emirates (Michael Panzeri).[4] With respect to these defendants, the Trustee intends to move the Court, pursuant to Rule 4(f)(3), to permit service via an international courier such as DHL or to serve via rogatory letters pursuant to Rule 4(f)(2).

\*     \*     \*

We thank the Court for its attention to this matter and will provide any further information needed to address the issues set forth in the Order.

---

[4] While the Complaint does not identify an address for defendant Michael Panzeri, *see* Complaint, ¶ 133, the Trustee has subsequently uncovered information suggesting that he resides in the United Arab Emirates.

Respectfully submitted,

Eric T. Kanefsky, Esq., Senior Partner
Calcagni & Kanefsky LLP

cc (via ECF):  all counsel of record

# EXHIBIT A

## VERIFIED RETURN OF NON-SERVICE

**State of New Jersey**   County of

Case Number: 3:24-CV-04647-ZNQ-RLS

Plaintiff:
**EDWIN H. STIER, ESQ**

vs.

Defendant:
**DIEGO POSSEBON, ET AL.,**


SOP2024000625

For:
Daniel Stolz, Esq.
GENOVA BURNS LLC
440 Broad Street
Newark, NJ 07102

Received by SERVICE OF PROCESS, INC. on the 12th day of April, 2024 at 3:26 pm to be served on **Fernanda Alves De Souza, 851 NE 1st Avenue Unit 3408, Miami, FL 33132**.

I, HENRY PINTO, do hereby affirm that on the **1st day of May, 2024** at **8:26 pm**, I:

**NON-SERVED** the **SUMMONS IN A CIVIL CASE AND COMPLAINT** for the reason that I failed to find **Fernanda Alves De Souza** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
5/1/2024 8:26 pm Attempted service at 851 NE 1st Avenue Unit 3408, Miami, FL 33132 knocked several times, no answer, no noise and no one came to the door.
4/27/2024 9:05 am Attempted service at 851 NE 1st Avenue Unit 3408, Miami, FL 33132 SATURDAY knocked several times, no answer, no noise and no contact made.
4/24/2024 6:51 pm Attempted service at 851 NE 1st Avenue Unit 3408, Miami, FL 33132 knocked several times, no answer, no noise and no contact made.
4/18/2024 7:27 pm Attempted service at 851 NE 1st Avenue Unit 3408, Miami, FL 33132 knocked several times, no answer, no noise, no contact made and no information from security.

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the Judicial Circuit in which the process was served. Under penalty of Perjury, I declare the facts contained herein are true and correct to the best of my knowledge.

**HENRY PINTO**
#2351

**SERVICE OF PROCESS, INC.**
**P.O. BOX 653653**
**Miami, FL 33265**
**(305) 226-6809**

Our Job Serial Number: SOP-2024000625

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a