# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN H. STIER, ESQ., AS WIND DOWN TRUSTEE FOR MLS BERKOWITZ INVESTMENTS, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>DIEGO POSSEBON, *et al.*<br><br>    *Defendants*. | Case No. 3:24-cv-04647-GC-RLS<br><br>**(SO-ORDERED) STIPULATION** |

    Plaintiff, Edwin H. Stier, Esq., as the Wind-Down Trustee for MLS Berkowitz Investments, LLC (the "Trustee") and Defendant Miami Waterfront Ventures LLC ("Miami Waterfront," and, with the Trustee, the "Parties") respectfully submit the following stipulation seeking a stay of litigation between the Parties:

    WHEREAS, Miami Waterfront entered into a pre-construction purchase agreement for a condominium in Miami, Florida (the "Condominium") with Larissa Carvalho Possebon ("Possebon");

    WHEREAS, Defendant Fidelity National Title Insurance Co. ("Fidelity") was the title company and escrow agent for the purchase of the Condominium;

    WHEREAS, the Trustee, through his complaint in this action (the "Complaint"), seeks, *inter alia*, the turnover of: (i) $912,500 disbursed to Miami Ventures in connection with the purchase of the Condominium, and (ii) all funds being held in escrow by Fidelity related to the Condominium purchase;

    WHEREAS, on June 17, 2024, Fidelity answered the Complaint and filed a Counterclaim and Crossclaim for Interpleader, pursuant to 28 U.S.C.§ 1335, against the Trustee and defendants

Monique Levy ("Levy"), Empire Strong International Business Intermediation One LLC ("Empire Strong"), Miami Waterfront, and Possebon;

WHEREAS, on June 17, 2024, Fidelity filed an order to show cause seeking, among other things, to deposit with the Court $3,337,500.00 being held in escrow by Fidelity (the "Escrow Funds") in connection with the Condominium purchase (the "Order to Show Cause");

WHEREAS, on June 7, 2024, the Trustee filed a motion, pursuant to Fed. R. Civ. P. 4(f), seeking permission to serve the Summons and Complaint on Possebon by alternative means, which Possebon opposed;

WHEREAS, on August 13, 2024, Fidelity submitted a Consent Order to the Court (the "Consent Order"), agreed to by the Trustee, Levy, and Miami Waterfront, authorizing Fidelity to deposit the Escrow Funds with the Court and resolving the Order to Show Cause;

WHEREAS, Possebon has taken no position as to the Order to Show Cause or the Consent Order;

WHEREAS, Miami Waterfront has not answered or otherwise responded to the Complaint; and

WHEREAS, the Parties have entered into agreement to resolve the Trustee's claims against Miami Waterfront (the "Settlement");

IT IS HEREBY AGREED, subject to the Court's approval, that:

(i) all litigation activities between the Parties shall be stayed pending the resolution of the Order to Show Cause or the entry of the Consent Order, whichever occurs first;

(ii) the Trustee will file a notice of voluntary dismissal regarding his claims against Miami Ventures within five (5) business days of the earlier of the Court's resolution of the Order to Show Cause or entry of the Consent Order; and

(iii) This Stipulation applies solely to the Trustee's claims against Miami Waterfront and does

not affect any other parties in this case.

Dated: November 20, 2024

Genova Burns, LLC                                    Hinshaw & Culbertson LLP

By: */s/ Daniel M. Stolz*                             By: */s/ Melissa N. Licker*
    Daniel M. Stolz, Esq.                                 Melissa N. Licker, Esq.

   *Attorney for the Trustee*                           *Attorney for Miami Waterfront*


**SO ORDERED:**

_____
Hon. Rukhsanah L. Singh, USMJ

Dated: _____, 2024