**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWIN H. STIER, ESQ., AS WIND DOWN TRUSTEE FOR MLS BERKOWITZ INVESTMENTS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>DIEGO POSSEBON, *et al.*<br><br>*Defendants*. | Case No. 3:24-cv-04647-GC-RLS<br><br><br><br>**STIPULATED**<br>**CONFIDENTIALITY ORDER** |

    **IT IS HEREBY STIPULATED AND AGREED** by and between Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC (the "Trustee") and Coinbase, Inc. ("Coinbase") (each a "Party" and collectively, the "Parties"), that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

    1. Coinbase shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Coinbase shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

    2. All Confidential material shall be used by the Trustee, as the receiving party, solely for purposes of the prosecution or defense of this action, shall not be used by the Trustee for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Trustee to anyone other than those set forth in Paragraph 3 with respect to Confidential material unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court. It is, however, understood that counsel for a Party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

    3. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action) and relevant in-house counsel for the parties;

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as **Exhibit A** or such other form as may be agreed by the parties;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the Party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(g) The Parties to this Stipulated Confidentiality Order. In the case of Parties that are corporations or other entities, "Party" shall mean executives, or employees who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit.

4. Confidential material shall be used only by individuals permitted access to it under Paragraph 3. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the Party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. With respect to any depositions that involve a disclosure of Confidential material of a Party or Non-Party, such Party or Non-Party shall designate the transcript as containing Confidential material during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other Parties or non-parties of which portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 3 for Confidential material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3, during said thirty (30) days. Upon

being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

6. If counsel for a Party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a) Counsel for the objecting Party shall serve on the designating Party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating Party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating Party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b) If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. Any document designated "Confidential" which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

8. If the need arises during trial or at any hearing before the Court for any Party to disclose Confidential material, it may do so only after giving notice to the producing Party and as directed by the Court.

9. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

10. This Confidentiality Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

11. This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

12. Upon final conclusion of this litigation, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material or to destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order.

STIPULATED BY:

For Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC:

/s/ *Eric T. Kanefsky*
Calcagni & Kanefsky, LLP
One Newark Center
1085 Raymond Blvd., 14th Floor
Newark, New Jersey 07102


For Coinbase, Inc.:

/s/ *Amanda L. Cottrell*
Sheppard, Mullin, Richter & Hampton LLP
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201


IT IS SO ORDERED.

Dated: November 20, 2024

_____, U.S.M.J.
Rukhsanah L. Singh

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN H. STIER, ESQ., AS WIND DOWN TRUSTEE FOR MLS BERKOWITZ INVESTMENTS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>DIEGO POSSEBON, *et al.*<br><br>*Defendants*. | Case No. 3:24-cv-04647-GC-RLS<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

**IT IS HEREBY STIPULATED AND AGREED** by and between the atto
I, _____, being duly sworn, state that:

  1. My address is _____.

  2. My present employer is _____ and the address of my present employment is _____.

  3. My present occupation or job description is _____.
  .

  4. I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

  5. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential material or any words, summaries, abstracts, or indices of Confidential material disclosed to me.

  6. I will limit use of Confidential material disclosed to me solely for purpose of this action.

  7. No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____[Name]