Bruce J. Duke, Esq. (BD0077)
DUKE LAW FIRM
141-I Route 130 South, #380
Cinnaminson, NJ 08077
(848) 208-1030
bruce@bdukelawfirm.com

Gabriela Menna Barreto Scanlon (*pro hac
vice* application forthcoming)
MB SCANLON PLLC
4301 50th Street NW, 1st Floor
Washington, D.C., 20016

*Attorneys for Defendants Alexandre Schutz
Ribas, A.S.R. Assessoria Empresarial LTDA
and Schutz Assessoria Empresarial LTDA*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN H. STIER, ESQ., AS WIND DOWN TRUSTEE FOR MLS BERKOWITZ INVESTMENTS, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>DIEGO POSSEBON, *et al.,*<br><br>            Defendants.<br>. | Case No. 3:24-cv-04647-ZNQ-RLS<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS ALL CLAIMS AGAINST ALEXANDRE SCHUTZ RIBAS, A.S.R. ASSESSORIA EMPRESARIAL LTDA., AND SCHUTZ ASSESSORIA EMPRESARIAL LTDA.**<br><br>**<u>Motion Date</u>: January 6, 2025** |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... ii

PRELIMINARY STATEMENT ........................................................................ 1

I.     RELEVANT PROCEDURAL HISTORY .......................................... 3

II.    SUMMARY OF THE ARGUMENT ................................................. 3

III.   ARGUMENT ..................................................................................... 5

   A.   COUNT VI AGAINST DEFENDANTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ................................................................................. 5

      1.   The Trustee Has Not Identified Applicable State Statute To The Alleged Fraud     5

      2.   The Trustee Further Fails to Plead the Fraudulent Transfer with Particularity under Rule 9(b)'s Heightened Pleadings Requirements .................................................... 6

      3.   The Trustee Fails to Plead Any Specific Badges of Fraud Against Defendants 8

      4.   The Trustee Has Not and Cannot Allege Transferee Status of Defendants ...... 9

      5.   The Complaint Does Not Meet the Pleading Requirements for a Claim by the Trustee Under § 544 of the Bankruptcy Code ................................................................. 10

   B.   THE TRUSTEE FAILS TO STATE A CLAIM FOR AIDING AND ABETTING AGAINST DEFENDANTS (COUNT VII) ..................................................... 10

   C.   THE TRUSTEE FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT AGAINST DEFENDANTS (COUNT VIII) .......................................... 12

   D.   THE TRUSTEE FAILS TO STATE A CLAIM FOR CONVERSION AGAINST DEFENDANTS (COUNT IX) ........................................................... 12

   E.   COUNTS VI, VII, VIII, AND IX IMPERMISSIBLY GROUP DEFENDANTS WITH DOZENS OF OTHER DEFENDANTS WITHOUT SPECIFYING DEFENDANTS' ALLEGED CONDUCT ........................................... 13

   F.   THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO INVOKE THIS COURT'S JURISDICTION OVER DEFENDANTS ............... 14

IV.    CONCLUSION ............................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

*3 Lab, Inc v. Kim,*
No. 07-1056, 2007 WL 2177513 (D.N.J. July 26, 2007)............................................................23

*American General Life Ins. Co. v. Altman Family Ins. Trust.*
2009 WL 5214027 (D.N.J. Dec 22, 2009)..............................................................................14

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ......................................................................................................9, 10

*Bell Atl. v. Twombly,*
101 F.3d 873, 874 (2d Cir. 1996)...........................................................................................9

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985)............................................................................................................24

*Castro v. NYT Television,*
370 N.J. Super 282 (App. Div. 2004).....................................................................................16

*Chanel, Inc. v. Matos,*
133 F. Supp. 3d 678 (D.N.J. 2015) ........................................................................................22

*Daimler AG v. Bauman,*
571 U.S. 117 (2014) ............................................................................................................22

*Durkin v. Shields,*
No. 92–1003–IEG, 1997 WL 808651 (S.D.Cal. June 5, 1997)..................................................12

*El Mujaddid v. Brewer,*
808 F. App'x 73 (3d Cir. 2020)..............................................................................................18

*Feldman v. Chase Home Fin,*
421 B.R. 164 (Bankr. E.D. Pa. 2009)......................................................................................18

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,*
141 S.Ct. 1017 (2021) ........................................................................................................24

*Frazier v. Se. Pa. Transp. Auth.,*
785 F.2d 65 (3d Cir. 1985) ...................................................................................................20

*Frederico v. Home Depot,*
507 F.3d 188 (3d Cir. 2007) .................................................................................................13

*George Shapiro v. Suga,*

No. 16-4068, 2016 WL 3951379 (D.N.J. July 21, 2016)...........................................................20

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011) .....................................................................................................22, 24

*Gov't Employees Ins. Co. v. Adams Chiropractic Ctr. P.C.,*
2020 WL 881514 (D.N.J. Feb. 24, 2020)......................................................................16

