

3 Executive Campus
Suite 350
Cherry Hill, NJ 08002-4127

Tel: 856.406.1278

www.fmglaw.com

**ARIELLE E. KATZ**
Associate

D: 856.406.1278
C: 856.281.4894

Arielle.Katz@fmglaw.com

December 12, 2024

<u>VIA ELECTRONIC FILING</u>

Hon. Georgette Castner, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Bldg. & Courthouse
402 E. State Street
Trenton, NJ 08608

> Re: <u>Edwin H. Stier, Esq. as Wind Down Trustee for MLS Berkowitz Investments, LLC v. Diego Possebon et al.</u>
> Case No. 3:24-cv-04647-GC-RLS

Dear Judge Castner:

On behalf of defendant Beach House 8 Condominium Association, Inc., improperly pled as Beach House & Condominium (the "Association"), we respectfully submit this letter pursuant to Your Honor's Judicial Preferences, to request a pre-motion conference concerning the Association's proposed Motion to Dismiss the Complaint.

Plaintiff's 104-page Complaint names nearly 200 Defendants, many of whom are merely extenuated recipients of the alleged fraudulent funds. The Association is named in only one substantive paragraph of the Complaint, paragraph 194, which alleges that it is a "business entity that received proceeds from the scheme." The only other mention of the Association is as a "Recipient Defendant" along with over 150 others similarly situated defendants, who allegedly received funds paid by MLS that they "knew, or should have known" were "the product of an unlawful scheme." (Compl. ¶ 46). The Association is a Florida-based entity, incorporated in Florida, with an exclusively Florida-based presence. As such, no New Jersey court has personal jurisdiction over the Defendant. Further, the Association did not receive any funds directly from any of the named defendants and Plaintiff failed to assert a predicate violation for fraudulent



December 12, 2024
Page 2

transfer as required under the Bankruptcy Code. Because of this, the Association respectfully requests that it be permitted to file a Motion to Dismiss.

### A. New Jersey cannot assert personal jurisdiction over the Association

Personal jurisdiction arises from "the defendant's activities within the forum state ('specific jurisdiction') or [ ] 'continuous and systematic' contracts with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. CA Fed. Sav. & Loan Assn.,* 819 F.2d 434, 437 (3d Cir. 1987). To determine whether personal jurisdiction exists, a federal court must look to the law of the forum in which it sits to determine if it can properly exercise jurisdiction over a nonresident. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007).

Plaintiff has failed to assert any nexus between the Association and the State of New Jersey, because there is none. The Association's sole business purpose is to maintain and administer the condominium development located at 3651 Collins Avenue, Miami Beach, Florida. In furtherance of this purpose, the Association is a Florida corporation, located in Florida, that has absolutely no contacts in New Jersey. Plaintiff's complaint does not even attempt to offer an explanation as to why New Jersey is the proper venue, as opposed to Florida, where it appears many of the Defendants reside and are incorporated, including the Association. As such, Plaintiff's complaint fails to overcome the threshold issue of jurisdiction.

### B. Plaintiff has failed to state a claim as to the Association

To overcome a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard for claims sounding in fraud is even higher – "in alleging fraud or mistake, a party must state with particularly the circumstances constituting fraud or mistake." F.R.C.P. § 9(b).

Plaintiff asserts causes of action for aiding and abetting fraud, fraudulent transfer, unjust enrichment and conversion against the Association without the necessary particularity required for allegations of fraud under the heightened pleading requirements. The heightened pleading requirement "serves important objectives: 'Rule 9(b)'s heightened pleading standard gives defendants notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." *In re Rockefeller Center Prop., Inc. Securities Litigation*, 311 F.3d 198, 212 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1417 (3d Cit. 1997).

Here, Plaintiff's cursory and barebones allegations against the Association fall far short of the threshold set by the §9(b) and appurtenant case law. The only substantive mention of the Association is that it "received funds from the scheme." There is no other information as to how the funds were received, who transferred the funds and whether the Association is alleged to have any knowledge that the funds were potentially suspect. The Complaint similarly fails to allege a

**FMG LAW** | Freeman Mathis & Gary LLP
When It Counts

December 12, 2024
Page 3

cause of action for "aiding and abetting a fraud" since it is missing the key elements of that act – namely, (1) actual knowledge of the fraud and (2) substantial assistance.

  Not only did Plaintiff fail to plead the allegations sounding in fraud with the requisite particularity, Plaintiff also did not allege an underlying violation of the Bankruptcy Code sufficient to recoup the funds under U.S.C. § 550(a). § 550(a) permits a trustee to recover fraudulently transferred funds in the case of a bankruptcy. However, in order to recover funds under § 550(a) "the bankruptcy trustee must show that the transfer is "avoidable" under an applicable section of the Code (such as §§ 544, 547, or 548). Then, a separate provision (§ 550) governs how the trustee may recover the transferred value." *Feldman as Trustee of Estate of Image Masters, Inc. v. Suntrust Bank*, 2024 WL 4123779 (E.D.Pa. Sept. 6, 2024). The Complaint does not contain any allegations pursuant to §§ 544, 547 or 548 of the Bankruptcy Code, nor does it plead any specifics as to how the transaction allegedly involving the Association is "avoidable." As such, the claim for fraudulent transfer fails for lack of a predicate violation.

  There are no allegations that the Association has been unjustly enriched, converted funds or that the retention of a benefit to the Association would be inequitable. In fact, the basis of Plaintiff's allegations against the Recipient Defendants appears to be situated on a lack of consideration for the allegedly fraudulent funds (Compl. ¶¶ 8, 46, 446). The sole function of the Association is to provide amenities and services to its residents and in return, the residents pay periodic common assessments. As such, it is not unjust or inequitable for the Association to retain any funds paid to it in satisfaction of its common assessments. The Association is not the proper defendant, but rather the individual who allegedly used the fraudulent funds to pay the Association.

  Finally it is impermissible to plead the Recipient Defendants as a group. Mere "conclusory allegations against defendants as a group" that "fail to allege the personal involvement of any defendant" are insufficient to service a motion to dismiss. *Shaikh v. Germadnig*, 2023 WL 4534127 at * 14 (D.N.J. July 13, 2023). A plaintiff must individually "establish each individual defendant's liability for the misconduct alleged." Plaintiff clearly has not done the necessary work to establish that each Recipient Defendant had a role in the alleged scheme.

  For all of the foregoing reasons, the Association respectfully requests that the Court schedule a pre-motion conference and permit the Association to file a motion to dismiss.

  We thank the Court for its consideration of this submission.

            Respectfully submitted,

            */s/ Arielle E. Katz*
            Arielle E. Katz, Esq.

Cc: All Counsel of Record (via ECF)