UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN H. STIER, ESQ., as Wind Down Trustee for MLS BERKOWITZ INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO POSSEBON, et al.,<br><br>Defendants. | Civil Action No. 24-4647 (RK) (RLS) |

## INITIAL CASE MANAGEMENT ORDER

**THIS MATTER** having come before the Court upon a review of the docket, including a review of the various correspondence from counsel to the Court; and it appearing that, due to the number of parties and the presence of multiple complex procedural and legal issues presented here, special case management and procedures would aid a fair and efficient resolution of this matter, *see* Fed. R. Civ. P. 1, 16(c)(2)(L); and the Court exercising its discretion and inherent authority to actively manage litigation,[1] *see, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-51 (1991); and for good cause shown,

---

[1] The Court asserts its expectation that professionalism, courtesy, and civility will endure throughout these proceedings. As set forth in the Manual for Complex Litigation, Fourth (hereinafter, "MCL 4th"),
> Judicial involvement in managing complex litigation does not lessen the duties and responsibilities of the attorneys. To the contrary, complex litigation places greater demands on counsel in their dual roles as advocates and officers of the court. The complexity of legal and factual issues makes judges especially dependent on the assistance of counsel.

MCL 4th § 10.21. The Court thus reminds counsel, including those appearing as *pro hac vice* counsel, of the parameters of Federal Rule of Civil Procedure 11.

**IT IS** on this **30th** day of **January 2025** hereby

**ORDERED** that, to promote the interests of judicial economy, the Court shall appoint from among defense counsel a liaison counsel who will, *inter alia*, coordinate administrative matters on behalf of the appearing defendants, including, among other things, communications between the Court and counsel, and who will assist in coordinating activities and positions. Counsel for the appearing defendants shall meet and confer and advise the Court if they have an agreement as to which counsel they would like to propose to serve in this role by no later than **February 13, 2025**. Should counsel for the appearing defendants agree as to a proposed liaison counsel, the Court will consider the proposal but retain the discretion to appoint different counsel, if appropriate. Should counsel for the appearing defendants not agree as to a proposed liaison counsel, they shall simply inform the Court that an agreement could not be reached. Absent an agreement amongst the appearing defendants, the Court will select a liaison counsel and will not entertain any motions regarding such appointment; and it is further

**ORDERED** that, in light of the pending letters seeking a pre-motion conference regarding anticipated motions pursuant to Rule 12 of the Federal Rules of Civil Procedure, as well as Plaintiff's responses thereto (*see, e.g.*, Doc. No. 231 at p. 3), counsel for the appearing defendants shall meet and confer with counsel for Plaintiff to determine if the appearing parties can stipulate to the filing of an amended complaint, without waiver of any defenses and with preservation of a defendant's right to file any responsive pleading or motion(s) as provided for under the Federal Rules of Civil Procedure. To facilitate the process, counsel for Plaintiff shall prepare and provide to counsel for the appearing defendants a redlined version of any proposed amended complaint. The appearing parties shall report back on their meet and confers by no later than **February 21,**

**2025**; and it is further

**ORDERED** that, by no later than **February 21, 2025**, counsel for Plaintiff shall file a letter addressed to the undersigned that sets forth: (1) the status of service on the foreign defendants (as updated from Plaintiff's letter dated September 12, 2024 (*see* Doc. No. 218)) and the impact, if any, on the process(es) should Plaintiff file an amended complaint; and (2) a list of appearing defendants who have: (a) filed responsive pleadings; (b) sought a pre-motion conference; and (c) not yet filed either a responsive pleading or request for a pre-motion conference (with their current deadline to respond to the Complaint); and it is further

**ORDERED** that, unless otherwise ordered by the Court, all substantive communications with the Court shall be in writing and filed on the docket. Nevertheless, the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between appearing defendants' counsel shall not be deemed a waiver of the attorney-client privilege or of the protection afforded to an attorney's work product, and cooperative efforts contemplated above shall in no way be used against any appearing defendant by Plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**SO ORDERED.**

_____
**RUKHSANAH L. SINGH**
UNITED STATES MAGISTRATE JUDGE