

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201.489.3000    201.489.1536  fax
—
New York
—
Delaware
—
Maryland
—
Texas
—
Florida
—
Washington, DC

Elizabeth A. Carbone
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6299
Writer's Direct Fax: 201.678.6299
Writer's E-Mail: ecarbone@coleschotz.com

June 16, 2025

**Via CM/ECF Filing**
Honorable Robert Kirsch, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fischer Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    **Stier, Esq. v. Possebon, *et al*., Case No. 3:24-cv-04647-RK-JTQ**
              **Defendant Better Silver S.p.A.'s ("*Better Silver*") Pre-Motion Letter**

Dear Judge Kirsch:

      This firm, along with Bartko Pavia LLP,[1] represents Better Silver in the above-referenced matter. We write in accordance with Your Honor's Rules and Procedures to respectfully request a pre-motion conference in connection with Better Silver's anticipated motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Specifically, Better Silver—a company located and operating in Italy that allegedly engaged in transactions with two Brazilian companies and received payments via wire transfer from a company located in Florida—is not subject to jurisdiction in this Court; and, alternatively, plaintiff Edward H. Stier, Esq. ("*Plaintiff*") fails to state a claim against Better Silver.

      As set forth in the Complaint, Plaintiff commenced this action against nearly 200 defendants alleging that two companies, MLS Berkowitz, LLC (now allegedly bankrupt) and Gerald Metals SARL (MLS Berkowitz, LLC's purported creditor), were defrauded out of about $50 million. *See generally* Compl. [Dkt. Nos. 1 & 7]. The Complaint makes it painfully obvious, however, that Plaintiff's strategy is to claim that any business that received payment in 2023 from Empire Strong International Business Intermediation One, LLC ("*Empire Strong*") – a defendant against which Plaintiff currently is seeking a default judgment [Dkt. No. 389], and which Plaintiff claims engaged in money laundering (Compl. at ¶ 339) – received payments in furtherance of the alleged conspiracy.

      Better Silver, however, is a legitimate seller of silver that has operated in Italy for more than 45 years. It was not part of any conspiracy. The transactions in question concern sales of

---

[1] Motions seeking the *pro hac vice* admission of certain Bartko Pavia LLP attorneys are forthcoming. Furthermore, the jurisdictional facts set forth herein will be set forth and elaborated upon in a declaration in connection with any briefing.

silver by Better Silver to customers located in Brazil. For reasons unknown to Better Silver, payments for those transactions were made by Empire Strong.

There is nothing in the Complaint that suggests that either Better Silver had a connection to this forum or that it acted in furtherance of a conspiracy. In fact, Plaintiff's 530-paragraph Complaint contains only the following three mentions of Better Silver:

1. "[Better Silver] is a business entity with its principal business address at Via Dell'Artigianato 25, Bressanvido (VI) CAP 36050, Italy[]" (*id.* at ¶ 146);

2. "Between March and May of 2023, Empire Strong issued wire transfers in the total amounts reflected [in a table] below to the identified recipients who or which provided no services or benefit to Gerald or MLS. Upon information and belief, these wires were for the direct or indirect benefit of Possebon and his co-conspirators[,]" which included $477,301.70 in wire transfers to Better Silver (*id.* at ¶ 376); and

3. Better Silver, along with dozens of other defendants, "received funds or proceeds associated with the fraudulent scheme[.]" *Id.* at ¶ 435.

