**FOLEY & LARDNER LLP**
Christopher A. DeGennaro, Esq. (NJ Bar No. 163342015)
90 Park Avenue
New York, NY  10016
Telephone: 212.682.7474
cdegennaro@foley.com

Roland Potts (*pro hac vice forthcoming*)
One Biscayne Tower
2 Biscayne Blvd. Ste 1900
Miami, FL 33131
Telephone: 305.482.8400
rpotts@foley.com

Hillary A. Leffue (*pro hac vice forthcoming*)
555 Flower Street, Ste 3300
Los Angeles, CA 90071
Telephone: 213.972.4500
hleffue@foley.com

*Attorneys for Defendant Larissa Carvalho Possebon*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWIN H. STIER, ESQ., AS WIND DOWN TRUSTEE FOR MLS BERKOWITZ INVESTMENTS, LLC,<br><br>       Plaintiffs,<br><br>vs.<br><br>DIEGO POSSEBON, et al.,<br><br>       Defendants. | Case No. 3:24-cv-04647-RK-JTQ<br><br><br>**DEFENDANT LARISSA CARVALHO POSSEBON'S OPPOSITION TO TRUSTEE'S APPLICATION FOR THE ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT** |

I.  **INTRODUCTION**

   Defendant Larissa Possebon hereby opposes the *Ex Parte* Application for the Entry of an

Order Approving Settlement Agreement (the "Application") brought by Plaintiff Edwin H. Stier,

1

Esq. as Wind Down Trustee for MLS Berkowitz Investments, LLC ("Trustee"). The Trustee seeks this Court's approval of a transfer of almost $1 million in disputed funds by Miami Waterfront Ventures LLC ("Miami Waterfront") *directly to the Trustee* where there has been no determination as to the merits of the Trustee's claims to those funds. The Application essentially asks this Court to rule in favor of the Trustee as to those funds before any evidence is taken and before the Court has had an opportunity to adjudicate the merits of the Trustee's claims. This is particularly concerning given the multiple intended challenges to both this Court's jurisdiction and the appropriateness of this forum. Additionally, given the contractual relationship between Defendant Larissa Possebon ("Possebon") and Miami Waterfront, which explicitly designates the purpose of the funds held by Miami Waterfront, the Trustee's employment of this self-help tactic amounts to tortious interference with a valid contractual relationship. For all these reasons, the Court should deny the Trustee's Application.

## II.    <u>BACKGROUND</u>

On March 1, 2023, Larissa Possebon entered into a purchase agreement with Miami Waterfront for the construction of a condominium in Miami, Florida ("Purchase Agreement"), located at the Una Condominiums, 175 SE 25th Road, Miami, Florda (the "Condo"). *See* Exhibit A. The Purchase Agreement named Fidelity National Title Insurance Company as the "Escrow Agent" responsible for "holding, disbursement and administration of Buyer's deposits, all in accordance with the terms of the escrow agreement, this Agreement and the Florida Condominium Act…" Ex. A, § 4(a). The Purchase Agreement required several deposits totaling $2,400,000, which were ultimately transferred to Fidelity National Title Insurance Company ("Fidelity") as escrow agent under a January 31, 2018 Escrow Agreement between Fidelity and Miami Waterfront ("Escrow Agreement").

Pursuant to the Purchase Agreement, the Seller (Miami Waterfront) has the "right to use Buyer's deposits…in order to fund a significant portion of construction and development of the Condominium all in accordance with the provisions of Section 4 hereof and applicable Florida law." Ex. A §§ 2(a); 32(h). Section 4(b) again limits Miami Waterfront to using the deposits "to the extent permitted by law." The Escrow Agreement, which is expressly incorporated into the Purchase Agreement, *see* Ex. A § 4(a), similarly provides that Fidelity shall disburse funds following confirmation from Miami Waterfront that it "will use such funds in the actual construction and development of the Condominium property…" Ex. B, Purchase Agreement § 6(c). Both the Purchase Agreement and the Escrow Agreement are valid and enforceable agreements entered into by Possebon and Miami Waterfront and Miami Waterfront and Fidelity, respectively.

On August 29, 2025, the Trustee filed his *ex parte* Application, informing the Court that respective counsel for the Trustee and Miami Waterfront had negotiated an agreement by which Miami Waterfront is to turn over a total of $912,500 to the Trustee and seeking the Court's approval of that agreement. The Trustee acknowledges in his Application that these funds were transferred, pursuant to the Purchase Agreement and Escrow Agreement, from Fidelity to Miami Waterfront "in connection with the construction of the Condominium." (ECF 427 ¶ 15). Further, the proposed Settlement Agreement and Mutual Release, dated October 23, 2024 ("Settlement Agreement") itself states that the funds to be transferred were "disbursed to Miami Waterfront for construction costs and paid in connection with the pre-construction sale of Unit 2601 of its Una Condominium project…" (ECF 427-4, at 1). There is therefore no dispute that the funds to be transferred under the proposed Settlement Agreement were contractually designated for construction of a

condominium pursuant to a valid Purchase Agreement between Larissa Possebon and Miami Waterfront.

