

ERIC T. KANEFSKY  PARTNER
862.772.8149   eric@ck-litigation.com   ck-litigation.com

September 17, 2025

**VIA ECF**
Honorable Robert Kirsch, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

   Re: *Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC v. Diego Possebon, et al.*, Case No. 3:24-cv-04647-RK-JTQ

Dear Judge Kirsch:

  This firm is co-counsel to Plaintiff, Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC (the "Trustee"). We write in response to the September 3, 2025 letter from Defendants Diego Possebon ("Possebon") and Larrisa Possebon ("Mrs. Possebon," and, collectively, the "Possebons"), regarding an anticipated motion to dismiss arguing lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, or, in the alternative, a motion to compel arbitration. *See* (ECF No. 428) (the "Possebon Letter" or "PL"). Consistent with Your Honor's Rules and Procedures, the parties held a meet and confer on September 10, 2025, but the discussion did not resolve any of the issues raised in the Possebon Letter.

### I. RELEVANT BACKGROUND

  This case stems from a massive fraud perpetrated against MLS Berkowitz, LLC ("MLS"), a New Jersey company engaged in the business of trading raw metals, and its principal creditor, Gerald Metals SARL ("Gerald"). MLS and Gerald were victimized by a sophisticated conspiracy that was masterminded and orchestrated by Possebon, involved over 100 individuals and entities, and resulted in the theft of nearly $50 million and the bankruptcy of MLS. Compl., ¶¶ 1, 8. The fraud began with a successful transaction in 2022 in which Possebon, a Brazilian businessman with whom MLS had prior successful dealings, convinced MLS to purchase several containers of tin concentrate sourced from Brazil that were, in turn, sold to Gerald. *Id.*, ¶ 2. However, in a subsequent transaction in 2023, MLS was induced by Possebon and his co-conspirators into purchasing what was purported to be tin concentrate but turned out to be worthless gravel dust. *Id.*, ¶ 3. The scheme involved elaborate deception, including falsifying documents, using decoy shipments, and laundering money—much of which was sent at Possebon's direction from MLS's United States bank account to intermediaries, purportedly as payment for the tin concentrate to be supplied to Gerald. *Id.*, ¶¶ 4-7, 322-24. A substantial portion of the stolen funds were disbursed to Possebon's friends, family, and co-conspirators. *Id.*, ¶¶ 348-75. Possebon used some of the stolen money to purchase a luxury beachfront condominium in Miami, Florida (the "Condo"), and the contract purchaser for the Condo was Mrs. Possebon. *Id.*, ¶¶ 352-63. The seller and developer of the Condo is Defendant Miami Waterfront Ventures LLC ("Miami Waterfront"), and Defendant Fidelity National Title Insurance Company ("Fidelity") was the escrow agent for Miami Waterfront's development. *Id.*

Letter to Honorable Robert Kirsch, U.S.D.J., Wednesday, September 17, 2025
Page 2 of 4

The Possebons were personally served with process in Orlando, Florida on July 30, 2025. *See* (ECF Nos. 413 and 414). On September 10, 2025, Mrs. Possebon answered Fidelity's interpleader complaint. *See* (ECF No. 473). The Possebons understandably do not intend to challenge the legal sufficiency of the claims against them, and their technical arguments, made in an attempt to further delay the proceedings, lack both legal and factual support.

## II.   THE POSSEBONS' ARGUMENTS ARE ENTIRELY BASELESS

***Subject Matter Jurisdiction.*** The Trustee has alleged that "[j]urisdiction is proper in this Court because federal courts have original and exclusive jurisdiction over all cases arising under the bankruptcy code[,]" and that "[t]his matter *arises from*" the related bankruptcy action for MLS. *See* Compl., ¶¶ 219-20 (emphasis added). As is relevant here, district courts have original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The scope of "related to" jurisdiction under 28 U.S.C. § 1334(b) is "extremely broad, extending to any action the outcome of which 'could conceivably have any effect on the estate being administered in bankruptcy.'" *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1075 (3d Cir. 1997) (internal citation omitted). As such, there is no merit to the Possebons' argument that the Court lacks subject matter jurisdiction because "the Complaint here is not the bankruptcy petition itself[.]" *See* (PL: 1-2).

