

**Michael R. O'Donnell**
Partner

<u>Direct:</u>
t: 973.451.8476
f: 973.451.8700
modonnell@riker.com

7 Giralda Farms, Suite 250
Madison, NJ 07940-1051

September 22, 2025

**VIA ECF**

| | |
|---|---|
| The Honorable Robert Kirsch, U.S.D.J. | The Honorable Matthew T. Quinn, U.S.M.J. |
| United States State District Court | United States State District Court |
| District of New Jersey | District of New Jersey |
| Clarkson S. Fisher U.S. Courthouse | Clarkson S. Fisher U.S. Courthouse |
| 402 East State Street | 402 East State Street |
| Trenton, NJ 08608 | Trenton, NJ 08608 |

Re: Response to Amended Pre-Motion Conference Letter re Fidelity's Counterclaim/ Crossclaim for Interpleader (Dkt. 103): *Edwin H. Stier, Esq. v. Possebon et al.,* Case No. 3:24-cv-04647-RK-JTQ

Dear Judge Kirsch and Judge Quinn:

This firm represents defendant/counter- and cross-claim plaintiff Fidelity National Title Insurance Company ("Fidelity") in the above-referenced matter. Please accept this letter in response to defendant Larissa Carvalho Possebon request for a pre-motion conference to transfer this case to the Southern District of Florida or stay a decision on Fidelity's interpleader claim until jurisdictional questions regarding Plaintiff's Complaint are resolved. Fidelity also believes a conference with either Your Honors is in order to reinstate and adjudicate Fidelity's interpleader claim, or amicably resolve the same. Mrs. Possebon has no real basis for claiming that Fidelity should not be allowed to resolve its interpleader claim now, even if venue is to be transferred later. Fidelity hopes to discuss these matters at the September 30, 2025 conference before Judge Quinn.

<u>This Court Has Personal Jurisdiction over Mrs. Possebon</u>

Though Mrs. Possebon claims that this Court does not have personal jurisdiction over her with respect to the Plaintiff's complaint, this is irrelevant to Fidelity. Nationwide service of process is authorized in statutory interpleader actions. 28 U.S.C. § 2361; *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). Personal jurisdiction may be established as long as the defendant can satisfy the "minimum contacts" test with the United States as a whole. *Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 122 (3d Cir. 2020).

Thus, for interpleader, it is not necessary for Mrs. Possebon to satisfy the "minimum contacts" test in New Jersey. Rather, Mrs. Possebon must have enough minimum contacts in the United States. This is certainly satisfied considering she entered into a contract to purchase a condominium in Miami, Florida, admittedly agreed to personal jurisdiction in Florida in said contract, provided a deposit of $4,250,000 to Fidelity for the purchase of this condominium, and

The Honorable Robert Kirsch, U.S.D.J.
The Honorable Matthew T. Quinn, U.S.M.J.
September 22, 2025
Page 2

was served with process in the United States. This Court, therefore, may exercise personal jurisdiction over Mrs. Possebon as to Fidelity's interpleader claim.

<u>This Court is a Valid Venue for the Interpleader Action and Can Decide Interpleader First</u>

Mrs. Possebon seeks to transfer Fidelity's interpleader claim to the Southern District of Florida pursuant to her contract with Miami Waterfront Ventures, LLC ("Developer"). Pursuant to 28 U.S.C. §1397, however, venue in a statutory interpleader action may properly be laid in any district "in which one or more of the claimants resides[.]" Congress has apparently seen fit to not except contractual venue provisions from 28 U.S.C. §1397.  Here, Plaintiff alleges that the $3,337,500.00 that Fidelity holds in escrow are property of MLS Berkowitz, LLC ("MLS"), whose home state is New Jersey.  Thus, this Court is a valid, appropriate forum to adjudicate Fidelity's interpleader claim where Plaintiff (the only other claimant to the escrow funds) is not a party to the contract containing the venue provision.

There is simply no basis (procedural, jurisdictional, or substantive) that Mrs. Possebon can articulate that warrants transferring Fidelity's interpleader claim or delaying the same (pending since June 17, 2024) while she litigates with Plaintiff.  As conceded by Mrs. Possebon, the escrowed funds are governed by: (i) the Florida Condominium Act (F.S. 718.202); (ii) the purchase agreement ("Purchase Agreement") between Mrs. Possebon and the Developer; and (iii) the escrow agreement ("Escrow Agreement") between the Developer and Fidelity. (ECF No. 103, p.36 ¶ 35.).  Nothing in the Florida Condominium Act, the Purchase Agreement, or the Escrow Agreement, however, prevents this interpleader action from being resolved first while Mrs. Possebon's challenges to Plaintiff's claims to the escrow proceeds are adjudicated.

