**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWIN H. STIER, ESQ., AS WIND DOWN TRUSTEE FOR MLS BERKOWITZ INVESTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO POSSEBON, *et al.*,<br><br>Defendants. | Civil Action No. 24-4647 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

  **THIS MATTER** comes before the Court upon an unopposed Motion for Default Judgment filed by Cross-Claimant Fidelity National Title Insurance Company ("Fidelity"), seeking the entry of default judgment against Cross-Defendant Empire Strong International Business Intermediation One, LLC ("Empire Strong"), who has not appeared in this action to date. (ECF No. 415.) Among other things, a prerequisite for the entry of default judgment is proper service of process. *Wells Fargo Bank, N.A. v Standard Chartered Bank*, No. 17-2039, 2018 WL 3201794, at *2 (D.N.J. June 29, 2018) (citing *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985)). Here, Fidelity certifies that it served Empire Strong with a copy of its Verified Answer and Affirmative Defenses to the Complaint, and Counterclaim/Cross-Claim for Interpleader "at its registered agent via FedEx." (ECF No. 415-3 ¶ 3; *see* ECF No. 415-4 (mail receipt)).

  "[W]here a party has not yet appeared in a matter, crossclaims against that party must be served, with a summons, in accordance with the requirements of Rule 4 of the Federal Rules of Civil Procedure." *Wilton Reassurance Life Co. of N.Y. v. Engelhardt*, No. 21-9968, 2023 WL

4864296, at *2 (D.N.J. July 31, 2023); *see* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); *Bayonne Drydock & Repair Corp. v. Wartsila N. Am., Inc.*, No. 12-819, 2013 WL 3286149, at *5 (D.N.J. June 28, 2013) ("Prior to a party appearing in a lawsuit, a cross-claim should be served along with a summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.").

However, in this instance, "service of [] cross-claims upon Defendants via First-Class Mail [is] insufficient under Rule 4 of the Federal Rules of Civil Procedure[.]" *Dante v. Schwartz*, No. 20-1047, 2023 WL 4421900, at *2 (D.N.J. July 10, 2023). Indeed, service by mail is only proper under a limited set of circumstances and typically requires a certification indicating that "despite diligent effort and inquiry personal service cannot be made." N.J. Ct. R. 4:4-4(b)(1)(C); *see* N.J. Ct. R. 4:4-5(b).

Accordingly, as no certification has been made to the Court indicating personal service is impracticable,[1] Empire Strong has not been properly served, and the Court **DENIES** Fidelity's Motion for Default Judgment. *See United States v. One Toshiba Color Television*, 213 F.3d 147, 156 (3d Cir. 2000) ("[T]he entry of a default judgment without proper service . . . renders that judgment void.").

Therefore, **IT IS** on this 28th day of October, 2025,

**ORDERED** that Fidelity's Motion for Default Judgment, (ECF No. 415), is **DENIED** without prejudice, and it is further

**ORDERED** that within ten (10) days Fidelity is directed to re-serve Empire Strong in

---

[1] To be sure, it appears Empire Strong was able to be personally served via its registered agent in the main litigation with Plaintiff Stier. (*See* ECF No. 12.)

accordance with the Federal Rules of Civil Procedure and, as relevant, the New Jersey Rules of Court; and it is further

**ORDERED** that the Clerk of the Court **TERMINATE** the Motion pending at ECF No. 415.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE