

90 PARK AVE
37TH FLOOR
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
FOLEY.COM

WRITER'S DIRECT LINE
212.338.3441
cdegennaro@foley.com

January 20, 2026

**VIA ECF**
Honorable Justin T. Quinn
United States Magistrate Judge
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:**   ***Edwin H. Stier, Esq. as Wind Down Trustee for MLS Berkowitz, LLC v.***
> ***Diego Possebon, et al.*, No. 3:24-cv-04647-RK-JTQ**

Dear Judge Quinn:

Pursuant to the Court's November 21, 2025 Letter Order (ECF No. 513), Defendants, Diego Possebon, Larissa Possebon, Opus Assessoria E Promocoes Aristicas, Ltda d/b/a Opus Etretenimento ("Opus"), Adukargo Transportes e Logistica e Servicos de Armazenagens Ltda. ("Adukargo"), Astronauto Enterprise Inc. ("Astronauto"), Beach House 8 Condominium Association, Inc. ("Beach House 8"), Quick Auto Providers Inc. ("Quick Auto"), REAG USA LLC ("REAG"), Fernanda Alves de Souza, Iara Galdino Da Silva, and the Empire Strong Defendants (Empire Strong Negocios Ltda., Empire Strong International Business Intermediation, LLC, and Empire Strong International Business Intermediation One, LLC) (collectively, the "Moving Defendants")[1], all of whom have previously filed pre-motion conference letters with the Court,[2] jointly submit this letter (i) proposing consolidated briefing for certain parties, and (ii) providing a brief summary of each Moving Defendant's argument(s) for dismissal.

**Proposed Consolidation**

With allegations and causes of action aimed at numerous differently-situated defendants, it is difficult to consolidate the Moving Defendants' arguments for dismissal into a single omnibus submission. However, in an effort to address the Court's concerns about repetitive and voluminous

---

[1] The Shutz Defendants (Alexandres Schutz Ribas, A.S.R. Assessoria Empresarial Ltda., and Shutz Assessoria Empresarial Ltda.) are not included in the Moving Defendants given our inability to confer with them despite attempts to do so.

[2] Fernanda Alves de Souza, Iara Galdino Da Silva, and the Empire Strong Defendants recently retained counsel, and have not yet filed a pre-motion conference letter. However, they respectfully request that the Court deem their section of this submission as their pre-motion conference letter for purposes of the prerequisite to filing a motion to dismiss.

January 20, 2026
Page 2

motion practice, the Moving Defendants propose the following consolidation of arguments across certain defendants and issues.

Defendants Astronauto, Beach House 8, Better Silver, Larissa Possebon, Quick Auto Providers, and REAG, all of whom are identified as mere "Recipient Defendants" in the Complaint, propose the submission of a consolidated motion to dismiss addressing the common issues of law and fact among the parties. As outlined below, all intend to move under Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), and 9(b). Given the proposed consolidation of at least seven individual briefs into one, the Recipient Defendants request a combined page limit of 100 pages.

By contrast—and as acknowledged by Plaintiff in a September 12, 2025 email to counsel for Diego Possebon and Larissa Possebon (ECF No. 476)—the allegations about and claims against Defendants Diego Possebon; Opus; Fernanda Alves de Souza, Iara Galdino Da Silva, and the Empire Strong Defendants; and Adukargo differ significantly and are best addressed on a standalone basis in four separate motions to dismiss.

As outlined above, this briefing plan will limit the total number of motions to dismiss received by the Court from twelve to five, reduce the volume of briefing for the Court, and eliminate redundancies.

