# RINALDO AND GIMBRONE, PC

RICHARD P. RINALDO, ESQ.*
(deceased)

TIANA GIMBRONE, ESQ.

661 Franklin Avenue
NUTLEY, NJ 07110
TGIMBRONE@RPRESQ.COM
PHONE 973-346-8700
FAX 973-622-3232

* ADMITTED NJ & NY

February 26, 2026

**Via ECF only**
Honorable Judge Justin T. Quinn, U.S.M.J.
United States District Court
District of New Jersey
402 East State Street
Trenton, NJ 08608

      Re:    Stier v. Possebon, et al
                Case No: 3:24-cv-04647-RK-JTQ

Dear Judge Quinn:

This firm represents Defendant Braga Exports Inc. ("Defendant Braga") in the above-referenced matter. Pursuant to Your Honor's January 30, 2026 Order (ECF 561), Defendant Braga respectfully submits this letter explaining the basis for our position that Plaintiff lacks personal jurisdiction.[1] As there will likely be significant submissions from all Defendants concerning this matter, and in an effort to keep this submissions brief, Defendant Braga has not included case law, statutes, rules and other supporting law in this letter.

### New Jersey Court Lacks General Jurisdiction over Defendant Braga

Plaintiff's Complaint agrees that Defendant Braga is a Florida corporation with its principal place of business in Miami, Florida. (Plaintiff's Complaint ¶130.) At no time does Plaintiff's complaint allege that Defendant Braga has any relationship to New Jersey such as significant

---

[1] In addition to lack of personal jurisdiction, Defendant Braga reserves its right to seek dismissal under Rule 12(b) *et seq* and reserves those rights and defenses.

1

business contacts, property ownership, targeted customers or other New Jersey residents. As Defendant Braga is a Florida Corporation with no presence in New Jersey, this Court lacks general jurisdiction over Defendant Braga.

### New Jersey Court Lacks Personal Jurisdiction over Defendant Braga

Plaintiff's Complaint only references Defendant Braga in a general grouping of "Recipient Defendants". At no time does Plaintiff's Complaint allege receipt of funds in New Jersey, from New Jersey, nor does it refer to any relationship that Defendant Braga may have with anyone located in New Jersey or any business in New Jersey. Defendant Braga did not purposefully avail itself of the privilege of conducting activities within New Jersey and Plaintiff's Complaint does not even allege so.

Plaintiff's claims do not arise out of, nor are they related to, Defendant Braga's contacts with New Jersey, as there are no such contacts nor were there any such contacts alleged in Plaintiff's Complaint. In fact, Plaintiff's Complaint is so general as to Defendant Braga that the claim against Defendant Braga is that they received monies "originating from the **United States** for which they provided no consideration or benefit and concealing and/or transferring them to Possebon or other recipients designated by him". (Plaintiff's Complaint ¶440.) No mention of any funds from New Jersey, sent to New Jersey or even passing through to make the allegations sufficient enough against Defendant Braga to show any contact at all with New Jersey.

The exercise of jurisdiction here cannot be considered reasonable for Defendant Braga based on the facts herein above. Therefore, this Court lacks personal jurisdiction over Defendant Braga.

### Conclusion

As set forth herein above, there is no general or personal jurisdiction over Defendant Braga. Since Plaintiff's Complaint failed to set forth any allegations, let alone even the most remote

connection, which would allow the Court to find general or personal jurisdiction over Defendant Braga, the Court should deny any request by Plaintiff for jurisdictional discovery.

Thank you for Your Honor's courtesy and attention to this matter.

Respectfully submitted,<br>
**RINALDO AND GIMBRONE, PC**

*/s/ Tiana Gimbrone, Esq.*
Tiana Gimbrone, Esq.

cc: All counsel of record (via ECF only)