

90 PARK AVE
37TH FLOOR
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
**FOLEY.COM**

WRITER'S DIRECT LINE
212.338.3472
skoch@foley.com

February 26, 2026

**VIA ECF**
The Honorable Justin T. Quinn
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    Pre-Motion Conference Letter re Diego and Larissa Carvalho Possebons' Jurisdictional Dismissal Arguments for *Edwin H. Stier, Esq. v. Possebon et al*, Case No. No. 3:24-cv-04647-RK-JTQ

Dear Judge Quinn:

We represent Defendants Diego Possebon ("Mr. Possebon") and Larissa Carvalho Possebon ("Mrs. Possebon," and together with Mr. Possebon, the "Possebons") in the above-referenced action. Pursuant to the Court's January 30 Letter Order (ECF No. 561), we explain why this Court lacks subject matter jurisdiction, as well as general and specific personal jurisdiction over the Possebons. Dismissal is warranted based on the jurisdictional arguments below.

Background

Plaintiff generally alleges that multiple Brazilian entities and individuals, including Mr. Possebon, facilitated the procurement and delivery of worthless gravel (as opposed to tin concentrate) to Gerald Metals SARL ("Gerald") in Brazil, defrauding MLS Berkowitz Investments, LLC ("MLS") out of millions of dollars. Yet Plaintiff has not, and cannot, draw any nexus between this wholly international transaction and New Jersey and thereby fails to plead jurisdiction over the Possebons. Even if he had, the Court would not be able to



adjudicate the matter due to improper venue and a mandatory arbitration clause in the January 20, 2023 contract between MLS and Gerald.[1]

<u>Plaintiff Fails to Allege Any Cognizable Basis for Subject Matter Jurisdiction</u>

Plaintiff cites 28 U.S.C. 1334(a), claiming "[j]urisdiction is proper in this Court because federal courts have original jurisdiction over all cases arising under the bankruptcy code." *See* Compl. ¶ 219.[2] However, "cases under Title 11, as used in 28 U.S.C. § 1334(a), 'refers merely to the bankruptcy petition itself.'"[3] Since the Complaint here is not the bankruptcy petition itself, which MLS filed in the United States Bankruptcy Court for the District of New Jersey under Case No. 23-15334, this Court lacks jurisdiction under U.S.C. 1334(a). Plaintiff cites no other jurisdictional basis.

<u>Plaintiff Fails to Establish General or Specific Personal Jurisdiction over the Possebons</u>

Regarding general jurisdiction, the Possebons are citizens and residents of Brazil, and neither are "at home" in New Jersey; therefore, general jurisdiction does not obtain.[4]

Regarding specific jurisdiction, Plaintiff has failed to allege any conduct that the Possebons "purposefully directed" at New Jersey sufficient to establish "minimum contacts" here or that the actions alleged "arise out of or relate to" those minimum contacts.[5] Even if the Supreme Court's ruling in *Fuld v. PLO* had unsettled the "minimum contacts" analysis in the context of RICO claims—which it did not—this Court would still be required to conduct some

---

[1] Based on the Court's Order, the Possebons have limited their arguments in this PMC Letter to jurisdictional grounds only. For the avoidance of doubt, the Possebons do not waive their arguments related to venue (including *forum non conveniens*) and arbitrability (including the ability to move to compel arbitration).

[2] ; 28 U.S.C. 1334(a) ("Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.").

[3] *In re East Orange General Hosp., Inc.,* 587 B.R. 53, 70 (D.N.J. 2018) (quoting *In re Combustion Eng'g, Inc.,* 391 F.3d 190 (3d Cir. 2005)).

[4] *See Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n,* 819 F.2d 434, 437 (3d Cir. 1987).

[5] *Barrett v. Tri-Coast Pharmacy, Inc.,* 518 F. Supp. 3d 810, 821 (D.N.J. 2021).



Page 3

form of "meaningful relationship" or "meaningful nexus" test, which Plaintiff cannot meet.[6] Despite Plaintiff's statement that "many of the alleged acts occurred in or were directed at New Jersey," Compl. ¶ 221, he fails to allege a single meeting, negotiation, transaction, or any other act by Mr. Possebon in New Jersey, or even in the United States. Such "broad and conclusory statements" cannot support specific jurisdiction.[7] Instead, Plaintiff repeatedly alleges conduct that occurred in Brazil by Brazilian residents or Brazilian-based companies.

As to Mrs. Possebon, Plaintiff alleges that she 1) executed a contract with Miami Waterfront Ventures, LLC, a Florida company, to purchase a Florida condo and 2) is a manager of Celavi Investimentos e Participacoes Ltda., a Brazilian company that received a transfer from Empire Strong, a Delaware company. Plaintiff does not allege that either of these acts had any nexus to New Jersey.

Plaintiff has therefore failed to plead *any* contacts, connection, relationship, or nexus between the Possebons and the state of New Jersey, let alone the meaningful contacts required for personal jurisdiction over a foreign defendant.[8]

---

[6] Neither this District nor the Third Circuit have addressed *Fuld*'s impact on the assessment of personal jurisdiction in RICO cases. However, the D.C. District Court has questioned *Fuld*'s applicability to RICO cases and was "doubtful the Supreme Court's decision would compel a different result" from the minimum contacts standard the parties had argued. *Hafez v. Vidino*, 2025 U.S. Dist. LEXIS 193423, at *13 n.3 (D.D.C. Sept. 30, 2025). The Court noted that, unlike in *Fuld*, RICO was not a "'narrow' and 'suitably limited' statute that established personal jurisdiction over the foreign defendant" and that its "personal jurisdiction provision is limited to circumstances" that did not apply. *Id.*

[7] *See Am. Guar. & Liab. Ins. Co. v. GetFPV LLC,* No. 24-8922 (ZNQ) (RLS), 2025 U.S. Dist. LEXIS 70305, at *8 (D.N.J. Apr. 14, 2025).

[8] *See Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 458 (D.N.J. 2013) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion."); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) ("To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of establishing the court's jurisdiction.").



Page 4

       Respectfully submitted,

       */s/ Sam M. Koch*

       Sam M. Koch



## CERTIFICATE OF SERVICE

    I hereby certify that on February 26, 2026, the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: New York, New York
       February 26, 2026                          */s/ Sam M. Koch*
                                                                 Sam M. Koch