

Elizabeth M. Vélez
646 965 8830
elizabeth.velez@lbkmlaw.com

February 26, 2026

**Via ECF Only**
The Honorable Justin T. Quinn, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & United States Courthouse
402 East State Street
Trenton, New Jersey 08608-1500

     **Re:** *Stier, Esq. v. Diego Possebon, et al.*, **No. 24-cv-4647 (RK) (JTQ)**

Dear Judge Quinn:

In accordance with your Letter Order (ECF No. 561), Defendant Opus Entretenimento ("Opus") explains the specific bases for its motion to dismiss under Fed. R. Civ. Proc. 12(b)(2).

## I.  The Court Lacks General Jurisdiction over Opus

General jurisdiction can be exercised over a foreign corporation only where its 'affiliations with the [forum] are so continuous and systematic as to render [it] essentially at home in the forum'"—typically, its 'place of incorporation [or] principal place of business.'" *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223 (3d Cir. 2016) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). As a Brazilian entity with its principal place of business in Brazil (Comp. ¶ 216), Opus is not subject to general jurisdiction.

## II.  The Court Lacks Specific Jurisdiction over Opus

The claims against Opus arise out of a purported contract dispute involving rock concerts in Brazil. Compl. ¶¶ 481-525.[1] As alleged by Plaintiff, neither Opus nor debtor MLS Berkowitz Investments, LLC ("MLS") were parties to the agreements; rather, the parties to the contracts were

---

[1] The allegations against Opus are unrelated to the alleged fraud involving tin concentrate and gravel dust, which is at the center of this matter. *See* Compl. ¶¶ 1-480.

10 Grand Central  |  155 East 44th Street, 25th Floor  |  New York, NY 10017  |  t 212 826 7001  |  f 212 826 7146

NEW YORK    WASHINGTON    LONDON

lbkmlaw.com

Lewis
Baach
Kaufmann
Middlemiss
PLLC

February 26, 2026
Page 2

MLS's individual shareholders, who *perhaps* reside in New Jersey, and a Brazilian company, Hits Entertainment Ltda. ("Hits").[2] *Id.* ¶¶ 486, 488. Per the Complaint, the shareholders "assigned to MLS" their claims under the contracts, and Opus is alleged "[u]pon information and belief" to have "purchased" Hits after-the-fact and "assumed all [its] debts and obligations." *Id.* ¶¶ 494, 497. Plaintiff alleges no other jurisdictional facts as to Opus. The alleged Hits transactions do not support specific jurisdiction over Opus for two reasons.

**First**, Opus did not acquire Hits or assume its liabilities. Corporate ownership records publicly filed in Brazil by both Opus and Hits conclusively prove that Opus has never held an ownership interest in, much less acquired, Hits. The undersigned shared these records with counsel for Plaintiff on May 12, 2025. Moreover, Hits' former minority shareholder, Defendant Lucas Giacomolli, filed a declaration under penalty of perjury confirming that "Hits was never sold." *See* ECF No. 558-1, ¶ 25. Rather, Opus contracted with his other company, Ampla Eventos Ltda. "as an independent service provider." *Id.* ¶ 27; *see also* ECF No. 239, at 2 (proffer on behalf of Opus that no deal with Hits closed and, instead, "in or around mid-2019, Opus entered into service agreements with legal entities that had certain shareholders in common with Hits"). These objective facts defeat jurisdiction and render jurisdictional discovery unnecessary.

**Second**, even if Opus did inherit Hits' jurisdictional contacts (it did not), these would not satisfy due process concerns. The transactions between Hits and MLS's shareholders concerned concerts that were performed in Brazil. Compl. ¶¶ 215, 485-488. The sole contact with the U.S. is

---

[2] While the Complaint defines "Hits Entertainment" to refer to both a Brazilian entity and its American affiliate (¶¶ 214-15, 483), Plaintiff later clarified that the contracts were signed by the Brazilian entity. ECF No. 248, at 1. The American affiliate played no role and is likely mentioned only to create the appearance of a jurisdictional nexus.

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

February 26, 2026
Page 3

the MLS shareholders' implied (but unalleged) U.S. residence. *Id.* ¶¶ 14-15. However, "[a] nonresident's contracting with a forum resident, without more, is insufficient to establish the requisite 'minimum contacts' required for [the] exercise of personal jurisdiction." *Sunbelt Corp. v. Noble, Denton & Assoc., Inc.*, 5 F.3d 28, 32 (3d Cir. 1993). So, too, for Plaintiff's fraud claim. *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265, 268 (3d Cir. 1998) (where "dispute is focused outside the forum," defendant's alleged knowledge of plaintiff's residence in forum did not mean defendant "expressly aimed" tortious conduct at forum).

Even if a "more flexible" standard applies after the Supreme Court's decision in *Fuld v. Palestine Liberation Org.*, 606 U.S. 1, 16 (2025),[3] a "meaningful relationship" between the defendant's conduct and the forum is still necessary for personal jurisdiction. *Id.* at 23; *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 1:24-CV-00744 (JLR), 2025 WL 3022826, at *5 (S.D.N.Y. Oct. 29, 2025). By failing to allege *any* conduct by Opus or Hits in or directed to the U.S., let alone "with reasonable particularity," the Complaint neither satisfies that test nor warrants jurisdictional discovery. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).

---

[3] Plaintiff asserts that this case is "related to" MLS's bankruptcy proceeding within the meaning of 28 U.S.C. § 1334(b). *See, e.g.*, ECF No. 169, at 1-2; ECF No. 170, at 1-2. If so, and if service was effected pursuant to Fed. R. Bankr. Proc. 7004(f)), the Fifth Amendment would likely guide the constitutional analysis. *See In re Uni-Marts, LLC*, 399 B.R. 400, 406-07 (Bankr. D. Del. 2009). However, Plaintiff's claims against Opus likely are not "related to" MLS's bankruptcy proceeding. First, the Complaint does not properly allege that MLS's shareholders' contractual rights are "property of the [MLS bankruptcy] estate." *See* ECF No. 239, at 1-2. Second, the claims were filed in 2024, *after* the confirmation of MLS's bankruptcy plan. *See* Order, *In re MLS Berkowitz Inv., LLC, Debtor.*, 23-15334-CMG (Bankr. N.J. Sept. 7, 2023) ECF No. 39. "[T]he scope of bankruptcy court ['related to'] jurisdiction diminishes with plan confirmation," and exists only over claims with a "close nexus to the bankruptcy plan or proceeding." *In re Resorts Intern., Inc.*, 372 F.3d 154, 165-167 (3d Cir. 2004). This is not the case here, where Plaintiff's state-law claims against Opus do not entail the recovery of fraudulently transferred debtor assets or concern the dispute that ultimately drove the debtor into bankruptcy. *See Donaldson v. Bernstein*, 104 F.3d 547, 553 (3d Cir. 1997).

**Lewis
Baach
Kaufmann
Middlemiss**
PLLC

February 26, 2026
Page 4

Respectfully,

Elizabeth M. Vélez