

ERIC T. KANEFSKY PARTNER

📞 862.772.8149   ✉ eric@ck-litigation.com   🌐 ck-litigation.com

May 13, 2026

**VIA ECF**
Honorable Justin T. Quinn
United States Magistrate Judge
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> **Re:** ***Edwin H. Stier, Esq. as Wind Down Trustee for MLS Berkowitz Investments, LLC v. Diego Possebon, et al.*, No. 3:24-cv-04647-RK-JTQ**

Dear Judge Quinn:

This firm is co-counsel for Plaintiff, Edwin H. Stier, Esq. as Wind Down Truste for MLS Berkowitz Investments, LLC ("Plaintiff" or the "Trustee").   On July 24, 2025, Your Honor issued a Letter Order (ECF No. 412) (the "7/24/25 Order"), directing Plaintiff to file a letter every sixty days "updating the Court on the status of all outstanding service issues."  Plaintiff's counsel has since filed four such letters, on September 9, 2025 (ECF No. 467) (the "9/9/25 Letter"), on November 10, 2025 (ECF No. 508) (the "11/10/25 Letter"), on January 12, 2026 (ECF No. 538) (the "1/12/26 Letter"), and on March 13, 2026 (ECF No. 587) (the "3/13/26 Letter").

On October 1, 2025, the Court issued a Letter Order (ECF No. 486), which, among other things, directed Plaintiff's counsel to file a letter by October 3, 2025, identifying all Defendants that have not yet been served.  On October 3, 2025, Plaintiff's counsel filed a letter (ECF No. 490) (the "10/3/25 Letter") identifying the Defendants who, according to the information available to Plaintiff's counsel, have not yet been served.  As Plaintiff's counsel explained in the 10/3/25 Letter, service of process pursuant to the Hague Convention, established by proof of service issued by the Brazilian Ministry of Justice, had not yet been completed for certain Defendants.  Further, in the 10/3/25 Letter, Plaintiff's counsel grouped the unserved Defendants into the following categories corresponding to the understanding of Plaintiff's counsel for why service is not yet completed:  (i) service is concluded, but the Brazilian Ministry of Justice is yet to transmit proof of service for the Defendant; (ii) the Brazilian Superior Court of Justice granted the exequatur for service of the Defendant requested by the Trustee, but the Brazilian federal court is yet to complete service; (iii) the Defendant's challenge to service under the Hague Convention is ongoing in the Brazilian court system; and (iv) the Defendant has not yet been located by the Brazilian authorities.

For purposes of updating the Court as to the status of all outstanding service issues, as required by the 7/24/25 Order, Plaintiff below identifies the Defendants who are yet to be served, grouped, where appropriate, into categories used in the 10/3/25, 11/10/25, 1/12/26, and 3/13/26 Letters.

Letter to Honorable Justin T. Quinn, Wednesday, May 13, 2026
Page 2 of 4

**I.      Proof of Service for the Defendant Not Yet Received**

- Antonio Carlos Flores Mendes
- Celavi Investimentos e Participacoes Ltda.[1]
- Cesalon – Centro de Servicos em Acos Longos Ltda.
- Diego Possebon – ME
- Nilo Country Empreendimentos Imobilarios SPA Ltda.
- Walter Cordeiro Filho

**II.     Brazilian Federal Court is Yet to Complete Service**

- Altavista Romão Sociedade Individual De Advocacia, f/k/a Schunck Advogados (the process of service by publication, granted by the Brazilian Superior Court of Justice upon the Trustee's request, has been completed, and the Trustee awaits a confirming opinion by the Brazilian Public Prosecutor's Office and/or the Brazilian Public Defender's Office before the case file is returned to the rogatory court)
- A.R.M. Dantas Ltda. (service has been completed, and the Brazilian Superior Court of Justice has ordered the return of the case file to the rogatory court)[2]
- C. Costa Dos Santos Ltda. (the process of service by publication, granted by the Brazilian Superior Court of Justice upon the Trustee's request, has been completed, and both the Brazilian Public Prosecutor's Office and Brazilian Public Defender's Office have issued opinions in favor of returning the case file to the rogatory court)
- Christian Costa Dos Santos (the process of service by publication, granted by the Brazilian Superior Court of Justice upon the Trustee's request, has been completed, and both the Brazilian Public Prosecutor's Office and Brazilian Public Defender's Office have issued opinions in favor of returning the case file to the rogatory court)
- Edineia Piaba Araujo Ltda. (the process of service by publication, granted by the Brazilian Superior Court of Justice upon the Trustee's request, has been completed, and both the Brazilian Public Prosecutor's Office and Brazilian Public Defender's Office have issued opinions in favor of returning the case file to the rogatory court)
- Fernanda Alves de Souza (the process of service by publication, granted by the Brazilian Superior Court of Justice upon the Trustee's request, has been completed, and the Trustee awaits a confirming opinion by the Brazilian Public Prosecutor's Office and/or the Brazilian Public Defender's Office before the case file is returned to the rogatory court)[3]

---

[1] Counsel for Defendants Diego Possebon and Larissa Carvalho Possebon have indicated to counsel for Plaintiff that they will be representing Defendants Celavi Investimentos e Participacoes Ltda. and Diego Possebon – ME.

[2] Because there were indications that Defendant was attempting to evade the bailiff's attempt to serve process, service was effectuated pursuant to a request by the Trustee's Brazilian counsel, granted by the Brazilian Superior Court of Justice, that Defendant be served at a specific time.

