

90 PARK AVE
37TH FLOOR
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
**FOLEY.COM**

WRITER'S DIRECT LINE
212.338.3472
skoch@foley.com

May 14, 2026

**VIA ECF**

The Honorable Justin T. Quinn
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re:    Reply Letter to Plaintiff's Omnibus Opposition Letter to Defendants' Jurisdictional Dismissal Letters re January 30, 2026 Letter Order (ECF No. 561) in *Edwin H. Stier, Esq. v. Possebon et al,* Case No. 3:24-cv-04647-RK-JTQ

Dear Judge Quinn:

Defendants Diego Possebon and Larissa Carvalho Possebon submit this Reply Letter in response to Plaintiff's Omnibus Opposition (ECF No. 599) along with Defendants Fernanda Alvez de Souza ("Fernanda"), Iara Galdino Da Silva ("Iara"), and Empire Strong Negocios Ltda. ("Empire Strong Brazil"), whose arguments follow.

### The Possebons' Reply

### I.    No Basis Exists for Bankruptcy Jurisdiction.

Plaintiff's subject matter jurisdiction argument under 28 U.S.C. § 1334(a) is legally imprecise because under that subsection, jurisdiction only attaches over the bankruptcy petition itself.[1] Plaintiff substantively overreaches by attempting to apply Section 1334's other subsections (which its Complaint never alleged) and arguing that this Court has jurisdiction because this case "arises from[2] the MLS bankruptcy case."[3] Under the Third Circuit's framework, a claim can "arise under" title 11 "if it invokes a substantive right provided by title 11," or it can "arise in" a

---

[1] *In re East Orange General Hosp., Inc.,* 587 B.R. 53, 70 (D.N.J. 2018)
[2] Bankruptcy jurisdiction extends to cases "arising under" Title 11 or proceedings "arising in" a case under Title 11. *Stoe v. Flaherty*, 436 F.3d 209, 216; 28 U.S.C. § 1334. Plaintiff's ambiguous use of "arises from" makes it unclear if it meant to invoke the "under" or "in" test; regardless, both arguments fail.
[3] ECF No. 599 at p. 6–7.

bankruptcy case if it has "no existence outside of the bankruptcy."[4] Here, Plaintiff has alleged neither—it offers only a bare assertion that "this matter arises from" the MLS bankruptcy case.[5] Accordingly, Plaintiff's claims do not "arise under" or "arise in" the MLS bankruptcy case.

## II.      National Minimum Contacts Is the Appropriate Test for Personal Jurisdiction.

Assuming, *arguendo*, that here, the Fed. R. Bankr. P. 7004 statute authorizes nationwide service of process, the appropriate due process inquiry would be governed by the Fifth Amendment rather than the Fourteenth Amendment, and the relevant forum for a minimum contacts analysis would be the United States as a whole.[6] Plaintiff cites *DBSI*, a non-binding case from a Delaware bankruptcy court for the proposition that serving a defendant while "physically present in the United States" is sufficient to confer jurisdiction over that defendant under Fed. R. Bankr. P. 7004.[7] However, in the Third Circuit, personal jurisdiction is assessed "on the basis of the defendant's national contacts when the plaintiff's claim rests on a federal statute authorizing nationwide service of process."[8] As such, the fact that the Possebons were served while they were visiting a theme park in Orlando, FL has no impact on personal jurisdiction. The presence of the defendant is not the appropriate test—a minimum contacts analysis is.

## III.      Plaintiff Fails to Allege Under *Calder* That the Possebons Expressly Targeted the United States.

Plaintiff suggests, for the first time, that this Court has personal jurisdiction over the Possebons under the *Calder* "effects" test. However, an essential element of this test requires a plaintiff to demonstrate that the "defendant *expressly aimed* its tortious conduct at the forum" state,

---

[4] *Stoe,* 436 F.3d at p. 216.
[5] Compl. ¶ 220.
[6] *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 369 (3d Cir. 2002).
[7] *In re DBSI, Inc.*, 467 B.R. 309, 314 (Bankr. D. Del. 2012).
[8] *Pinker,* 292 F.3d at p. 369.

which Plaintiff has not done; notably, "[s]imply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum would be insufficient in itself to meet this requirement."[9] Plaintiff alleged conduct that occurred exclusively in Brazil. Plaintiff's allegations that Mr. Possebon provided instructions to wire funds through Plaintiff's Chase bank account—which are the extent of the remaining "acts" that Plaintiff argues Mr. Possebon "directed at the United States"—are not a basis for establishing personal jurisdiction. A court "cannot assert personal jurisdiction over a Defendant merely because [the Defendant's corresponding U.S. bank] chose…to process a wire transfer in New Jersey."[10] In *Community Finance,* the Court acknowledged that "Defendant's only relevant contact with New Jersey is a wire transfer, effectuated by the Plaintiff, which may or may not have passed through the non-party bank's back office in New Jersey," and consequently declined jurisdiction.[11] Here, Plaintiff has alleged even less—there has been no allegation of wired funds deposited into U.S. bank accounts.

## IV.    New Jersey Does Not Recognize Conspiracy Jurisdiction.

Plaintiff's conspiracy jurisdiction theory fails because "New Jersey has not clearly recognized that theory."[12] While the Third Circuit has not explicitly ruled on conspiracy jurisdiction, it "predict[s] the New Jersey Supreme Court would decline to adopt such a theory."[13] The Third Circuit based its prediction in *LaSala* on a case where the New Jersey Supreme Court declined to confer jurisdiction over one defendant "based on the activities of another defendant."[14]

---

[9] *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265 (3d Cir. 1998).
[10] *Cmty. Fin. Grp., Inc. v. Stanbic Bank Ltd.*, No. CIV.A. 12-3851 FSH, 2013 WL 3223371, at *3 (D.N.J. June 25, 2013).
[11] *Id.*
[12] *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 439 (D.N.J. 2021).
[13] *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011).
[14] *Waste Mgmt., Inc. v. Admiral Ins. Co.*, 138 N.J. 106, 127 (1994).

