

ERIC T. KANEFSKY PARTNER

📞 862.772.8149    ✉ eric@ck-litigation.com    🌐 ck-litigation.com

May 26, 2026

**VIA ECF**
Honorable Justin T. Quinn, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

> Re:  ***Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC v. Diego Possebon, et al.*, Case No. 3:24-cv-04647-RK-JTQ**

Dear Judge Quinn:

This firm is co-counsel to Plaintiff, Edwin H. Stier, Esq., as Wind Down Trustee for MLS Berkowitz Investments, LLC (the "Trustee" or "Plaintiff").  We write to request that the Court set a briefing schedule for the Trustee's forthcoming motion for partial summary judgment (the "Motion") with respect to the Trustee's entitlement to recover funds deposited with the Court by Fidelity National Title Insurance Company (the "Fidelity Funds") and Miami Waterfront Ventures, LLC (the "MV Funds").  Through the evidence to be submitted in support of the Motion, including, but not limited to, sworn statements and incontrovertible bank account statements and wire transfer records, the Trustee will establish that there exist no genuine issues of fact with regard to the Trustee's claims that the Fidelity Funds and MV Funds are fraudulent transfers recoverable by the Trustee pursuant to 11 U.S.C. §§ 548, 550(a) and applicable state law.  In that regard, the Trustee will demonstrate that: (1) MLS Berkowitz Investments, LLC ("MLS") had an interest in the Fidelity Funds and the MV Funds; (2) the transfers of MLS's interests in those funds occurred within two years of MLS's bankruptcy filing; (3) MLS was insolvent at the time of such transfers, or  became insolvent as a result of those transfers; and (4) the transfers "resulted in no value for [MLS] or the value received was not 'reasonably equivalent' to the value of the relinquished property interest."  *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 210 (3d Cir. 2006).

Although the Rules would permit the immediate filing of the Motion,[1] the Trustee makes this request for a briefing schedule in light of the Court's careful and considered efforts to manage the litigation in this case.  We thank the Court for its attention to this matter and are happy to answer any questions, provide any necessary information, or discuss the matter further during a status conference with the Court and the other parties.

---

[1] *See* F.R.C.P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").

Letter to Honorable Justin T. Quinn, U.S.M.J., Tuesday, May 26, 2026
Page 2 of 2

Respectfully submitted,

*/s/ Eric T. Kanefsky*

Eric T. Kanefsky
Calcagni & Kanefsky LLP

cc (via ECF):  All Counsel of Record