

90 PARK AVE
37TH FLOOR
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
**FOLEY.COM**

WRITER'S DIRECT LINE
212.338.3472
skoch@foley.com

June 2, 2026

**VIA ECF**

The Honorable Justin T. Quinn
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> Re:    Reply Letter to Plaintiff's Omnibus Opposition Letter to Defendants'
> Jurisdictional Dismissal Letters re January 30, 2026 Letter Order (ECF No. 561)
> in *Edwin H. Stier, Esq. v. Possebon et al,* Case No. 3:24-cv-04647-RK-JTQ

Dear Judge Quinn:

We represent Defendants Diego Possebon ("Mr. Possebon") and Larissa Carvalho Possebon ("Mrs. Possebon," and together with Mr. Possebon, the "Possebons") in the above-referenced action. We write in opposition to Plaintiff's May 26, 2026 letter (ECF No. 604), which requested that this Court set a briefing schedule for Plaintiff's partial motion for summary judgment ("MSJ") regarding the funds that Fidelity National Title Insurance Company and Miami Waterfront Ventures, LLC deposited with the court (respectively, the "Fidelity Funds" and the "MV Funds"). Entertaining a motion on the merits at this stage—before resolving the threshold jurisdictional challenges that have been fully briefed and remain pending—is procedurally impermissible and would cause significant prejudice to the Possebons. As such, the Court should deny Plaintiff's request.

**Factual Background**

On January 30, 2026, this Court issued a Letter Order (ECF No. 561) directing any Defendant to set forth their respective arguments for jurisdictional dismissal. In compliance with that Order, on February 26, 2026, the Possebons submitted their Pre-Motion Conference Letter (ECF No. 581) setting forth comprehensive arguments demonstrating that this Court lacks subject matter jurisdiction under 28 U.S.C. § 1334 and lacks both general and specific personal jurisdiction over the Possebons. Multiple other Defendants filed their own pre-motion letters raising similar jurisdictional challenges.

Plaintiff filed an omnibus opposition to Defendants' jurisdictional letters on April 20, 2026 (ECF No. 599). The Possebons and Defendants Fernanda Alvez de Souza, Iara Galdino Da Silva, and Empire Strong Negocios Ltda. filed their Reply Letter on May 14, 2026 (ECF No. 603), further demonstrating the deficiencies in Plaintiff's jurisdictional arguments, including the lack of a cognizable basis for bankruptcy jurisdiction, the failure to establish personal jurisdiction under a national contacts analysis or the *Calder* effects test, and the unavailability of conspiracy jurisdiction in the Third Circuit.

Critically, as of the date of this letter, the Parties' jurisdictional briefing is still pending a determination from this Court. However, on May 26, 2026—without any indication from the Court that it reached a conclusion on the pending jurisdictional challenges—Plaintiff suddenly filed a letter requesting a briefing schedule on a partial MSJ (ECF No. 604). Plaintiff never previously indicated any intention to file such a motion. For the reasons set forth herein, Plaintiff's request is premature and prohibited at this stage.

**Legal Argument**

I.    **The Specific Relief That Plaintiff Seeks Is Intertwined with Foundational Jurisdiction and Discovery Questions, Which Must Be Resolved First.**

Under Article III of the United States Constitution, a federal court must satisfy the question of jurisdiction before proceeding to the merits of any claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). This principle is "inflexible and without exception," and requires courts to resolve jurisdictional questions as a threshold matter. *Id.* at 94 (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan,* 111 U.S. 379, 382 (1884)).

The ultimate relief that Plaintiff seeks involves answering questions surrounding the Possebons' alleged fraud, which is a merits determination. *See Zinberg v. Washington Bancorp*, Inc., 138 F.R.D. 397, 404 (D.N.J. 1990). Specifically, Plaintiff's partial MSJ seeks to establish the ownership of the Fidelity Funds and MV Funds under 11 U.S.C. §§ 548 and 550(a)—avoidance powers that are exclusively features of bankruptcy law. Jurisdiction under the bankruptcy code is "grounded in, and limited by, statute"—namely 28 U.S.C § 1334. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 (1995). Title 11 cases require bankruptcy courts to "satisfy themselves of subject matter jurisdiction" as the "first question… [to] resolve" before proceeding to the merits of any claims. *See In re Mullarkey*, 536 F.3d 215, 220–21 (3d Cir. 2008). The Court's authority to adjudicate any claims stemming from Title 11 hinges entirely on Section 1334 jurisdiction, which the Possebons have specifically challenged in their dismissal letters. As such, resolving the foundational question of jurisdiction first is not merely prudent—it is legally required.

