**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWIN H. STIER, *as wind down trustee for MLS Berkowitz Investments, LLC*,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO POSSEBON et al.,<br><br>Defendants. | Civil Action No. 24-4647 (RK) (JTQ)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon six Motions for Default Judgment filed by Plaintiff Edwin H. Stier ("Plaintiff"). (ECF Nos. 532–37.) The first motion seeks default judgment against Defendant Mix Enterprises LLC ("Mix"). (ECF No. 532.)[1] The second seeks default judgment against Defendant Bright Celcom Wholesale, LLC ("BCW"). (ECF No. 533.) The third seeks default judgment against Defendant Metalsur Comercial de Acos Eireli ("Metalsur"). (ECF No. 534.) The fourth seeks default judgment against Defendants Empire Strong International Business Intermediation, LLC ("Empire Strong") and Empire Strong International Business Intermediation One, LLC ("Empire Strong One"). (ECF No. 535.) The fifth seeks default judgment against Defendants Dakar Industria De Componentes Industriais Ltda. ("Dakar"), Expobraz Export Import e Agropecuaria Ltda. ("Expobraz"), and TW Brasil Ltda. ("TW Brasil"). (ECF No. 536.) Finally, the sixth seeks default judgment against Defendants Belovix Comercio Importaçoe Exportaça Ltda. ("Belovix"), DK Assessoria e Intermediacao de Negocios ("DK Assessoria"),

[1] Plaintiff previously also sought default judgment against Defendant Braz Center Services, Inc. in this motion, but that request was later withdrawn. (*See* ECF No. 568.)

Energisom Servicos e Sonorizacao Ltda. ("Energisom"), J. Cesar Jacobsen ("Jacobsen"), Jose Henrique Maia Giacomolli Ltda. ("Giacomolli Ltda."), Lakocred Consultoria e Solucoes Ltda. ("Lakocred"), and New Segura Administracao de Imoveis Ltda. ("New Segura"). (ECF No. 537.) All told, Plaintiff seeks default judgment against fifteen defendants (collectively, the "Defaulting Defendants"). Empire Strong and Empire Strong One opposed the motion for default judgment against them (ECF No. 552) and Plaintiff replied (ECF No. 554.) None of the other defendants opposed any of the motions. The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motions for Default Judgment are **DENIED**.

## I. BACKGROUND

On April 8, 2024, Plaintiff, in his capacity as trustee of MLS Berkowitz Investments, LLC ("MLS"), filed the instant action on behalf of MLS against nearly two hundred defendants. (*See* "Compl.," ECF No. 7; *id.* ¶ 10.)[2] Plaintiff alleges that Defendant Diego Possebon ("Possebon"), a Brazilian businessman, was the "mastermind" of "a sophisticated, well-organized conspiracy involving over 100 individuals" in which MLS contracted with Possebon to purchase tin concentrate, but instead, MLS was hoodwinked into paying "nearly $50 million" for "worthless gravel dust." (*Id.* ¶¶ 1–3, 381.) Possebon then allegedly distributed his ill-gotten gains to friends, family, associates, and various corporations based across the world including the United States, Brazil, Thailand, and China. (*Id.* ¶¶ 7, 18–218, 321–78.) Plaintiff brings eighteen counts against various defendants, including a fraud claim and a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68. (*Id.* ¶¶ 379–530.)

[2] The initial complaint was filed at ECF No. 1 and was missing a single page. It was then refiled at ECF No. 7 including the missing page.

From May 21, 2024 through December 18, 2025, the Clerk entered default against Defaulting Defendants for failure to plead or otherwise defend. (*See* Docket Entries dated May 21, 2024 (BCW, Empire Strong, Empire Strong One); May 22, 2024 (Mix); August 12, 2025 (Metalsur, Jacobsen); September 9, 2025 (Dakar, Expobraz, Energisom, New Segura); October 31, 2025 (Belovix); December 18, 2025 (TW Brasil, DK Assessoria, Giacomolli Ltda., Lakocred)); *see also* Fed. R. Civ. P. 55(a). Plaintiff then moved for default judgment against Defaulting Defendants pursuant to Federal Rule of Civil Procedure 55(b). (*See* ECF Nos. 532–37.)