*Helicopteros Nacionales de Colom., S.A. v. Hall*
    466 U.S. 408 (1984) ..........................................................................................................22

*Hynson v. City of Chester Legal Dep't,*
    864 F.2d 1026 (3d Cir. 1988) ...........................................................................................20

*In re Global Link Telecom Corp.,*
327 B.R. 711 (Bankr. D. Del. 2005) .................................................................................11

*In re Hooker Investments, Inc.,*
    155 B.R. 332 (Bankr. S.D.N.Y. 1993...............................................................................19

*In re Image Masters Inc.,*
    421 B.R. 164 (Bankr. E.D. Pa. 2009)...............................................................................18

*In re Norvergence, Inc.,*
    405 B.R. 709 (Bankr. D.N.J. 2009) ...........................................................................13, 14

*In re Oakwood Homes Corp.,*
325 B.R. 696 (Bank. D. Del. 2005)...................................................................................12

*In re Western States Wholesale Nat. Gas Antitrust Litig.,*
    715 F.3d 716 (9th Cir. 2013) ............................................................................................24

*Jurista v. Amerinox Processing, Inc.,*
    492 B.R. 707 (D.N.J. 2013) ..............................................................................................12

*Kanter v. Barella,*
489 F.3d 170 (3d Cir. 2007) ..............................................................................................12

*LTL Mgmt. LLC v. Emory,*
    No. CV233649ZNQRLS, 2024 WL 1928825 (D.N.J. Apr. 30, 2024) .............................23, 24

*Meisleman, et al. v. Hamilton Farm Golf Club, LLC,*
    No. Civ.A.11–0653, 2011 WL 3859846 (D.N.J. Sept. 1, 2011)..............................15

*Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino,*
    960 F.2d 1217 (3d Cir. 1992) ..........................................................................................*25*

*Mills v. Ethicon,*

406 F.Supp.3d 363 (D.N.J. 2019) ............................................................................20

*Mo v. JPMorgan Chase Bank, N.A.,*
   849 F. Supp. 2d 439 (D.N.J. 2012) ........................................................................16

*Morales,*
   2023 WL 5003891 (D.N.J.) ....................................................................................20

*Muhammad v. United States Bd. of Governors Postal Sys,*
   574 F. App'x 74 (3d Cir. 2014) ..............................................................................12

*Neilson v. Union Bank of California, N.A,*
90 F. Supp. 2d 1101 (C.D. Cal. 2003) .......................................................................12

*OHC Liquidating Trust v. Nucor Corp.,*
   325 B.R. 696 (Bank. D. Del. 2005) ........................................................................12

*O'Connor v. Sandy Lane Hotel Co.,*
   496 F.3d 312 (3d Cir. 2007) ..................................................................................24

*Phillips v. County of Allegheny,,*
   515 F.3d 224 (3d Cir.2008) ...................................................................................10

*Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,*
   819 F.2d 434 (3d Cir. 1987) ..................................................................................25

*Ramirez v. STi Prepaid LLC,*
   644 F. Supp. 2d 496 (D.N.J. 2009) ........................................................................11

*Redi-Data, Inc. v. Spamhaus Project,*
   No. 20-17484, 2022 WL 3040949 (D.N.J. Aug. 2, 2022)......................................24

*SalandStacy Corp. v. Freeney,*
   2012 U.S. Dist. LEXIS 38141 (D.N.J. Mar. 21, 2012) .........................................17

*S.E.C. v. Lucent Techs., Inc.,*
   363 F. Supp. 2d 708 (D.N.J. 2005) ........................................................................13

*Singletary v. Equity Source Home Loans, LLC,*
   659 B.R. 43 (Bankr. D.N.J. 2024).........................................................................12

*Truong v. Kartzman,*
   No. Civ.A.06–5511, 2007 WL 1959259 (D.N.J. July 5, 2007) .............................25

**Statutes**

28 U.S.C. § 1782................................................................................................passim

iv

**PRELIMINARY STATEMENT**

This case involves allegations against Defendant Diego Possebon ("Possebon"), who, together with other entities in Brazil, fraudulently induced MLS Berkowitz Investments ("MLS") and its costumer and principal creditor Gerald Metals SARL ("Gerald") into purchasing millions of dollars of gravel dust, misrepresenting it as tin concentrate. Plaintiff is the Wind Down Trustee for MLS, Edwin H. Stier, Esq. ("Plaintiff" or "Trustee").