## I. THE COURT LACKS JURISDICTION OVER BETTER SILVER

It is well-settled that a federal court can exercise personal jurisdiction over a defendant if there exists either general or specific jurisdiction. *See Aldossari on Behalf of Aldossari v. Ripp,* 49 F.4th 236, 257-58 (3d Cir. 2022). General jurisdiction allows a court to adjudicate claims against an entity that can be deemed to be "at home" in the forum state, which is usually limited to where it has its principal place of business and its place of incorporation. *See Koch v. Pechota*, 744 F. App'x 105, 110-11 (3d Cir. 2018) (affirming dismissal of non-domiciliary defendant for lack of personal jurisdiction). Specific jurisdiction is found only if the plaintiff demonstrates that the defendant has constitutionally sufficient case-related, purposefully directed "minimum contacts" with the forum. *See Total Interactive Events, LLC v. Special Ops Prod. House,* No. 24-cv-08064, 2025 WL 864409, at *4 (D.N.J. Mar. 19, 2025) (referring to the Third Circuit test); *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998) (citing, among others, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, (1985)).

Neither general nor specific jurisdiction can be constitutionally exercised against Better Silver. General jurisdiction does not exist because Better Silver is a privately-held corporation that operates in Bressanvido, Italy, as admitted in the Complaint. It has no corporate presence – no employees, no offices, no clients – in New Jersey. All Better Silver products are sold and shipped directly to clients from Italy. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Gucci Am, Inc. v. Weixing Li.*, 768 F.3d 122, 134-35 (2d Cir. 2014); *Koch*, 744 F. App'x at 110-111.

Plaintiff's threadbare allegations do not come close to establishing the necessary purposeful availment or case-related contacts so that jurisdiction can be exercised without offending traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Nor does Plaintiff alternatively establish: (i) the "defendant committed an intentional tort"; (ii) the "plaintiff felt the brunt of the harm in the forum," or (iii) the "defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *See IMO Indus.*, 155 F.3d at 265-66 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

The indisputable facts are that Better Silver operated solely in Italy, provided silver to two clients in Brazil, and received payment from an entity located in Florida. As such, it cannot even be inferred that Better Silver engaged in "behavior intentionally targeted at and focused on the forum[,]" *id*. at 265-66; or that it had any reason to believe that plaintiff "would suffer the brunt of the harm...in [New Jersey]." *Id*. at 265. Therefore, this Court lacks jurisdiction over it.

## II.     ALTERNATIVELY, NO CLAIMS ARE SUFFICIENTLY STATED AGAINST BETTER SILVER

A dismissal of the claims against Better Silver is also warranted pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Complaint fails to allege facts on which relief could be granted.

The allegations against Better Silver consist of nothing more than itemizing the money it was paid by Empire Strong and the conclusory assertion that Better Silver provided "no services or benefit to Gerald or MLS." (Compl. at ¶ 376.) These facts – even if assumed to be true – do not give rise to liability against Better Silver on any of the three alleged common law claims (i.e., aiding and abetting fraud, unjust enrichment, and conversion). *See White v. Rest. Depot*, No. 09-cv-6556, 2010 WL 1529594 (D.N.J. Apr. 15, 2010) (plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[]") (citation and quotations omitted); s*ee also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is particularly the case here because Better Silver provided products to benefit its Brazilian customers, and those customers chose to have Empire Strong make payment on their behalf.

The allegations particularly fall short of the heightened pleading standard of Fed. R. Civ. P. 9(b) necessary to assert a claim for fraudulent transfer pursuant to 11 U.S.C. § 550(a). *See Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 750 (D.N.J. 2013). Rule 9(b) requires Plaintiffs to detail the "who, what, when, where, and how" of the alleged fraudulent conduct. *John Wiley & Sons, Inc. v. Rivadeneyra*, 179 F. Supp. 3d 407, 412-13 (D.N.J. 2016); Fed. R. Civ. P. 9(b). As evidenced above, the three paragraphs referencing Better Silver fall woefully short of this required pleading.

In sum, Better Silver respectfully requests the Court conduct a pre-motion conference to discuss these issues and, if not resolved, set a briefing schedule for Better Silver's forthcoming motion to dismiss on jurisdictional and pleading grounds.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Elizabeth A. Carbone*

Elizabeth A. Carbone

cc:     All Counsel of Record (via CM/ECF)
        Adam Mitzner, Esq. (via email)
        Gianna Signorille, Esq. (via email)