By the Settlement Agreement's terms, the payment to the Trustee is "to be made upon the earlier of the commencement of real estate closings at Miami Waterfront's Project or the ***consummation of a new purchase agreement*** for Unit 2601 but not later than December 31, 2025" and is explicitly conditioned on Miami Waterfront's "t***ermination of the existing purchase agreement*** with the Buyer." (ECF 427-4, at 1.1 and 4(c)) (emphases added). Therefore, it is also undisputed that the Settlement Agreement requires a termination of the existing Purchase Agreement and therefore requires Miami Waterfront to terminate a duly executed contract without the other parties consent.

## III.   <u>ARGUMENT</u>

Though the Trustee has asserted various claims against Defendants Diego Possebon and Empire Strong International Business Intermediation, LLC, a/k/a "Strong Empire International Business Intermediation, LLC" and Empire Strong International Business Intermediation One LLC (collectively, "Empire Strong"), claiming entitlement to, *inter alia*, the funds held by Miami Warterfront, his claims are based on allegations in a pleading only.  There has been no showing— indeed there has been no discovery in this matter—that the Trustee is entitled to the at-issue funds. Instead of litigating the claims asserted before the Court, the Trustee has engaged in an end-run around the litigation process,  procuring a deal with Miami Waterfront that requires Miami Waterfront to breach the Purchase Agreement and asking for the Court's seal of approval (in effect determining without due process what party is entitled to the funds at issue).[1]

---

[1] Trustee's self-help is all the more troubling to the extent it was procured based on the erroneous assumptions that the Possebons would default in this matter and there would be no contest as to the at-issue funds.

**A.    The Court May Not Award Damages Without Determining Liability.**

Courts in this District are legion that "Damages can be awarded only when there has been a legal determination that a party is liable." *Days Inn Worldwide, Inc. v. Shri Ganesai LLC*, No. 22-cv-01008 (MEF)(AME), 2025 WL 1931989, at *10 (D.N.J. Jul. 14, 2025); *see also Prince v. Pagela*, No. 22-1939 (SDW)(JRA), 2025 U.S. Dist. LEXIS 163817, at *7 (D.N.J. Aug. 22, 2025) ("This Court will not award damages without first making a determination on liability…"). Accordingly, this Court should not approve of the proposed Settlement Agreement, which would constitute an award to MLS prior to a determination of liability.  Should Miami Waterfront wish for a determination as to the rightful owner of the property it is holding, its proper recourse would have been to continue performing under the contract until a judgment of the Court instructed it to do otherwise or, at most, file an interpleader action in Florida and deposit the disputed funds with the appropriate court.

**B.    This Court Is Not the Proper Forum for This Dispute.**

The Trustee's actions are particularly troubling where the proper forum for such a dispute is in question. First, many defendants, including Larissa Possebon have raised jurisdictional issues in their pre-motion conference letters. If it turns out that this Court does not have jurisdiction over the underlying dispute, then it would be inappropriate for it to grant approval of a Settlement Agreement addressing (let alone allowing premature relief on) certain of those underlying claims. Second, even if this Court had jurisdiction over the underlying dispute—which Larissa Possebon contests it does not—venue is more appropriate in Florida.

Most important, there is a valid forum selection clause that points to a federal forum that is not in New Jersey. A valid forum selection clause "carries significant weight" and "deserves deference." *Bergen Del. Realty, LLC v. Ryland Grp.*, No. 15-2888 (KSH), 2015 U.S. Dist. LEXIS 172576, at *9 (D.N.J. Dec. 28, 2015); *see also Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (acknowledging that "forum selection clauses are presumptively valid" and that "courts will respect such clauses unless the resisting party makes a 'strong showing' that the clause is 'unreasonable.'"). Here, Section 16(a) of the Purchase Agreement provides, "[i]n the event of any litigation between parties related to this Purchase Agreement (i) the parties shall and hereby submit to the personal jurisdiction of the state and federal courts of the State of Florida and (ii) venue shall be laid exclusively in Miami-Dade County, Florida." (Ex. A, p. 17). Miami Waterfront should therefore resolve any dispute regarding the ownership of funds it is holding pursuant to the Purchase Agreement in Miami-Dade County in Florida, not here in New Jersey.

Aside from this, all factors point to the Southern District of Florida as a more appropriate venue. The funds at issue stem from a dispute over funds held by a Florida developer that was contracted to build a condo in Florida and received funds from a Florida escrow agent according to the terms of a Purchase Agreement subject to Florida law. The only connection to New Jersey is the Trustee himself, who has no connection to the Purchase Agreement and no legitimate claim to the funds held by Miami Waterfront. The Court should reject the Application more appropriately decided in Florida.

## IV.    <u>CONCLUSION</u>

For the reasons set forth herein, Larissa Possebon respectfully requests that this Court deny the Trustee's Application for the Entry of an Order Approving the Settlement Agreement between the Trustee and Miami Waterfront.

Dated: New York, New York                    Respectfully submitted,
       September 12, 2025

FOLEY & LARDNER LLP

By:  */s/ Christopher A. DeGennaro*
      Christopher A. DeGennaro
      Roland Potts
      Hillary A. Leffue

      *Counsel for Larissa Carvalho Possebon*

CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2025, the above document was filed through the

ECF system and will be sent electronically to the registered participants as identified on the Notice

of Electronic Filing.

Dated: New York, New York
      September 12, 2025              */s/ Christopher A. DeGennaro*
                                      Christopher A. DeGennaro