***Personal jurisdiction.*** The Possebons' assertion that they are not subject to personal jurisdiction, *see* (PL: 2), is equally flawed. The Court has jurisdiction over the Possebons because, as noted, they were personally served with process in Orlando, Florida. Fed. R. Bankr. P. 7004(f) governs personal jurisdiction and states:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Rule 4(e)(2) permits service by methods including "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Bankr. P. 7004(f) establishes that the relevant forum here is the United States. *See also Diamond Mortg. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1244 (7th Cir. 1990). And, "where the relevant forum is the United States as a whole, rather than a particular state, service of process on the defendant anywhere in the United States confers jurisdiction over the defendant without regard to the defendant's particular contacts with the state where the court is located or the burden imposed on the defendant in litigating in that forum." *In re DBSI, Inc.*, 467 B.R. 309, 314 (Bankr. D. Del. 2012). Because the Possebons were served in Florida, the Court has jurisdiction over them. *See id.* ("there is no dispute that the Moving Defendants were served while physically present in the United States. No further inquiry is required. This Court has jurisdiction over the Moving Defendants").[1]

---

[1] Similarly, in cases where the forum is a particular state and not the United States, courts have determined that individuals personally served in the forum are subject to the court's general

If that was not enough, Possebon is subject to specific jurisdiction for reasons including that he "expressly aimed [his] tortious conduct" at this forum by targeting MLS, which he knew to be located in the United States and, more particularly, in New Jersey. *See, e.g.*, *Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 506 (D.N.J. 2017) ("[B]ecause Defendants deliberately targeted a New Jersey resident—who Defendants knew was in New Jersey when they targeted him—with tortious conduct, Defendants should have reasonably anticipated being haled to court in New Jersey[.]"). And, Mrs. Possebon's contacts with the United States include her using funds from the fraud against MLS to purchase the Condo in Miami.[2]

**_Venue and Forum Non Conveniens._** Contrary to the Possebons' cursory assertion, *see* (PL: 2), venue is proper in this Court, including under 28 U.S.C. § 1409. Also meritless is their undercooked *forum non conveniens* argument. *See* (PL: 2). It is axiomatic that, when, as here, the court has jurisdiction, the plaintiff's choice of forum should rarely be disturbed. *See, e.g., Lony v. E.I. Du Pont de Nemours & Co.*, 935 F.2d 604, 608 (3d Cir. 1991). The Possebons seek to disturb the Trustee's chosen forum based on "unidentified" evidence in Brazil and an unsupported assertion that Brazil is an "adequate alternative forum." *See* (PL: 2). That is not enough.

**Arbitration.** Finally, the Possebons' argument that the Trustee must arbitrate his claims against them, *see* (PL: 2-3), is entirely misguided. The Possebons contend that arbitration is required because of an arbitration provision that, per the Possebons' "information and belief," is included in a contract between MLS and Gerald (the "2023 Gerald-MLS Contract"). (*Id.*). However, the Possebons acknowledge that they are not parties to the 2023 Gerald-MLS Contract. As such, they do not have standing to enforce it. *See, e.g., Nationwide Ins. Indep. Contractors Ass'n, Inc. v. Nationwide Mut. Ins. Co.,* 518 F. App'x 58, 61 (3d Cir. 2013) (noting that a non-party generally does not have standing to assert rights under a contract); *In re Mushroom Transp. Co., Inc.*, 247 B.R. 395, 398 (E.D. Pa. 2000) ("It is one thing for a party, with rights and obligations under a contract, to seek its enforcement against others. It is quite another, however, for a non-party . . . to seek to enforce a particular clause against a contracting party."). The cases cited by the Possebons actually undermine their argument. In *KPH Healthcare Servs., Inc. v. Janssen Biotech, Inc.*, 2021 WL 4739601, at *6–7 (D.N.J. Oct. 12, 2021), Judge McNulty explained that, under New Jersey law, the "agency path" to compel arbitration "has generally been applied only when a non-signatory parent company seeks to compel arbitration based on an arbitration agreement made by its subsidiary." Here, the Possebons obviously could not ever make such a showing. And, the Possebon Letter does not even hint at how "equitable estoppel" could be a valid basis to compel arbitration here.

---

jurisdiction. *See, e.g.*, *Singh v. A&H Logistics Corp.*, 2024 WL 4880312, at *2 (D.N.J. Nov. 22, 2024) ("Service of process on an individual physically present in the forum state—sometimes called 'tag' jurisdiction—confers general jurisdiction"); *Glob. Gaming Philippines, LLC v. Razon*, 2022 WL 836716, at *4 (S.D.N.Y. Mar. 21, 2022) ("Tag jurisdiction also permits a court to exercise 'personal jurisdiction over an individual who is served, and thus 'tagged,' while physically present in the forum.'") (internal citation omitted).

[2] If the Court were to have any doubt about personal jurisdiction over the Possebons, jurisdictional discovery would be the appropriate course. *See Renner v. Lanard Toys Ltd.*, 33 F.3d 277, 283 (3d Cir. 1994) ("'discovery directed to personal jurisdiction' should 'be freely permitted'") (internal citation omitted).

        \*       \*       \*

 We thank the Court for its attention to this matter.

      Respectfully submitted,

      */s/ Eric T. Kanefsky*

      Eric T. Kanefsky
      Calcagni & Kanefsky LLP

cc (via ECF):  All Counsel of Record