There is also no law or provision in any of the foregoing hinting that the Southern District of Florida has any unique insights that this Court cannot appropriately provide, and Mrs. Possebon offers none.  The possibility (not probability) that the claims between Plaintiff and Mrs. Possebon may be transferred to the Southern District of Florida later has no impact on the ability to interplead the escrowed funds with the Clerk of this Court now, which can, if appropriate, then transfer the funds to her sister Clerk in the Southern District of Florida without Fidelity's involvement.

Rather, Plaintiffs or Mrs. Possebon's entitlement to the escrowed funds is governed by Plaintiffs' common law and statutory claims, which are not unique to Florida or New Jersey.  Whether Plaintiff is ultimately successful in establishing entitlement to the escrowed funds or Mrs. Possebon is successful in her challenges to Plaintiffs claims is immaterial as Fidelity indisputably has the right to interplead the funds, and Mrs. Possebon has not and cannot asserted otherwise.

<u>Interpleader is Not Subject to Arbitration</u>

In an Affirmative Defense to Fidelity's interpleader claim, Mrs. Possebon claims that the Plaintiff's underlying complaint is subject to a mandatory arbitration provision as if the same would vitiate Fidelity's claim.  Fidelity is not a party to a mandatory arbitration provision, is not subject thereto, and its interpleader claim does not arise from a contract containing a mandatory

The Honorable Robert Kirsch, U.S.D.J.
The Honorable Matthew T. Quinn, U.S.M.J.
September 22, 2025
Page 3

arbitration provision. Mrs. Possebon does not suggest otherwise. Rather, contrary to Mrs. Possebon's claim that Fidelity is not disinterested given Plaintiff's claims of aiding and abetting fraud, unjust enrichment and conversion, Plaintiff (the only other claimant) has agreed via Consent Order to permit Fidelity to interplead the escrowed funds and be dismissed from this matter. Fidelity is a truly disinterested party with an absolute statutory, rule-based, and contractual right to interplead the funds so that the Court can determine the rightful claimant. (See Cert. of Earline Woods at Ex. 2, § 13 [Doc. No. 104-3 & 104-4] ("[i]n the event of a good faith disagreement…Escrow Agent may, at its sole discretion, file an action in interpleader to resolve said disagreement."); 28 U.S.C. §1397; Fed. R. Civ. P. 22.

Litigation Regarding Entitlement to Escrow Funds Can Occur Without Fidelity

Mrs. Possebon cites *Bergen Del. Realty, LLC v. Ryland Grp.*, No., 15-28888 (KSH), 2015 U.S. Dist. LEXIS 172576, at *9 (D.N.J. Dec. 28, 2015), noting that "this Court has previously held that a forum selection clause in a purchase agreement weighed in favor of transferring an interpleader dispute arising out of a related escrow agreement." While the *Bergen* court did transfer venue, it also dismissed the interpleading party, because it fulfilled its duties under the escrow agreement by depositing the funds into a Delaware court in a separate suit. *Id*. at 2-3.

Like *Bergen*, all parties (except one, Ms. Possebon here) support Fidelity's request for interpleader and dismissal. Similar to *Bergen*, where the interpleader deposited the disputed funds once a dispute arose, Fidelity was faithful to the Escrow Agreement and exercised its "sole discretion" to interplead the funds. Similarly, dismissal of Fidelity here, after the funds are interplead, will allow Fidelity to complete its escrow duties and not prevent Mrs. Possebon from litigating her entitlement to the funds, whether in this Court, or any other. If Fidelity is not dismissed before any transfer of venue or determinations on the numerous anticipated motions to dismiss the Complaint, it is likely that Fidelity will have to continue to incur fees in an action in which it has no interest in the outcome.

Though this Court is a valid forum, as discussed above, the Court has the ability to determine whether the Southern District of Florida is a more appropriate forum after Fidelity has deposited the disputed funds with the Court and been dismissed from the case. If the Court believes that it does not have jurisdiction over the Plaintiff's Complaint, or the Southern District of Florida is a more appropriate forum, it can simply transfer the funds deposited to the preferred Court. Fidelity is not a necessary party for such transfer.

Thank you for Your Honors' consideration.

Respectfully submitted,

*/s/ Michael R. O'Donnell*

Michael R. O'Donnell
4927-2081-4185, v. 2