## Summary of Recipient Defendants' Arguments

### Astronauto

As described in its Pre-Motion Conference Letter (ECF No. 266), Astronauto intends to move under Rule 12(b)(2) and (b)(6) to obtain dismissal of Count VI of the Complaint (Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 550(a)) against it. First, the Trustee fails to show that the Court acquired personal jurisdiction over Astronauto. Further, although the Rule 9(b) standard is relaxed with respect to bankruptcy trustees' constructive fraud claims, it is not eliminated entirely. Here, the Complaint does not allege which entity made the transfer(s), how many transfers there were, when the transfers took place, or how Astronauto knew or ought to have known the transfers involved the product of alleged fraud. Nor does the Complaint even identify which specific statute the Trustee relies on with respect to Astronauto (the citation to 11 U.S.C. § 550(a) is insufficient because that subsection simply references other possibly applicable sections). Astronauto would also probably join in the arguments made on behalf of similarly-situated parties.

### Beach House 8

The Association will move under Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction. The Association is a Florida corporation headquartered in Florida and operates exclusively in Miami Beach, Florida. The Complaint alleges connection between the Association and New Jersey and offers no basis suggesting the Association purposefully availed itself of this forum. The only allegation referencing the Association is that it is a "Recipient Defendant" that

purportedly received transferred funds. Such allegations do not establish any jurisdictional nexus to New Jersey.

The Association will also move under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Complaint contains only one conclusory allegation that the Association "received funds from the scheme" and otherwise improperly lumps it into a group of over 150 similarly situated defendants. The pleading lacks particularized facts required to support claims sounding in fraud under Rule 9(b), including any plausible allegation that the Association had knowledge of or assisted in any wrongdoing. Additionally, the fraudulent transfer claim fails because the Complaint does not plead an avoidable transfer under any predicate Bankruptcy Code provision. The claims for aiding and abetting, unjust enrichment, and conversion similarly fail because the Association merely received routine condominium payments in exchange for services, and no inequitable enrichment or misconduct is alleged.

<u>Larissa Possebon</u>

As more fully set out in her Pre-Motion Conference Letter, Larissa Possebon intends to move under Rules 12(b)(2) and 12(b)(3), *see* ECF No 428, seeking dismissal of Count VI (Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 550(a)), Count VII (Aiding and Abetting Fraud), Count VII (Unjust Enrichment), and Count IX (Conversion). First, Plaintiff has failed to allege personal jurisdiction over Larissa Possebon (a citizen and resident of Brazil) and has failed to allege a single meeting, negotiation, transaction, or any other act sufficient to establish this Court's jurisdiction over her. Plaintiff instead alleges a scheme taking place almost exclusively in Brazil, making New Jersey an inappropriate and inconvenient forum for this dispute even if the Court had jurisdiction. Thus, Larissa Possebon intends to also move for dismissal on the basis of *forum non conveniens*.

Even if Plaintiff were to cure his myriad pleading deficiencies, Plaintiff must arbitrate his claims pursuant to the broad, mandatory arbitration agreement contained in the 2023 Contract between MLS and Gerald, which is the basis for the entire transaction at issue. The arbitration provision provides that "[***a]ny dispute, controversy or claim . . . arising out of or in connection with this Contract***, or the breach, termination or invalidity thereof, shall, be submitted to the London Court of International Arbitration ("LCIA") in London, England…" Where 1) there is a valid agreement to arbitrate and 2) the particular dispute falls within the scope of the agreement, the Court should dismiss in favor of arbitration. The determination of whether this dispute is arbitrable is a question for the arbitrator, not the Court, therefore the Court should dismiss the action in favor of arbitration.

Larissa Possebon has reserved her right to move under Rule 12(b)(6) and agrees with the other Recipient Defendants that Plaintiff improperly engaged in "shotgun pleading" and has failed to state a claim against her and has failed to meet the heightened pleading requirements of Rule 9(b).

January 20, 2026
Page 4

<u>Quick Auto Providers</u>

As set forth in its Pre-Motion Conference Letter (ECF No. 235), Defendant Quick Auto Providers, Inc. ("Quick Auto") intends to move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6), 9(b), and Rule 20(a). Quick Auto is a Florida-based entity with no alleged contacts with New Jersey sufficient to establish either general or specific personal jurisdiction. The Complaint does not allege that Quick Auto purposefully directed any conduct toward New Jersey or engaged in any forum-related activity giving rise to Plaintiff's claims. Dismissal for lack of personal jurisdiction is therefore warranted.