[3] Although the information presently available to counsel for the Trustee indicates that service pursuant to the Hague Convention has not yet been completed for Fernanda Alves de Souza, counsel entered an appearance on this Defendant's behalf on January 21, 2026.  *See* (ECF No.

Letter to Honorable Justin T. Quinn, Wednesday, May 13, 2026
Page 3 of 4

- Francisco Bonates (the Brazilian Superior Court of Justice granted the exequatur requested by the Trustee and ruled that the case file should be sent to the Brazilian federal court for service)
- Global Solucoes Integradas Ltda. (the process of service by publication, granted by the Brazilian Superior Court of Justice upon the Trustee's request, has been completed, and both the Brazilian Public Prosecutor's Office and Brazilian Public Defender's Office have issued opinions in favor of returning the case file to the rogatory court)
- Guilherme Ramão (the Brazilian Superior Court of Justice granted the exequatur requested by the Trustee and ruled that the case file should be sent to the Brazilian federal court for service)
- Hits Entretenimento Ltda. (the process of service by publication, granted by the Brazilian Superior Court of Justice upon the Trustee's request, has been completed, and the Trustee awaits a confirming opinion by the Brazilian Public Prosecutor's Office and/or the Brazilian Public Defender's Office before the case file is returned to the rogatory court)
- Maerlon Duarte de Souza (the Brazilian Superior Court of Justice granted the exequatur requested by the Trustee and ruled that the case file should be sent to the Brazilian federal court for service)
- M.B. Almeida
- Vinicius Oliveira Mendes (the Brazilian Superior Court of Justice granted the exequatur requested by the Trustee and ruled that the case file should be sent to the Brazilian federal court for service)

## III.    Defendants Challenging Service in the Brazilian Court System[4]

- A.P.N. Servicos Ltda.
- Empire Strong Negocios Ltda.[5]

---

549).  And, on February 26, 2026, Defendant filed a pre-motion letter with the Court asserting that the Court lacks personal jurisdiction.  *See* (ECF No. 584).

[4] According to the Trustee's counsel in Brazil, (i) these Defendants, with the exception of Iara Galdino da Silva and Rodrigo Martins de Mello, appealed after the Brazilian Superior Court of Justice granted the exequatur requested by the Trustee and ruled that service was completed, and (ii) none of the Defendants in this case have succeeded in an attempt to challenge service under the Hague Convention in the Brazilian courts.  The Brazilian Public Prosecutor's Office has issued opinions in favor of denying the appeals filed by A.P.N. Servicos Ltda., Julio Cesar Jacobsen, Lucas Giacomolli, and Marcelo de Mesquita Duarte.  In the case of Empire Strong Negocios Ltda., the Defendant has filed a new appeal after its first appeal was unsuccessful.  Rodrigo Martins de Mello was deemed to have notice of the Letter Rogatory by the Brazilian Superior Court of Justice and subsequently appeared to file an objection.  Iara Galdino Da Silva appeared and filed an objection after the Brazilian Superior Court of Justice granted the Trustee's request to serve Defendant by publication.

[5] Although the information presently available to counsel for the Trustee indicates that service pursuant to the Hague Convention has not yet been completed for Empire Strong Negocios Ltda.,

Letter to Honorable Justin T. Quinn, Wednesday, May 13, 2026
Page 4 of 4

- Iara Galdino Da Silva[6]
- Julio Cesar Jacobsen
- Lucas Giacomolli[7]
- Marcelo de Mesquita Duarte
- Rodrigo Martins de Mello

**IV.    Defendants Deemed to Have Been Notified of the Letter Rogatory by the Brazilian Superior Court of Justice**

- Adriano Da Silva Amorim
- Raynara G. S. Amorim (the Brazilian Public Defender's Office has issued an opinion in favor of granting the exequatur requested by the Trustee)
- Walter Cordeiro Netto (the Brazilian Public Defender's Office has issued an opinion in favor of granting the exequatur requested by the Trustee)

                    *                    *                    *

We thank the Court for its attention to this matter.  Plaintiff is available to answer any questions or provide any further information requested by the Court.


Respectfully submitted,

*/s/ Eric T. Kanefsky*

Eric T. Kanefsky
Calcagni & Kanefsky LLP


cc (via ECF):   all counsel of record

---

counsel entered an appearance on this Defendant's behalf on January 21, 2026.  *See* (ECF No. 549).  And, on February 26, 2026, Defendant filed a pre-motion letter with the Court asserting that the Court lacks personal jurisdiction.  *See* (ECF No. 585).

[6] Although the information presently available to counsel for the Trustee indicates that service pursuant to the Hague Convention has not yet been completed for Iara Galdino Da Silva, counsel entered an appearance on this Defendant's behalf on January 21, 2026.  *See* (ECF No. 549).  And, on February 26, 2026, Defendant filed a pre-motion letter with the Court asserting that the Court lacks personal jurisdiction.  *See* (ECF No. 585).

[7] Although the information presently available to counsel for the Trustee indicates that service pursuant to the Hague Convention has not yet been completed for Lucas Giacomolli, counsel for this Defendant has filed: (i) a motion to dismiss on January 27, 2026, *see* (ECF No. 558); and (ii) a pre-motion letter on February 4, 2026 asserting that this Court lacks personal jurisdiction over him, *see* (ECF No. 570).