### Fernanda, Iara, and Empire Strong Brazil's Reply

### I.    Fernanda, Iara, and Empire Strong Brazil Have Not Been Served

It is black-letter law that, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."[15] Plaintiff does not dispute that neither Fernanda, Iara, nor Empire Strong Brazil has been served. To the contrary, Plaintiff acknowledged this fact in its recent letter to the Court concerning service.[16]

Courts routinely decline to hear claims or permit jurisdictional discovery against defendants that have not been served.[17] Bankruptcy Rule 7004 underscores the point: assuming jurisdiction is otherwise constitutional, "*serving a summons*" is what "establishes personal jurisdiction" in the first place.[18] Plaintiff's jurisdictional arguments therefore fail at the threshold.

### II.    Plaintiff Has Not Pleaded Personal Jurisdiction Over Fernanda

Plaintiff principally argues that Fernanda's ownership of property in Florida establishes personal jurisdiction, but the cases Plaintiff cites exclusively involve *Bankruptcy Courts* exercising jurisdiction.[19] Plaintiff offers no example of a District Court exercising personal jurisdiction over a foreign defendant based on mere ownership of U.S. property.

Plaintiff's general jurisdiction argument—that Fernanda is domiciled in the U.S. because she is a principal of U.S. entities—also fails. Plaintiff's only support for this argument is the banal

---

[15] *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).

[16] (ECF 602 at 2–4).

[17] *See, e.g., Gipson v. Bass River Twp.*, 82 F.R.D. 122, 126 (D.N.J. 1979) (declining to hear arguments concerning unserved defendants because "they have not yet been made parties to this action"); *BCP Mgmt., LLC v. Deutsche Bank Nat'l Tr. Co.*, 535 F. Supp. 3d 1217, 1220 (M.D. Fla. 2021) (denying jurisdictional discovery where defendant had not been served because service rules "must be strictly enforced"); *Cambridge Holdings Grp., Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1361 (D.C. Cir. 2007) ("[U]nless the procedural requirements of effective service of process have been satisfied, the court lacks personal jurisdiction to act with respect to that defendant at all.").

[18] Fed. R. Bankr. P. 7004(f) (emphasis added).

[19] (ECF 599 at 12); *see also In re Capmark Fin. Grp. Inc.*, 479 B.R. 330, 340 (Bankr. D. Del. 2012) ("[A] person's residency within the United States constitutes sufficient minimum contacts for **the Bankruptcy Court** to exercise personal jurisdiction over that person…." (emphasis added)).

proposition that a defendant's "place of business" is "among the factors" courts consider in determining an individual's domicile.[20] True enough—but for the reasons set forth in Fernanda's opening letter, the U.S. is not her domicile; Brazil is.[21] Thus, the Court lacks general jurisdiction.

## III. Plaintiff Has Not Pleaded Personal Jurisdiction Over Iara or Empire Strong Brazil

Plaintiff's attempt to invoke the "*Calder* effects test" against Iara and Empire Strong Brazil is unavailing. That test requires conduct "intentionally targeted at and focused on *the forum*" itself; the mere fact a "plaintiff is located there is insufficient to satisfy *Calder*."[22] Nor does alleged awareness of the plaintiff's location confer jurisdiction.[23] Here, the Complaint does not allege facts showing that Iara or Empire Strong Brazil directed conduct *at the U.S.*, so *Calder* is not satisfied.

Plaintiff's reliance on conspiracy jurisdiction is also wrong. "[N]o court in the Third Circuit has adopted th[at] theory," and its constitutionality is questionable.[24]

Finally, Plaintiff dismisses Iara's fairness concerns as "misplaced,"[25] but these concerns are "significant here due to the unique burdens placed upon one who must defend oneself in a foreign legal system."[26] Iara has never been to the United States and does not speak English. Requiring her to litigate here, based on conclusory allegations alone, would offend traditional notions of fair play and substantial justice.[27]

---

[20] (ECF 599 at 13).

[21] *See, e.g., Vanz, LLC v. Mattia & Assocs.*, 2016 WL 3148400, at *3 (D.N.J. May 17, 2016) ("[A] natural person may have many residences, but **only one domicile**." (emphasis added)).

[22] *Click Go & Buy Inc. v. IT Assets, Inc.*, 2024 WL 5252474, at *8 (D.N.J. Dec. 31, 2024) (quotations omitted).

[23] *Id.* ("A defendant … is not subject to personal jurisdiction in the plaintiff's home state as soon as the defendant learns what that state is." (citation modified)).

[24] *In re Fragrance Direct Purchaser Antitrust Litig.*, 2025 WL 572827, at *8 (D.N.J. Feb. 21, 2025).

[25] (ECF 599 at 22).

[26] *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 324 (3d Cir. 2007).

[27] *See In re Choco. Confect. Antitrust Litig.*, 641 F. Supp. 2d 367, 404 (M.D. Pa. 2009) ("The court must afford particular care to the interests of a foreign defendant, who may shoulder a heavy burden by defending itself in a legal system with which it lacks familiarity.").

Respectfully submitted,

*/s/ Sam M. Koch*

Sam M. Koch

CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: New York, New York
     May 14, 2026                    */s/ Sam M. Koch*
                                    Sam M. Koch