Additionally, when an interpleader and its underlying action are "pending in the same district," courts have determined that moving forward with the underlying action "rather than the more limited Interpleader Action…will enable a more comprehensive approach to discovery and resolution of the parties' entire dispute, ultimately saving the time and resources of the parties and the Court." *Wells Fargo Bank NA v. Cadena*, No. 2:20-CV-00317-RAJ-BAT, 2020 WL 5118055, at *2 (W.D. Wash. May 28, 2020). In the Third Circuit, the decision for sequencing the interpleader action is within the court's discretion. *NYLife Distributors, Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 382 (3d Cir. 1995) However, because the exact relief that Plaintiff ultimately seeks is a partial MSJ, such a motion cannot proceed before resolving fundamental questions of jurisdiction or completing discovery.

## II.    Courts Must Resolve Jurisdictional Challenges Before Reaching the Merits.

The Supreme Court of the United States has been unequivocal that a court may not bypass jurisdictional defects to reach the merits. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (reaffirming that a court must resolve jurisdictional questions before turning to the merits). Indeed, the *Sinochem* court acknowledged that only a "non-merits ground for dismissal" such as *forum non conveniens* can bypass a jurisdictional inquiry.[1] *Id.* at 432. As the Supreme Court has further explained, both subject matter jurisdiction and personal jurisdiction are threshold limitations on the power of a court to act. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (holding that "[j]urisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction)").

The Third Circuit has faithfully adhered to this foundational principle. In *Mortensen v. First Federal Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977), the court emphasized that "[a] court of the United States may not grant relief absent a constitutional or statutory basis for subject matter jurisdiction." The Third Circuit has similarly recognized that courts must address dismissal for lack of jurisdiction before they may "reach the merits of the summary judgment." *EF Operating Corp. v. Am. Bldgs.*, 993 F.2d 1046, 1048 (3d Cir. 1993). The *EF Operating* court acknowledged that summary judgment "is a ruling on the merits," and that to rule on the merits, a court must first resolve jurisdictional issues, even if implicitly. *Id.* at 1048–49; *see also Smith v. Kroesen,* No. CIV.A. 10-5723 NLH, 2013 WL 6187229, at *1 (D.N.J. Nov. 26, 2013) ("Prior [to] the resolution of the summary judgment motion, however, this Court's subject matter jurisdiction must be firmly established.").

Further, Plaintiff's assertion that the Federal Rules "would permit the immediate filing of the Motion" under Fed. R. Civ. P. Rule 56(b) ignores the critical distinction between whether a party may *file* a motion and whether a court may *adjudicate* it. Rule 56 permits a party to file a summary judgment motion "at any time until 30 days after the close of all discovery," but that procedural permission says nothing about whether the court has jurisdiction to rule on such a motion. The mere availability of summary judgment does not override the constitutional requirement that jurisdiction is established first. *See Ruhrgas*, 526 U.S. at 577.

## III.    A Motion for Summary Judgment Cannot Be Filed Prior to Discovery.

Additionally, the Supreme Court of the United States has held that summary judgment should be "refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The Third Circuit has affirmed this position. *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988) (holding that a "court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."). Here, no fact discovery has been conducted, and this Court has not yet even ruled on whether *jurisdictional* discovery is permissible. Accordingly, the request for a briefing schedule on a partial MSJ is premature.

---

[1] Previously, the Possebons have also argued on *forum non conveniens* grounds that the D.N.J. is not the appropriate forum for adjudication.

Respectfully submitted,

*/s/ Sam M. Koch*

Sam M. Koch

5

CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2026, the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: New York, New York
      June 2, 2026

*/s/ Sam M. Koch*
    Sam M. Koch