## II. LEGAL STANDARD

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). However, that discretion is not unbounded, and the United States Court of Appeals for the Third Circuit has a "preference" for decisions on the merits. *Id.* at 1181. Moreover, "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Mins. Imp. & Exp. Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008) (citing *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430 (E.D. Va. 2006) (relying on *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872))). This rule is "strictly applied where the liability is joint and several." *Alpine Fresh, Inc. v. Jala Trucking Corp.*, 181 F. Supp. 3d 250, 258 (D.N.J. 2016). Additionally, courts should deny default judgments when granting such a judgment "would create the risk of potentially inconsistent judgments based on identical allegations." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016).

## III. DISCUSSION

This is a multi-defendant case, and not all the defendants are in default. In fact, Possebon, the alleged "mastermind" of the entire scheme, is not in default and actively participating in the case. (Compl. ¶ 381; *see, e.g.*, ECF Nos. 600, 603, 606 (letters filed by Defendant Possebon in May and June of 2026).) Possebon plans to contest the sole alleged basis for this Court's subject matter jurisdiction over this action—exclusive federal jurisdiction over cases arising under the bankruptcy code. (*See* ECF No. 581 at 2 (disputing this Court's subject matter jurisdiction under 28 U.S.C. § 1334(a)); Compl. ¶ 219 (only asserting subject matter jurisdiction under 28 U.S.C. § 1334(a)). Because an entry of default judgment requires the court to determine that it has subject matter jurisdiction over the action, *see Purpura v. Christie*, 687 F. App'x 208, 210 n.3 (3d Cir. 2017) (per curiam), this, of course, creates "the risk of potentially inconsistent judgments," *Eteam, Inc.*, 2016 WL 54676, at *3. This fact alone is sufficient for the Court to deny the requests for default judgment. *See id.*; *United States v. 24th Street, Inc.*, No. 18-5446, 2025 WL 3180269 (D.N.J. Nov. 15, 2025).

Additionally, the liability asserted in each and every count of Plaintiff's Complaint is joint and several. (*See* Compl. ¶¶ 379–530.) In his Motions, Plaintiff seeks default judgment against at least one defendant with respect to Counts One through Nine of the Complaint. (*See* ECF No. 532 at 3; ECF No. 533 at 4; ECF No. 534 at 5; ECF No. 535 at 6; ECF No. 536 at 5; ECF No. 537 at 6.) Yet each of those counts also names a non-defaulting defendant that is actively participating in the case. (*See* Compl. ¶¶ 379–88, 395–432 (Counts One, Three, Four, and Five naming, *inter alia*, Defendant Possebon); Compl. ¶¶ 389–94 (Count Two naming, *inter alia*, Defendant Adukargo Transportes e Logistica e Servivos de Armazenagens Ltda.); ECF No. 577 (filing by Defendant Adukargo Transportes e Logistica e Servivos de Armazenagens Ltda. indicating participation);

Compl. ¶¶ 433–52 (Counts Six through Nine naming, *inter alia*, Defendant Braga Exports Inc.); ECF No. 580 (filing by Defendant Braga Exports Inc. indicating participation).) In this situation, where alleged liability is joint and several between defaulting and non-defaulting defendants, the practice of denying default judgment where not all defendants are in default is "strictly applied." *Alpine Fresh, Inc.*, 181 F. Supp. 3d at 258 (citing *Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986)). The Court follows that approach here. Accordingly, the Motions for Default Judgment are **DENIED**.[3]

Therefore, **IT IS** on this 30th day of July, 2026,

**ORDERED** that Plaintiff's Motions for Default Judgment, (ECF Nos. 532–37), are **DENIED** without prejudice, and it is further

**ORDERED** that the Clerk of the Court **TERMINATE** the Motions pending at ECF Nos. 532–37.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

[3] Because the Court denies the Motions for Default Judgment on the grounds discussed above, it need not reach the specific grounds raised by Empire Strong and Empire Strone One in their Opposition. (*See* ECF No. 552.)

The Court also notes that Plaintiff may refile these motions after there is a determination regarding the liability of the non-defaulting defendants. *See Sheet Metal Workers Loc. 22 Pension, Welfare, Annuity, Educ., Training & Indus. Funds v. Valenti*, No. 07-4576, 2009 WL 10730948, at *2 (D.N.J. Dec. 21, 2009).