According to Plaintiff's Complaint, the supposedly fraudulent scheme has its origins in 2022, when Possebon, a Brazilian businessman, convinced MLS to purchase several containers of tin concentrate sourced from Brazil and which were, in turn, sold to Gerald (the "2022 Transaction"). (ECF No. 1, ¶2). In 2023, Possebon again engaged MLS in a new transaction (the "2023 Transaction"), involving 129 separate containers of tin concentrate. However, as later found out by MLS and Gerald, the content was composed of "worthless gravel dust." (ECF No. 1, ¶3)

As alleged by Plaintiff, this fraud caused MLS a financial loss of nearly $50 million, which aggravated MLS's financial situation that ultimately led to its bankruptcy. (ECF No. 1, ¶¶8-9) Now, the Trustee seeks to hold the perpetrators of the fraud accountable for the alleged harm. (ECF No. 1, ¶9)

Plaintiff alleges that the "nearly $50 million in funds that were paid by MLS and funneled through Empire Strong, Metalsur, and other channels were ultimately disbursed (directly or indirectly) to the following recipients" which "knew, or should have known, that the funds they received were the product of an unlawful scheme". (ECF No. 1, ¶46). Alexandre Schutz Ribas, A.S.R. Assessoria Empresarial Ltda., and Schutz Assessoria Empresarial Ltda (collectively, "ASR Defendants") are included in this list of alleged "recipients", even though they never had notice of any suspicious transactions with Empire Strong, Metalsur, or

1

Possebon. The ASR Defendants never conducted any transactions with any of the other Defendants listed in the Complaint nor received funds originating from New Jersey, not having notice or knowledge of the alleged fraudulent scheme until they were served with subpoenas.

Defendants are barely mentioned in the Complaint. In fact, Defendants alleged support to the scheme is based on the knowledge of wire transfers made by Possebon to Defendants. According to the Complaint, a total of $127,760.00[1] would have been transferred to Defendants. (ECF No. 1, ¶349) Based on these transfers, Plaintiff alleges that Defendants knew or should have known about the fraudulent scheme and, therefore, would have to return the funds to Plaintiff. (ECF No. 1, ¶¶433-438) In addition, Plaintiff alleges that Defendants would be unjustly enriched if retained the money originated in the wire transfers. (ECF No. 1, ¶¶444-448) Considering all these allegations, Plaintiff demands judgment against the Recipient Defendants, including Defendants, for "(i) full restitution, (ii) the imposition of a constructive trust for all monies received, (iii) compensatory, consequential, and special damages, (iv) punitive damages, (v) attorney's fees and costs of suit, (vi) prejudgment and post-judgment interest, and (vii) such other and further relief as the Court may deem just and equitable." (ECF No. 1, ¶452)

Plaintiff, however, does not provide any evidence or statement on how these wire transfers could be related to the fraudulent scheme nor how Defendants could have known about it. Plaintiff does not identify the origin or nature of the transfers, nor does it identify a link to the alleged fraud or Defendants' intent to act fraudulently that would attribute to Defendants liability for any wrongdoings. These pleading defects fall short of the requirements of Fed. R. Civ. P. ("FRCP") 8 and FRCP 9(b).

---

[1] Specifically, $28,160.00 to A.S.R. Assessoria Empresarial Ltda., $ 39,440.00 to Alexandre Shcutz Ribas, and $59,160,00 to Schutz Assessoria Empresarial Ltda. *See* ECF No. 1, ¶349.

The Trustee fails its burden to set all requirements to identify Defendants as "Recipient Defendants" under 11 U.S.C. § 550. Accordingly, the Trustee fails to satisfy its burden to plead and prove the transfer was not for value, in good faith, or without knowledge of the voidability. The Trustee also fails to plead essential elements of the alleged causes of action against Defendants.

Finally, all transactions conducted between Defendants and Possebon occurred within the Brazilian jurisdiction, in Brazilian national currency, *real*, lawfully and with no relation with any of the facts described by Plaintiff in this action. Therefore, if any claim would arise from these transactions, only Brazilian courts would be entitled to decide upon them, not this district court.

The Court should thus grant this motion in its entirety and enter an order dismissing all claims and causes of action alleged against Defendants with prejudice.

## RELEVANT PROCEDURAL HISTORY

Plaintiff's Complaint was filed on April 08, 2024, and Defendants filed a Waiver of the Service of Summons on September 03, 2024. (ECF No. 189), in which they acknowledged the term for filing an answer or a motion to dismiss.

## SUMMARY OF THE ARGUMENT

The Trustee's attempt to recover funds allegedly paid to finance a fraudulent scheme shall not result in an unlawful and meritless quest for holding accountable individuals and entities which have no relationship with the transactions occurred and which never had any notice of the alleged scheme.

Defendants never took notice of the so-called "2022 Transaction", the "2023 Transaction", or any other transactions conducted by Possebon, or any other Defendant, with

Plaintiff. Defendants have no relation or involvement in mining, sampling, or inspecting Brazilian tin for export, nor do any business related to this market.