The Complaint also fails to state a claim against Quick Auto and does not satisfy the heightened pleading requirements of Rule 9(b). Quick Auto is mentioned only three times in the 104-page Complaint and is generically grouped with more than one hundred "Recipient Defendants" based solely on the alleged receipt of $48,641.36. The Complaint does not allege that Quick Auto made any misrepresentation, had knowledge of any alleged fraud, or substantially assisted any fraudulent scheme. Such conclusory and collective allegations are insufficient to plead claims for fraudulent transfer, aiding and abetting fraud, unjust enrichment, or conversion. As expressly stated in its Pre-Motion Conference Letter, Quick Auto also incorporates and adopts the arguments and legal authorities set forth in the pre-motion submissions of Banco BTG Pactual S.A. (ECF No. 154), Itaú Unibanco S.A. (ECF No. 173), and REAG USA LLC (ECF No. 155), each of which independently supports dismissal.

Finally, dismissal or severance is independently warranted under Rule 20(a). Plaintiff improperly joined Quick Auto in a sprawling, multi-defendant action involving unrelated parties and transactions with no common nucleus of operative fact. Joinder based solely on alleged receipt of funds—without factual allegations demonstrating transactional relatedness—violates Rule 20(a) and this Court's Standing Order 05-02, issued by Chief Judge John W. Bissell on May 6, 2005, which expressly prohibits the joinder of multiple unrelated defendants in a single action.

<u>REAG</u>

REAG intends to move to dismiss the complaint under Fed. R. Civ. P 12(b)(2), 12(b)(6), and 9(b). The Complaint does not allege that REAG is incorporated in New Jersey, has a principal place of business in New Jersey, maintains offices in New Jersey, conducts business in New Jersey, has employees in New Jersey, owns property in New Jersey, or has any connection to New Jersey whatsoever. REAG is a foreign limited liability company based in Brazil and incorporated in Delaware. Its principal place of business is in Delaware, and it has registered to do business in Florida. REAG has no offices or operations in New Jersey. Indeed, REAG was served via a registered agent in Florida, underscoring that it does not even maintain a physical presence in New Jersey. Further, the Complaint fails to allege that REAG purposefully directed any activities at New Jersey or that the claims arose out of any contacts with New Jersey. As to 12(b)(6)/9(B), the Complaint merely alleges that REAG received funds from Empire Strong and provided no services in return, which is not sufficient to maintain a claim for a fraudulent transfer and the Complaint itself should be barred as to REAG as it does not even attempt to satisfy 11 U.S.C. 550(b) which

immunizes downstream transferees if there was good faith on the part of the recipient or a lack of knowledge of the voidability of the transfer. The Complaint makes no mention of that provision or pleads the requisite elements to avoid its effect. The remainder of the allegations are conclusory in nature and engages in impermissible group pleading.

## Summary of Arguments for Defendants Adukargo, Opus, Fernanda Alves de Souza, Iara Galdino Da Silva, the Empire Strong Defendants, and Diego Possebon

Diego Possebon

As more fully set out in his Pre-Motion Conference Letter, Diego Possebon intends to move under Rules 12(b)(2) and 12(b)(3), seeking dismissal of Counts I and III-V. *See* ECF No 428. First, Plaintiff has failed to allege personal jurisdiction over Diego Possebon (a citizen and resident of Brazil) and has failed to allege a single meeting, negotiation, transaction, or any other act sufficient to establish this Court's jurisdiction over him. Plaintiff instead alleges a scheme taking place almost exclusively in Brazil, making New Jersey an inappropriate and inconvenient forum for this dispute even if the Court had jurisdiction. Thus, Diego Possebon intends to also move for dismissal on the basis of *forum non conveniens*.