Notwithstanding, Plaintiff seeks relief from this Court against Defendants under Count VI (Recovery of Fraudulent Transfers), Count VII (Aiding and Abetting), Count VIII (Unjust Enrichment), and Count IX (Conversion). However, being all Counts based upon an alleged fraud, the Trustee fails to plead a viable claim against Defendants because: (1) the Complaint does not specify which statute underpins the claim or plead those essential elements; (2) the Trustee further fails to plead the essential elements of a fraudulent transfer with requisite particularity under Rule 9(b); (3) the Complaint does not provide the elements of fraud to substantiate a claim for intentional fraudulent transfer against Defendants; (4) it does not allege that Defendants received a transfer of the debtor's property or any transfer in which the debtor held an interest; (5) the Trustee has not sufficiently pled Defendants' status as transferees; (6) it does not allege any actual or potential incidental benefits to Defendants; and (7) it does not meet the requirements of § 544 of the Bankruptcy Code. 11 U.S.C. § 544; Fed. R. Civ. P. 12(b)(6), 8, 9(b).

Ultimately, the Complaint fails to specify Defendants' alleged unlawful conduct and its link, if any, to the fraudulent scheme, focusing and specifying only on the actions of parties that have no nexus to Defendants.

Moreover, the Trustee also fails to plead the necessary factual allegations to establish the Court's subject matter jurisdiction, or that the Courts in this District have personal jurisdiction over Defendants, which it does not.

Even at this early pleading stage, the Court can determine that this case must be dismissed in relation to Defendants.

4

# ARGUMENT

## A.  COUNT VI AGAINST DEFENDANTS SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

A motion to dismiss under Rule 12(b)(6) assesses whether the allegations in a complaint are sufficient to sustain a claim and it may be "granted only if the court concludes that plaintiff has failed to set forth sufficient facts to state a claim for relief that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Fleisher v. Standard Ins. Co.,* 679 F.3d 116, 120 (3d Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007).

In addition, the Complaint is also bound by FRCP 8, which states that "a pleading that states a claim for relief must contain … a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), and that each allegation must be "simple, concise and direct". Fed. R. Civ. P. 8(a)(1).

When it comes to fraud claims, the complainant is also subject to the heightened pleading standards of FRCP 9(b). The complainant must then "state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally". Fed. R. Civ. P. 9(b). None of these requirements, however, has been met by the Trustee.

### 1.  The Trustee Has Not Identified Applicable State Statute To The Alleged Fraud

Count VI fails to specify the applicable state statute supposedly governing the avoidance claim. Without clarity on which state or foreign laws apply, it is impossible for either the Court or Defendants to determine what laws Defendants are allegedly violating. The federal

5

pleading standards do not require Defendants to guess or infer the applicable laws. *See, e.g., Muhammad v. United States Bd. of Governors Postal Sys.*, 574 F. App'x 74, 74-75 (3d Cir. 2014) (finding plaintiff's complaint failed to reveal any factual or legal basis for a federal claim; thus, dismissal was appropriate); *Durkin v. Shields,* No. 92–1003–IEG (LSP), 1997 WL 808651, *11 (S.D.Cal. June 5, 1997) ("A trustee may assert state-law theories of fraudulent transfer under 11 U.S.C. § 544(b), which permits a trustee to 'avoid any transfer of an interest of the debtor in property that is voidable under applicable law by an unsecured creditor with an allowable claim,'" quoting 11 U.S.C. § 544(b)).

The 3rd Circuit Court of Appeals found that Federal Courts "generally limit recovery under § 544(b)(1) to those claims that a creditor of the estate could avoid as fraudulent under applicable state law." *Neilson v. Union Bank of California, N.A.,* 290 F. Supp. 2d 1101, 1144 (C.D. Cal. 2003). Here, the Plaintiff, however, does not specify any applicable state rule to the avoidance claim.

### 2. The Trustee Further Fails to Plead the Fraudulent Transfer with Particularity under Rule 9(b)'s Heightened Pleadings Requirements

According to the Trustee's allegations, Defendants "knew, or should have known, that the funds they received were the product of an unlawful scheme". (ECF No. 1, ¶436) In spite of these allegations, the Trustee fails to meet the pleading requirements established by the United States Supreme Court as the *Twombly* Statements. Trustee does not provide *any* evidence or statement to ascertain *how* could Defendants have known about the origin of those funds. Specificity in pleading is necessary "lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value.'" *Twombly*, 550 U.S. at 557-58 (citing *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 125 S. Ct. 1627 (2005)).

To ascertain a claim of fraud, the claim must be pleaded in accordance with Rule 9(b), which requires that "[T]o meet the particularity requirements for pleading fraud, a

plaintiff must plead the circumstances of the alleged fraud so as to place defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior, and must allege who made a misrepresentation to whom and the general content of the misrepresentation, but need not plead the date, place or time of the fraud, so long as they use an alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Ramirez v. STi Prepaid LLC,* 644 F. Supp. 2d 496 (D.N.J. 2009). In addition, when alleging a fraud, "a party must state with particularity the circumstances constituting fraud or mistake." *Singletary v. Equity Source Home Loans, LLC*, 659 B.R. 43, 53 (Bankr. D.N.J. 2024); Fed. R. Civ. P. 9(b*); see also Jurista v. Amerinox Processing, Inc.,* 492 B.R. 707, 751 (D.N.J. 2013) (dismissing fraudulent transfer and other claims based on fraud allegations for failure to meet Rule 9(b) standards) (citing *OHC Liquidating Trust v. Nucor Corp. (In re Oakwood Homes Corp.*, 325 B.R. 696, 698 (Bank. D. Del. 2005); *see also Kanter v. Barella,* 489 F.3d 170 (3d Cir.2007) (stating that the heightened pleading requirements for fraud require that facts be plead with particularity such as the "who, what, when, where, and how" of the events at issue).