Even if Plaintiff were to cure his myriad pleading deficiencies, Plaintiff must arbitrate his claims pursuant to the broad, mandatory arbitration agreement contained in the 2023 Contract between MLS and Gerald, which is the basis for the entire transaction at issue. The arbitration provision provides that "[*a]ny dispute, controversy or claim . . . arising out of or in connection with this Contract*, or the breach, termination or invalidity thereof, shall, be submitted to the London Court of International Arbitration ("LCIA") in London, England…" Where 1) there is a valid agreement to arbitrate and 2) the particular dispute falls within the scope of the agreement, the Court should dismiss in favor of arbitration. The determination of whether this dispute is arbitrable is a question for the arbitrator, not the Court, therefore the Court should dismiss the action in favor of arbitration.

While he believes these grounds to be dispositive, Diego Possebon has reserved his right to move under Rule 12(b)(6) for failure to plead the essential elements of fraud with particularity pursuant to Rule 9(b) and for failing to plead, *inter alia*, a "pattern of racketeering activity" and an "enterprise," essential elements of New Jersey and Federal RICO.

Opus

Opus is not named as a defendant in and has nothing to do with the general fraud alleged in this complaint involving tin concentrate/gravel dust.[3] Rather, Opus appears to have been appended as an afterthought in three counts (14, 15, and 17) for claims arising out of a separate and unrelated contract dispute involving rock concerts in Brazil. Opus will move to dismiss on

---

[3] Should its motion to dismiss be denied in whole or in part, Opus, against which Plaintiff alleges a unique nucleus of operative facts and distinct legal issues, will move to sever the claims against it pursuant to Rule 21.

three dispositive grounds. First, the contracts at issue were not entered into by MLS Berkowitz, LLC but its individual shareholders, and the claims arising out of said contracts were purportedly "assigned to MLS" on an unspecified date. Dismissal is warranted pursuant to Rule 12(b)(1) because Plaintiff, having failed to allege that the claims were timely or adequately assigned to the bankruptcy estate, lacks standing to pursue these claims. Second, Opus is involved in the dispute only insofar as it purportedly acquired Hits Entertainment, the entity that produced the rock concerts and purportedly breached the contracts at issue. Opus, however, did not acquire Hits, and Plaintiff's conclusory allegations otherwise—made "upon information and belief"—are belied by clear evidence (public corporate filings in Brazil) that has been provided to Plaintiff. Because Opus did not acquire Hits Entertainment, it did not assume Hits' debts and obligations or inherit Hits' jurisdictional contacts (which are, in any event, insufficient to confer jurisdiction). Accordingly, dismissal is warranted pursuant to Rule 12(b)(2) because the Court lacks personal jurisdiction over Opus. Third, Plaintiff's substantive allegations are barred by a number of legal theories and otherwise insufficient to state a claim, and are therefore subject to dismissal pursuant to Rule 12(b)(6).

<u>Adukargo</u>

As explained in Adukargo's Pre-Motion letter and its Opposition to Plaintiff's Motion to Remand, Adukargo intends to seek dismissal of the Complaint pursuant to Rules 12(b)(2), 12(b)(3), 12(b)(6) and 12(b)(7) for lack of personal jurisdiction, *forum non conveniens,* failure to state a claim and failure to join necessary parties.  *See* ECF Nos. 280, 377.

This Court cannot exercise general jurisdiction over Adukargo because it is incorporated and headquartered in Brazil and it cannot exercise specific jurisdiction over Adukargo because the Complaint does not identify a single contact between Adukargo and the forum. ECF 280 at p. 1-2. In fact, Adukargo was not a party to the contract between MLS Berkowitz LLC ("MLS") and Gerald Metals, ("Gerald") and it did not receive any payments from them.  *Id.*  Further, the Court should dismiss the Complaint pursuant to Rule 12(b)(7) because Plaintiff have not joined necessary parties, who are located in Brazil. ECF 377. The Court should also dismiss this case pursuant to Rule 12(b)(3) because the witnesses and evidence are located in Brazil.