    In this case, the Trustee simply and generically provided the court with a list of alleged transfers that would have been generated within the fraud context, but, at any moment, brings evidence on the origin of those transfers and whether they were related to the "2023 Transactions". A Plaintiff, however, is required to make a "showing rather than a blanket assertion of an entitlement to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id*. at 232 (citing *Twombly*, 127 S.Ct. at 1965 n.3). Thus, stating a claim requires a complaint to "make a sufficient showing of enough factual matter (taken as true) to suggest the required elements …." *Id.* at 235. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The absence of such information not only makes it clear that Trustee fell short to comply with Rule 9(b), but it also limits Defendants' ability to "prepare an adequate answer" *In re Global Link Telecom Corp.,* 327 B.R. 711, 718 (Bankr.D.Del.2005).

### 3. The Trustee Fails to Plead Any Specific Badges of Fraud Against Defendants

Proving actual intent to commit fraud must meet certain requirements. The Third Circuit Court identifies key indicators known as "badges of fraud", those that will point to a fraudulent transaction. *Meisleman, et al. v. Hamilton Farm Golf Club, LLC*, No. Civ.A.11–0653, 2011 WL 3859846, at *8, 2011 U.S. Dist. LEXIS 98594, at *24 (D.N.J. Sept. 1, 2011) (citing *Truong v. Kartzman*, No. Civ.A.06–5511, 2007 WL 1959259, at *1–2, 2007 U.S. Dist. LEXIS 48614, at *4 (D.N.J. July 5, 2007); *In re Norvergence, Inc.,* 405 B.R. 709, 732 (Bankr.D.N.J.2009)).

The eleven commonly recognized badges of fraud are: (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation was incurred, the debtor was sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) the transfer occurred shortly before or after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. *Meisleman,* 2011 WL 3859846 at *8–9, 2011 U.S. Dist. LEXIS 98594 at *24–25 (citing N.J.S.A. § 25:2–26).

Only the finding of several badges in one transaction may provide enough evidence of an actual *intent* to defraud. *Meisleman*, 2011 WL 3859846 at *8–9, 2011 U.S. Dist. LEXIS 98594 at *25 (citing *In re Global Outreach, S.A.,* No. Civ.A.11–0620, 2011 WL 2294168, at *2, 2011 U.S. Dist. LEXIS 65106, at *5 (D.N.J. June 6, 2011)) (further citation & quotations omitted).

As already mentioned, in this case, the Trustee limited its statements on conclusions based on information and belief, with no specificity as to Defendants' conduct. *Feldman v. Chase Home Fin. (In re Image Masters Inc*.), 421 B.R. 164, 184-85 (Bankr. E.D. Pa. 2009); *El Mujaddid v. Brewer*, 808 F. App'x 73, 76 (3d Cir. 2020) ("Though the [c]omplaint is replete with legal-sounding verbiage, it contains mostly conclusory statements with no factual bases.") Defendants are not linked to the alleged fraudulent scheme and could not have known about it. *Accord Feldman*, 421 B.R. at 185 (granting dismissal after finding no such duty to investigate). Without the specific badges of fraud or a clear nexus to the fraudulent activities described by Plaintiff, the allegations made by the Trustee do not meet the threshold required for a claim of intentional fraudulent transfer.

### 4.  The Trustee Has Not and Cannot Allege Transferee Status of Defendants

The trustee seeks to recover from Defendants the allegedly "fraudulent transfers pursuant to 11 U.S.C. § 550(a)". However, Count VI ignores the immediate prescription provided by 11 U.S.C. § 550(b):

> (b)The trustee may not recover under section [1] (a)(2) of this section from—(1)a transferee that takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and without knowledge of the voidability of the transfer avoided; or (2) any immediate or mediate good faith transferee of such transferee.

11 U.S.C. § 550(b).

Therefore, in this case, the Trustee has no right to recover obtained from Defendants in good faith and with no relationship to the alleged fraudulent scheme. *In re Hooker Investments, Inc.,* 155 B.R. 332, 337 (Bankr. S.D.N.Y. 1993).

In addition, Plaintiff also failed to address Defendant's status as "transferees", whether initial, immediate, or mediate under 11 U.S.C. § 550(a), only generically categorizing them as "recipients". (ECF No. 1, ¶435). Not stating Defendants' status as transferees, the Trustee fails to meet 11 U.S.C. § 550(a) requirements.