Plaintiff's claims against Adukargo also fail on the merits. ECF 280 at pp. 2-3. Although Plaintiff's common law fraud and Federal and N.J. RICO claims sound in fraud, the Complaint does not plead these claims with particularity as required by Rule 9(b) or state the elements of the claims. As explained in Adukargo's pre-motion letter, Plaintiff's fraud claim against Adukargo fails because Plaintiff has not identified any misrepresentation by Adukargo or alleged that it relied on any misstatement by Adukargo." ECF 280 at p. 2 citing *Banco Popular N. Am. V. Gandi,* 876 A.2d 253, 261 (N.J. 2005).  Plaintiff's aiding and abetting claim fails because the Complaint does not allege a single fact that suggests that Adukargo was aware of Possebon's alleged fraud or that Adukargo substantially assisted Possebon's alleged fraud. *Id.* at pp. 2-3 citing *N.J. Dep't. of Treas. ex rel. McCormac v. Qwest Comm'n. Int'l., Inc.,* 904 A.2d 775, 784 (N.J. App. Divi. 2006). Similarly, Plaintiff's Federal and N.J. RICO claims fail because these claims arise from a discrete,

short-lived contractual dispute, rather than the long-term criminal conduct; and because the Complaint does not allege that Adukargo directed the affairs of the purported RICO enterprise, or that it engaged in any predicate of acts of racketeering. *Id.* at p. 3 *citing HJ Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 242(1989); *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); *Beck v.Prupis,* 529 U.S. 494, 507 (2000). *In re Schering-Plough Corp.,* 678 F.3d 235, 245 (3d Cir. 2012)(N.J. RICO statute is interpreted in accordance with the Federal RICO statute); *State v. Cagno,* 49 A.3d 388, 400 (N.J. 2012)(same); *State v. Ball,* 661 A.2d 251, 265 (N.J. 1995). Thus, the Court should dismiss the Complaint against Adukargo.

<u>Fernanda Alves de Souza, Iara Galdino Da Silva, and the Empire Strong Defendants</u>

These Defendants plan to seek dismissal of the Complaint pursuant to Rules 12(b)(2), 12(b)(3), and Rule 12(b)(6) for lack of personal jurisdiction, *forum non conveniens*, and failure to state a claim.

This Court should dismiss the Complaint pursuant to Rule 12(b)(2) as to Fernanda Alves de Souza, Iara Galdino Da Silva, and Empire Strong Negocios Ltda. because the Court cannot establish general or specific jurisdiction over these Defendants.[4] Ms. Alvez de Souza is a Brazilian citizen. Although she is a Florida resident and is present in Florida from time to time—splitting time between Florida and Brazil—she has not yet been properly served in Florida. Ms. Galdino Da Silva is a citizen and resident of Brazil and Empire Strong Negocios Ltda. is headquartered and has its principal place of business in Brazil. The Complaint fails to allege a single meeting, negotiation, transaction, or any other act in New Jersey. See *Am. Guarantee & Liab. Ins. Co. v. GetFPV LLC*, 2025 WL 1097498, at *3 (D.N.J. Apr. 14, 2025). Further, the Court should dismiss the Complaint pursuant to Rule 12(b)(3) on *forum non conveniens* grounds because Plaintiff has an adequate alternate forum and the balance of interests weigh against a New Jersey Forum. *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013). Most Defendants—including Fernanda Alves de Souza, Iara Galdino Da Silva, and Empire Strong Negocios Ltda.—and relevant evidence are located in Brazil. In addition, MLS previously filed an action in Brazil against many of the Defendants, demonstrating the adequacy of that forum.