### 5. The Complaint Does Not Meet the Pleading Requirements for a Claim by the Trustee Under § 544 of the Bankruptcy Code

The Trustee also failed to satisfy all four pleading requirements under the provisions of § 544 of the Bankruptcy Code:

1. There must be a creditor.

2. The creditor must hold an unsecured claim allowable under § 502.

3. There must be a transfer of an interest of the debtor in property.

4. The transfer must be voidable under applicable state law.

11 U.S.C. ¶ 544.

As addressed above, the Plaintiff did not specify any applicable state law under which a transaction would be voidable. Moreover, the Plaintiff does not provide details on the alleged transaction involving Defendants, or, more specifically, that it was of an interest in the debtor's property.

## B.    THE TRUSTEE FAILS TO STATE A CLAIM FOR AIDING AND ABETTING AGAINST DEFENDANTS (COUNT VII)

According to Trustee's claims under Count VII, "each of the Recipient Defendants substantially assisted Possebon and his-conspirators in perpetuating and facilitating the scheme by, among other acts, receiving funds originating from the United States for which they provided no consideration or benefit and concealing and/or transferring them to Possebon

10

or other recipients designated by him." (ECF No. 1, ¶440) These allegations led the Trustee to the conclusion that Defendants, as "Recipients" would have aided and abetted the fraud. Here, once again, Plaintiff fails to meet the standards to claim "aiding and abetting" under New Jersey law.

To state a claim for aiding and abetting, a plaintiff must show: "(1) that there has been an underlying securities violation; (2) that the alleged aider-abettor had knowledge of that act; and (3) that the aider-abettor knowingly and substantially participated in the wrongdoing." *S.E.C. v. Lucent Techs., Inc*., 363 F. Supp. 2d 708, 718 (D.N.J. 2005). In turn, "[t]o state a claim for fraud under New Jersey law, a plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (citing *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610, 691 A.2d 350, 367-368 (1997)). Thus, "[t]o the extent the underlying primary violations are based on fraud, the allegations of aiding and abetting liability must meet the particularity requirements of Fed.R.Civ.P. 9(b)." *In re Norvergence, Inc*., 405 B.R. 709, 746 (Bankr. D.N.J. 2009) (citation omitted); *American General Life Ins. Co. v. Altman Family Ins. Trust ex rel. Altman*, 2009 WL 5214027, *4 (D.N.J. Dec 22, 2009) (same).

The Trustee fails to fulfill the second and the third requirements for an aiding and abetting claim: even though it states that a violation occurred, it does not provide evidence on Defendants' knowledge of the fact, or whether they knowingly and substantially participated in the alleged fraud scheme. In fact, the Plaintiff could never provide such evidence, given that Defendants never took notice of the transactions conducted by Mr. Possebon, nor received any transfers in U.S. Dollars.

11

In addition, as stated above, the Trustee did not meet the pleading requirements under Rule 9(b), failing to state a claim of fraud and, consequently, the claim of aiding and abetting. *In re Norvergence, Inc.*, 405 B.R. 709, 746 (Bankr. D.N.J. 2009).

## C.  THE TRUSTEE FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT AGAINST DEFENDANTS (COUNT VIII)

Unjust enrichment will only occur when a defendant receives a benefit and the "retention of that benefit without the payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994); *see also Gov't Employees Ins. Co. v. Adams Chiropractic Ctr. P.C.*, 2020 WL 881514, at *4 (D.N.J. Feb. 24, 2020). Unjust enrichment claims should not survive a motion to dismiss when the pleading provides no facts showing how the defendant reaped monetary benefits or otherwise profited from plaintiff. Also, "[a] claim for unjust enrichment in New Jersey requires privity between the parties[.]" *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 460 (D.N.J. 2012). There is no privity alleged by the debtor and Defendants.

Moreover, in *Castro v. NYT Television,* 370 N.J. Super 282, 299 (App. Div. 2004) the Court explained that unjust enrichment flows either from the law of torts, or the law of contracts. However, here, the Trustee does not allege any tort or contractual relationship with Defendants that could give rise to a remedy of unjust enrichment.

Once again, Count VII only contains legal conclusions without any factual basis. Accordingly, Count VII should be dismissed pursuant to Rule 12(b)(6).