Further, Plaintiff's claims against Fernanda Alves de Souza, Iara Galdino Da Silva and the Empire Strong Defendants fail on the merits. First, Plaintiff's common law fraud and Federal and N.J. RICO claims are not pled with particularity, as required by Rule 9(b). *Singletary v. Equity Source Home Loans, LLC*, 659 B.R. 43, 53 (Bankr. D.N.J. 2024); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). Second, Plaintiff has failed to plead all elements of the

---

[4] Counsel to Fernanda Alves de Souza, Iara Galdino Da Silva, and the Empire Strong Defendants was recently retained in late December 2025 to defend these defendants in this action. Upon review of the docket, counsel understands that a summons was recently issued as to Empire Strong International Business Intermediation, LLC and Empire Strong International Business Intermediation One, LLC, and that on January 10, 2026 the Trustee filed a motion for Default Judgment as to Empire Strong International Business Intermediation, LLC and Empire Strong International Business Intermediation One, LLC. Counsel intends to oppose the motion for default judgment, so that the dispute can be litigated on the merits, in a consolidated fashion, in the interest of judicial efficiency, and to protect the Defendants' rights.

claims. As to the common law claims, Plaintiff's fraud claims against Defendants fail because the Complaint does not allege that the Defendants made (or caused) the material misrepresentations that induced the Plaintiff's reliance nor does it allege any facts showing that these Defendants knew of Possebon's alleged fraud. *Prudential Ins. Co. of Am. v. Credit Suisse Sec. (USA) LLC,* 2013 WL 5467093, at *8, *19 (D.N.J. Sept. 30, 2013). Plaintiff's aiding and abetting claims similarly fail. Actual knowledge is distinct from the scienter required to allege the underlying fraud. *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 412 (S.D.N.Y. 2021). The Complaint fails to allege any facts sufficient to raise an inference of actual knowledge on behalf of these Defendants or to plausibly allege substantial assistance. *Id.* at 412, 416.

Finally, Plaintiff's Federal and N.J. RICO claims fail because the Complaint fails to plausibly allege any facts showing that these Defendants conducted or participated in the alleged enterprise. *Congregacion de la Mision Provincia de Venezuela v. Curi*, 978 F. Supp. 435, 450 (E.D.N.Y. 1997) ("The knowing receipt of fraudulently obtained funds does not constitute participation in the 'operation and management of the enterprise.'"); *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993); *Clann Enters., LLC v. Wilson*, 2025 WL 2845824, at *7 (N.D. Okla. Oct. 7, 2025) (finding that facilitating the transfer of stolen funds is insufficient to prove participation in an alleged RICO enterprise); *Prudential Ins. Co. of Am. v. Bank of America, Nat. Ass'n*, 14 F. Supp. 3d 591, 614 (D.N.J. 2014) (noting that the N.J. RICO statute should be interpreted with conformity with the Federal RICO statute). The Complaint also fails to address the territorial jurisdiction basis for these RICO claims. *Norex Petroleum Ltd. v. Access Indus., Inc.*, 631 F.3d 29, 32-33 (2d Cir. 2010) (finding that the extraterritorial application of RICO is disfavored); *United States v. Chao Fan Xu*, 706 F.3d 965, 974-75 (noting the "presumption that RICO does not apply extraterritorially in a civil or criminal context"); *State v. Casilla*, 829 A.2d 1095, 1101 (N.J. Super. Ct. App. Div. 2003) (noting that to convict a defendant under the N.J. RICO statute, the defendant must be part of an enterprise that "engaged in trade or commerce in New Jersey or affected trade or commerce in New Jersey"). Plaintiff's Conspiracy claim similarly fails because the Complaint fails to plead necessary facts under the relevant standard and instead relies on "formulaic recitations" of a conspiracy claim. *Am. Dental Ass'n.*, 605 F.3d at 1293-94. Even if properly pled, the claim fails because the Plaintiff has failed to prove the underlying RICO claim. *District 1199P Health and Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 529 (D.N.J. 2011). Thus, the Court should dismiss the claims against these Defendants.

Sincerely,

/s/ *Christopher A. DeGennaro*

**Christopher A. DeGennaro**
*On Behalf of Moving Defendants*

CAD