## D.  THE TRUSTEE FAILS TO STATE A CLAIM FOR CONVERSION AGAINST DEFENDANTS (COUNT IX)

The Trustee also failed to properly plead a claim for conversion, simply stating that "the Recipient Defendants have wrongfully obtained substantial monies by virtue of the fraudulent scheme." (ECF No. 1, ¶450)

Under New Jersey law, "conversion is essentially the wrongful exercise of dominion and control over the property of another in a manner inconsistent with the other person's rights in that property." *SalandStacy Corp. v. Freeney*, 2012 U.S. Dist. LEXIS 38141, 25, 2012 WL 959473 (D.N.J. Mar. 21, 2012). "The view has also been expressed that to establish a conversion claim, a plaintiff must prove that it had a possessory interest in the property, that the defendants intentionally interfered with the plaintiff's possession, and that the defendants' acts were the legal cause of the plaintiff's loss of property." 18 Am. Jur. 2d Conversion § 2(2004); "The theory behind conversion is that the actor has exerted such a major and serious interference with the plaintiff's rights to the chattel that in essence the law will force a judicial sale of the chattel upon the defendant." *LaPlace v. Briere*, 962 A.2d 1139, 1145 (N.J. Super. Ct. App. Div. 2009).

As one can see, at any moment did the Trustee establish that it had property rights over funds detained by Defendants, or that Defendants acted intentionally to interfere with its property, causing the Trustee's loss of property.

Count IX is, once again, a general statement of the applicable elements of a conversion claim in one sentence. The Trustee, again, fails to meet the *Twombly* Pleading Standard and Count IX should therefore be dismissed pursuant to Rule 12(b)(6).

**E.    COUNTS VI, VII, VIII, AND IX IMPERMISSIBLY GROUP DEFENDANTS WITH DOZENS OF OTHER DEFENDANTS WITHOUT SPECIFYING DEFENDANTS' ALLEGED CONDUCT**

The Trustee's general allegations of a "fraudulent scheme" focus, mainly, on Possebon and his affiliates. In addition, it includes Defendants, along with several other defendants, without specifying what each one of them did, restricting Defendants' right to defense. *Mo v. JPMorgan Chase Bank, N.A.,* No. 20-14387, 2021 WL 1608895, at *5 (D.N.J. Apr. 26, 2021) (dismissing breach of contract claim pursuant to Rule 8 for "impermissibly" alleging the claim "against all Defendants without alleging how they can all be liable"); *Mills*

*v. Ethicon*, 406 F.Supp.3d 363, 386-87 (D.N.J. 2019) ("group pleading … has led courts in this district to dismiss past complaints); *George Shapiro v. Suga,* No. 16-4068, 2016 WL 3951379, at *2 (D.N.J. July 21, 2016) (dismissing complaint and explaining "'[plaintiff']s complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'"); *Lee-Peckham v. Runa, LLC*, No. 14-6635, 2015 WL 150120, at *3 (D.N.J. Jan. 12, 2015) (dismissing plaintiff's complaint, explaining "[p]laintiff must present sufficient facts establishing each defendant's liability for each claim asserted"); *Burns v. City of Bayonne,* No. 12-6075, 2013 WL 3790305, at *7 (D.N.J. July 19, 2013) (dismissing complaint as "each cause of action is asserted against multiple defendants" and "does not specify which facts and which alleged actions by each defend ant purportedly give rise to the specific causes of action.").

The Trustee, trying to desperately recover funds for the debtor due to its critical financial situation, seems to seek raising funds at no matter costs, at a shotgun-pleading approach in violation of Rule 8(a)(2). *See Hynson v. City of Chester Legal Dep't,* 864 F.2d 1026, 1031 n.13 (3d Cir. 1988) (seeking to "eliminate the all too common shotgun pleading approach" because it fails "to provide the defendant with sufficient notice of the claims asserted" (citing *Frazier v. Se. Pa. Transp. Auth.,* 785 F.2d 65, 68 (3d Cir. 1985))); *see also, e.g., Morales,* 2023 WL 5003891, at *4 ("Shotgun pleadings or 'vague group pleadings' are impermissible under Rule 8." (quoting *Karupaiyan,* 2020 WL 13728036, at *2)). Therefore, these pleadings should be dismissed without prejudice.

## F.    THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO INVOKE THIS COURT'S JURISDICTION OVER DEFENDANTS

Finally, the Trustee did not even present the required facts to establish the Court's subject matter jurisdiction or demonstrate that the Courts in this District have personal jurisdiction over Defendants. Fed. R. Civ. P. 12(b)(1), (2), (6), 8, 9(b). *See LTL Mgmt. LLC v. Emory*, No. CV233649ZNQRLS, 2024 WL 1928825, at *3 (D.N.J. Apr. 30, 2024) ("Under

14

Federal Rule of Civil Procedure Rule 12(b)(2), a defendant may move to dismiss an action for lack of personal jurisdiction").

Federal courts are authorized to exercise two types of personal jurisdiction: general or specific. *See Helicopteros Nacionales de Colom., S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction exists when a defendant's "affiliations with the State are 'so continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Thus, general jurisdiction applies when an individual or corporation is domiciled in the forum state. *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N. J, 2015) (" '[A]n 'individual's domicile,' or home, constitutes the paradigmatic 'forum for the exercise of general jurisdiction.' ") (quoting *Daimler*, 571 U.S. at 137 (2014)). "With respect to a corporation, the place of incorporation and principal place of business are "paradig[m] ... bases for general jurisdiction." *Daimler*, 571 U.S. at 137. This is not the case, considering that Defendants are a Brazilian individual and two Brazilian companies, incorporated and head-quartered in Brazil. (ECF No. 1, ¶¶58-60)

Specific jurisdiction, on the other hand, allows a court to exercise jurisdiction over a non-resident defendant where: (1) the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum"; (2) the litigation "aris[es] out of or relate[s] to" those contacts; and (3) the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Goodyear*, 564 U.S. at 923-24 (alterations in original) (internal quotation marks and citations omitted). The first element, "purposeful availment," focuses "on contacts that the defendant itself generated within the forum state." *Redi-Data, Inc. v. Spamhaus Project*, No. 20-17484, 2022 WL 3040949, at *4 (D.N.J. Aug. 2, 2022) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). This element is designed to prevent defendants from "being haled into a forum 'solely as the result of random,

15

fortuitous, or attenuated contacts,' or due to the 'unilateral activity of another party or third person.' " *Id.* (quoting *Burger King*, 471 U.S. at 475); *LTL Mgmt. LLC v. Emory*, No. CV233649ZNQRLS, 2024 WL 1928825, at *3 (D.N.J. Apr. 30, 2024).

      As for the second element, "arise out of or relate to", it varies on the type of claim. *Redi-Data, Inc. v. Spamhaus Project*, No. 20-17484, 2022 WL 3040949, at *4 (D.N.J. Aug. 2, 2022) (citing *O'Connor* 496 F.3d at 317). The Court must assess whether plaintiff's claims " 'arise out of or relate to the defendant's contacts' with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S.Ct. 1017, 1025, L.Ed.2d (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, U.S. 137 S.Ct. 1773, 1780, 198 L.Ed.2d 395 (2017)). "The first half of that standard asks about causation; but the back half, after the 'or,' contemplates that some relationships will support jurisdiction without a causal showing." *Id.* at 1026; *see In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013) ("[A] lawsuit arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action." (citations omitted)). Here, the burden of establishing a nexus between the Defendants and the forum state was not met by Plaintiff. Indeed, Defendants, never conducted any transactions in this District.

      As for the final element, "only in rare cases do the minimum requirements inherent in the concept of fair play and substantial justice ... defeat the reasonableness of jurisdiction even [though] the defendant has purposefully engaged in forum activities." *3 Lab, Inc. v. Kim*, No. 07-1056, 2007 WL 2177513, at *5 (D.N.J. July 26, 2007) (alteration in original) (internal quotations and citations omitted). Only if all three elements are met can specific jurisdiction attach to a defendant. *See Goodyear*, 564 U.S. at 923-24. Again, Defendants never conducted any transactions in this District.

16

Additionally, Article III of the U.S. Constitution limits federal courts' jurisdiction to actual "cases or controversies", U.S. Const. art. III. §2. A plaintiff must demonstrate: (1) an injury-in-fact that is concrete and particularized; (2) that the injury is fairly traceable to the challenged conduct of the defendant; and (3) that the injury is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Trustee's claims focus on fraudulent actions by Possebon and others, with no direct involvement by Defendants or any link between Defendants and the alleged harm. Moreover, there is no evidence that a ruling against Defendants would address the core issues of the fraud, nor does the Complaint identify any specific Defendants transaction involved.

In fact, Defendants never received any transfers originating from New Jersey or any transfers in U.S. Dollars. The only transactions conducted between Defendants and Possebon occurred in Brazil, in Brazilian reais, and are based in Brazil's Civil Law, having no connection with this District's jurisdiction. *See Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987) ("To meet the prima facie burden, a plaintiff needs to establish 'with reasonable particularity sufficient contacts between the defendant and the forum state" to confer personal jurisdiction."").

Therefore, if the Trustee wishes to bring any claims against Defendants for the transactions – which, again, have *no relationship* with the alleged fraudulent scheme - it could only do so in a Brazilian Civil Court.

## CONCLUSION

For the reasons set forth herein, all claims and causes of action against Defendants should be dismissed with prejudice to refiling. Defendants request all such other and further relief to which they may be entitled at law or in equity.

Dated  December 1, 2024

Respectfully submitted,

**DUKE LAW FIRM**

By:    */s/ Bruce J. Duke*
Bruce J. Duke, Esq.
141-I Route 130 South, #380
Cinnaminson, NJ 08077
(848) 208-1030
bruce@bdukelawfirm.com


**MB SCANLON, PLLC,**

By    */s/ Gabriela Menna Barreto Scanlon*
Gabriela Menna Barreto Scanlon
MB SCANLON PLLC
4301 50th Street NW, 1st Floor
Washington, D.C., 20016

*Attorney for Defendants Alexandre Schutz Ribas, A.S.R. Assessoria Empresarial LTDA and Schutz Assessoria Empresarial LTDA*